UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,
    Defendant *in rem.*

Case No. 1:25-cv-02085 (CJN)

---

## ANSWER OF CLAIMANT TIMOTHY O'BRIEN TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

Claimant Timothy O'Brien, proceeding pro se, hereby answers the Verified Complaint for Forfeiture In Rem as follows:

### I. JURISDICTION AND VENUE

1. Claimant admits that the Court has jurisdiction and that venue is proper for this in rem action.

### II. CLAIMANT AND DEFENDANT PROPERTY

1. Claimant admits he maintained a BTC-e account (username "cloudhands") and claims the cryptocurrency and any other assets associated with that account.

2. Except as admitted, Claimant lacks sufficient knowledge to admit or deny the remaining allegations regarding the various properties described in the Complaint and therefore denies them. Claimant specifically denies that his funds were involved in, derived from, or used to facilitate any unlawful conduct, and denies that his claimed property is subject to forfeiture.

### III. GENERAL DENIAL

1. Except as expressly admitted above, Claimant denies each and every remaining allegation in the Verified Complaint. Claimant also denies the First and Second Claims for Relief in the Complaint (¶¶ 300–303)



RECEIVED
SEP 11 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## IV. AFFIRMATIVE DEFENSES

1. **Innocent Owner** – Claimant is an innocent owner. As the government's own Complaint alleges, BTC-e served over one million users and processed over $9 billion in transactions. Claimant used the platform like any other customer to exchange lawfully owned cryptocurrency and had no knowledge of any illegal use of the platform or his account. His interest cannot be forfeited under 18 U.S.C. § 983(d).

2. **Due Process / CAFRA Timeliness** – In light of the timeline alleged by the government (including events in 2017, 2019, 2021, and a civil filing in 2025), Claimant asserts his rights under 18 U.S.C. § 983(a) and the Fifth Amendment to a timely proceeding and seeks appropriate relief. Claimant does not concede the absence of prejudice and reserves the right to develop any prejudice showing in discovery.

3. **Lack of Substantial Connection** – The Defendant property was not used to facilitate, nor was it derived from, any criminal offense. There is no substantial connection between Claimant's funds and the alleged illegal conduct. Any transfer or holding of Claimant's funds through the BTC-e platform was for legitimate purposes, and those funds are not tainted by any offense. The government must prove a substantial connection under 18 U.S.C. § 983(c); categorical assertions that all BTC-e funds are tainted do not satisfy this requirement as to Claimant's specific property.

4. **Statute of Limitations** – This action is untimely, in whole or in part, under 19 U.S.C. § 1621, which runs from the discovery of the offense or discovery of the property's involvement (whichever is later); any tolling (e.g., property outside the U.S. or concealed) must be proven by the United States as to Claimant's specific property.

5. **Failure to State a Claim** – The Complaint does not state a claim as to Claimant's specific property because it offers no concrete, property-specific facts showing a substantial connection between Claimant's funds and any offense; broad, platform-level allegations about BTC-e and blanket assumptions about all funds are not enough. (Fed. R. Civ. P. 12(b)(6); Supp. Rule G(2)(f)).

6. **Excessive Fines** – The forfeiture of Claimant's property as demanded by the Complaint would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution. Forfeiting this property—which represents ordinary funds lawfully owned by Claimant—would be grossly disproportionate to the nature of any proven offense and would amount to an excessive penalty, especially given Claimant's lack of culpability.

*Claimant reserves the right to assert additional defenses as appropriate.*

## V. PRAYER FOR RELIEF

WHEREFORE, Claimant Timothy O'Brien respectfully requests that the Court:

1. Dismiss with prejudice the Verified Complaint for Forfeiture as it pertains to Claimant's property interest, or otherwise enter judgment in favor of Claimant, denying the forfeiture of his assets;

2. Order the return of Claimant's cryptocurrency and any other assets attributable to his BTC-e account in kind (i.e., the same types and quantities of cryptocurrency allocable to Claimant's account); or, if in-kind return is not feasible, enter judgment for a sum of money equal to the fair market value of those cryptocurrency units as of the date of return of property or entry of final judgment, together with any prejudgment and post-judgment interest permitted by law, so as to make Claimant whole;

3. Award such other and further relief as the Court deems just and proper, including any costs and fees to which Claimant may be entitled by law (e.g., under 28 U.S.C. § 2465(b)(1) if applicable).

## VI. JURY DEMAND

1. Claimant demands a trial by jury on all triable issues.

Executed on September 11, 2025 at Sterling, Massachusetts.

Respectfully submitted,

TIMOTHY O'BRIEN
Pro Se
58 Redstone Hill Rd.
Sterling, MA 01564
Telephone: (978) 621-1803
Email: tobrien6@gmail.com

**CERTIFICATE OF SERVICE**

On September 11, 2025, I served by email (after receiving permission to serve via email) a copy of this Answer to the government's attorney:

JOSHUA L. SOHN
Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005

On September 11, 2025, I served by first-class mail a copy of this Answer to the following government attorneys at the mailing addresses listed in the Complaint: Jonas Blomberg Lerman, Catherine Pelker, Claudia Quiroz.

On September 11, 2025, I served by first-class mail a copy of this Answer to the following parties at the mailing addresses listed on the docket: Edward M. Burch, Leslie Sammis, Charles R. Haskell, Daniel Sachs, Alfred Guillaume III, Alexandria Jean Smith, Nazar Fedorchuk, Hae Young Kwon, Sergey Mayzus, Tyler Finn.

On September 11, 2025, I served by email a copy of this Answer to the following parties, who confirmed that email service is acceptable: Daniel M. Smith, Betty Williams, David Benjamin Smith, Sang Rai Kang, Oleh Chechetko, Anton Samuellson, Jonas Paasch, Edward Gao.

_____   Dated: September 11, 2025
TIMOTHY O'BRIEN
Pro Se
58 Redstone Hill Rd.
Sterling, MA 01564
Telephone: (978) 621-1803
Email: tobrien6@gmail.com