UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**
    Plaintiff,
v.
**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**
    Defendants *in rem*.

**Case No. 1:25-cv-02085-CJN**

**ANSWER OF CLAIMANT EDWARD GAO TO VERIFIED COMPLAINT FOR FORFEITURE**

I, Edward Gao, a pro se claimant, submit this Answer to the Verified Complaint for Forfeiture as follows:

    **I.    JURISDICTION AND VENUE**

        1. Claimant admits that the U.S. District Court for the District of Columbia has jurisdiction over this *in rem* action under 28 U.S.C. §§ 1345 and 1355, and that venue is proper under 28 U.S.C. § 1395, based on the allegations regarding the location of the defendant property.

    **II.    CLAIMANT AND DEFENDANT PROPERTY**

        1. Claimant admits ownership interest in virtual currency held in BTC-e wallets as of July 25, 2017 under Claimant's BTC-e account (email: ed.gao@hotmail.com).

        2. Claimant lacks sufficient information to admit or deny the allegations that the virtual currency in the BTC-e operating wallets was derived from or used in illegal activities, such as money laundering under 18 U.S.C. § 981(a)(1). Claimant denies that the virtual currency in Claimant's BTC-e account (email: ed.gao@hotmail.com) was knowingly involved in any illegal activity.

        3. Claimant lacks sufficient information to admit or deny the allegations that all virtual currency in the BTC-e wallets is subject to forfeiture under 18 U.S.C. § 981. Claimant denies that the virtual currency in Claimant's BTC-e account is subject to forfeiture, as it was lawfully acquired and used.

    **III.    GENERAL DENIAL**

        1. Claimant denies each and every allegation in the Verified Complaint not specifically admitted herein.

## IV. AFFIRMATIVE DEFENSES

1. Innocent Owner Defense (18 U.S.C. § 983(d)): Claimant is an innocent owner of the virtual currency held in Claimant's BTC-e account (email: ed.gao@hotmail.com). The currency was acquired legally through lawful transactions, and Claimant had no knowledge or reason to believe it was involved in any illegal activity subject to forfeiture under 18 U.S.C. § 981.

2. Due Process Violation: The government's seizure of Claimant's virtual currency violates due process under the Fifth Amendment to the U.S. Constitution.

3. Proportionality: Forfeiture of Claimant's virtual currency would constitute an excessive and disproportionate fine under the Eighth Amendment to the U.S. Constitution.

4. Statute of Limitations: To the extent applicable, the government's claim may be barred as to Claimant's property under applicable limitations periods.

5. Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)): The Complaint does not state a claim as to Claimant's specific property because it offers no concrete, property-specific facts showing a substantial connection between Claimant's funds and any offense.

Claimant reserves the right to assert additional defenses as appropriate.

## V. PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests that the Court:

1. Dismiss with prejudice the Verified Complaint for Forfeiture as it pertains to Claimant's virtual currency held in the BTC-e account (email: ed.gao@hotmail.com), or otherwise enter judgement in favor of Claimant, denying forfeiture of his assets;

2. Order the return of Claimant's seized virtual currency in-kind (i.e., the same types and quantities of virtual currency allocable to Claimant's account); or, if in-kind return is not feasible, enter judgement for a sum of money equal to the fair market value of those virtual currency units as of the date of return of property or entry of final judgement, together with any prejudgment and post-judgment interest permitted by law, so as to make Claimant whole;

3. Grant such other relief as the Court deems just and proper, including any costs and fees to which Claimant may be entitled by law pursuant to 28 U.S.C. § 2465(b).

Dated: September 15, 2025, at Calgary, Alberta.

Respectfully submitted,

*/s/ Edward Gao*

EDWARD GAO
1717 15 St NW
Calgary, Alberta
Canada T2M 2Z4
Telephone: (403) 462-3682
Email: ed.gao@hotmail.com

## CERTIFICATE OF SERVICE

I certify that I served a copy of this Answer to the Verified Complaint for Forfeiture (Case No. 1:25-cv-02085-CJN) on the following parties on September 17, 2025:

- Joshua Lee Sohn via email at joshua.sohn@usdoj.gov
- Catherine Pelker via email at catherine.pelker@usdoj.gov
- Jonas Blomberg Lerman via email at jonas.lerman@usdoj.gov
- Edward M Burch via email at edward@michaelburchlaw.com
- Leslie Sammis via email at lsammis@sammislawfirm.com
- David Benjamin Smith via email at dbs@davidbsmithpllc.com
- Alfred Guillaume, III via email at ag3law@gmail.com.
- Daniel M. Smith via email at lsmith@sandiegodefenders.com
- Daniel Sachs via email at dsachs@brownrudnick.com
- Betty Williams via email at betty@williamslawassociates.com
- Charles R. Haskell via email at charles@charleshaskell.com
- Tyler M. Finn via email at tfinn@dynamisllp.com
- Alexandria Jean Smith via email at ajs@gdllaw.com
- Hae Young Kwon (pro se) via email at haes920@gmail.com
- Sunny Thompson via email at sthompson@swlaw.com
- Timothy O'Brien (pro se) via email at tobrien6@gmail.com
- Sang Rai Kang (pro se) via email at sangraikang@yahoo.com
- Anton Samuelsson (pro se) via email at anton.samuelsson@live.se
- Oleh Chechetko (pro se) via email at btccashpoint@gmail.com
- Jonas Paasch (pro se) via email at jonas-paasch@proton.me
- Nazar Fedorchuk (pro se) via mail at 1207 Delaware Ave Ste. 3773, Wilmington, DE 19806
- Sergey Mayzus (pro se) via mail at Na Nadvori 1, Chotoviny 39137, Czech Republic
- Olga Solodina (pro se) via mail at 33a Bogishamol, Tashkent, Uzbekistan, 100000
- Kyle Wesley Herron (pro se) via mail at 803 S. Dittman Street, Frontenac, KS 66763
- Paige N. Hopkins (pro se) via mail at 314 Oxford Road, Kenilworth, IL 60043

_____
EDWARD GAO
1717 15 St NW
Calgary, Alberta
Canada T2M 2Z4
Telephone: (403) 462-3682
Email: ed.gao@hotmail.com