UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
Mailroom

SEP 18 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

United States of America,
    Plaintiff,
v.

Case No. 1:25-cv-02085 (CJN)

All Virtual Currency Held in the BTC-E
Operating Wallets as of July 25, 2017,
and Other Assets,
    Defendants.

---

## ANSWER OF CLAIMANT HAE YOUNG KWON

Claimant Hae Young Kwon ("Claimant"), appearing pro se, respectfully submits this Answer to the Complaint for Forfeiture In Rem.

## GENERAL STATEMENT

1. Claimant filed a Verified Claim on August 25, 2025, asserting ownership and lawful interest in certain defendant property.
2. Claimant denies that Claimant's claimed property is proceeds of unlawful activity or subject to forfeiture.
3. Except as specifically admitted herein, Claimant denies each and every allegation contained in the Complaint.

## RESPONSES TO COMPLAINT PARAGRAPHS

- Paragraphs 1–3 (Jurisdiction and Venue): Claimant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355, and that venue is proper under 28 U.S.C. § 1395.
- Paragraph 4 (Description of Defendant Property): Claimant admits that BTC-E maintained operating wallets as of July 25, 2017, but denies that all virtual currency in those wallets is subject to forfeiture.
- Paragraphs 5–20 (BTC-E Background Allegations): Claimant lacks sufficient knowledge to admit or deny and therefore denies the allegations.
- Paragraphs 21–50 (Money Laundering / Traceability Allegations): Claimant specifically denies that Claimant's property is derived from or traceable to unlawful activity. Claimant's property was acquired lawfully through:
  (a) Coinbase transactions: Claimant purchased cryptocurrency using Claimant's verified Coinbase account and transferred it to Claimant's BTC-E account.

Transaction hashIDs(Exhibit D) demonstrate that the funds originated from Coinbase, a regulated exchange.
   (b) Chase Bank account: Claimant funded Claimant's Coinbase purchases using Claimant's personal Chase Bank account in Claimant's legal name. Account screenshots (Exhibit E) confirm the ownership and active status of this bank account.
 - Remaining Paragraphs: Except where consistent with Claimant's Verified Claim, Claimant denies all allegations.

## AFFIRMATIVE DEFENSES

1. Innocent Owner Defense (18 U.S.C. § 983(d))
   Claimant lawfully acquired the claimed property using Claimant's verified Coinbase account funded by Claimant's Chase Bank account, without knowledge of or reason to know of any unlawful activity.

 2. Failure to State a Claim
   The Complaint fails to establish by a preponderance of evidence that Claimant's specific property is subject to forfeiture.

 3. Due Process and Notice
   Forfeiture without recognition of Claimant's ownership interest would violate Claimant's due process rights.

 4. OtClaimant's Defenses Reserved
   Claimant reserves the right to raise additional defenses as discovery progresses.

## PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests that this Court:
 a. Deny forfeiture of the property claimed by Claimant;
 b. Recognize Claimant's lawful ownership interest;
 c. Order the return of Claimant's property; and
 d. Grant such furtClaimant's relief as the Court deems just and proper.

Dated: September 14, 2025

Respectfully submitted,

*Hae Young Kwon*

Hae Young Kwon
[173, Seongan-ro, Unit #804, Gangdong-gu, Seoul, 05338, Republic of Korea]
[haes920@gmail.com]
[+82-10-2202-4388]
Pro Se Claimant

## EXHIBIT D – COINBASE TRANSACTIONS

The following blockchain transaction hash IDs (txids) reflect cryptocurrency purchased via Claimant's verified Coinbase account and transferred to Claimant's BTC-E account. These transactions demonstrate the lawful origin of the funds and their traceability to a regulated U.S. exchange (Coinbase):

1. 03/31/2014 – txid:
   cbe56c085a9bd82876c72a1353b478f6f676aff55a23357ab9df52dbba623a92
2. 09/28/2014 – txid:
   d364f792dbc1eebfb944e19e60dc8acbcba0f917e18975e4864279b9b82e4e67
3. 12/10/2014 – txid:
   e3bac42dd2f091ff5a519fe65aec1b18c3606676bbe48def98f9fa49d8e5da98
4. 12/09/2015 – txid:
   25dd232b9b44fa590c21403f87d712ac0a9b5d60f6a86b474ed43f818012d299
5. 12/09/2015 – txid:
   376fb40cf058f18dc106919c998d0c8fc0b20085f651b0d369aeef0358b7a2f5
6. 05/26/2017 – txid:
   158b44b8c92e98cae6a8394c31e0f4afbff0b69d884e258cf1bf0beb509a3b53

All transactions originated from Claimant's Coinbase account, verified in Claimant's legal name, and funded via Claimant's Chase Bank account.

## EXHIBIT E – CHASE BANK RECORDS

Attached is a screenshot of Claimant's Chase Bank online account, which shows that:
1. The account is in the legal name of Claimant, Hae Young Kwon.
2. The account was active during the relevant time period (2016) and remains active today.
3. The screenshot confirms ownership of a Chase Bank account (account numbers partially redacted, e.g., ****8539).

Although specific transaction details are not displayed in the screenshot, Claimant affirms that this Chase Bank account was the source of funds used for cryptocurrency purchases through Coinbase. This account evidence furtClaimant's demonstrates that Claimant's assets were lawfully acquired through personal funds, not through unlawful activity.

- **Chase Bank Login Screenshot (2016)**





Printed from Chase Personal Online

- **Chase Bank Login Screenshot (2025)**

| Bank accounts | ^ |
|---|---|

**TOTAL CHECKING (...8539)** >   Transfer money   [ More ⌄ ]

**$2,346.34**
Available balance

+$0.00
Deposits this month

-$0.00
Withdrawals this month

| Credit cards | ⌄ |
|---|---|

| External accounts | ^ |
|---|---|

Link your external accounts to better organize your money, budget and plan for the future.

[ Link account ]



**Refer friends. Earn rewards.**

You can earn rewards when you refer friends and they get approved for a participating credit card.

Refer friends now >

**See all transactions**   >

Accounts   [ TOTAL CHECKING (...8539)  ⌄ ]

| Date | Description | Amount |
|---|---|---|
| Jul 14, 2025 | CHASE CREDIT CRD AUTOPAY PPD ID: 4760039224 | −$75.06 |

# MOTION FOR EXTENSION OF TIME

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America,
    Plaintiff,
v.

Case No. 1:25-cv-02085 (CJN)

All Virtual Currency Held in the BTC-E
Operating Wallets as of July 25, 2017,
and Other Assets,
    Defendants.

RECEIVED
Mailroom
SEP 18 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

---

## MOTION FOR EXTENSION OF TIME TO FILE ANSWER

Claimant Hae Young Kwon ("Claimant"), appearing pro se, respectfully moves this Court for an extension of time to file an Answer to the Complaint for Forfeiture In Rem.

### GROUNDS FOR MOTION

1. Claimant filed a Verified Claim on August 25, 2025.
2. Under Supplemental Rule G(5)(b), Claimant's Answer would ordinarily be due within 21 days thereafter.
3. Claimant resides abroad (Republic of Korea) and faces significant logistical challenges in preparing and mailing filings to the Court and to the U.S. Department of Justice within the required timeframe.
4. Due to international mailing delays, time zone differences, and the deadline coinciding with a weekend, Claimant respectfully requests additional time to complete and properly serve her Answer.
5. Granting this extension will not prejudice the Government, and will allow Claimant to assert her rights fully and fairly.

## RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that the Court grant an extension of fourteen (14) days, or such other period as the Court deems just and proper, for the filing and service of Claimant's Answer.

Dated: September 14, 2025

Respectfully submitted,

*Hae Young Kwon*

Hae Young Kwon
[173, Seongan-ro, Unit #804, Gangdong-gu, Seoul, 05338, Republic of Korea]
[haes920@gmail.com]
[+82-10-2202-4388]
Pro Se Claimant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America,
    Plaintiff,
v.

Case No. 1:25-cv-02085 (CJN)

All Virtual Currency Held in the BTC-E
Operating Wallets as of July 25, 2017,
and Other Assets,
    Defendants.

RECEIVED
Mailroom
SEP 18 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

## MOTION FOR LEAVE TO FILE ELECTRONICALLY

Claimant, Hae Young Kwon ("Claimant"), appearing pro se, respectfully moves this Court for leave to file documents electronically in the above-captioned matter through the Court's CM/ECF system.

### GROUNDS FOR MOTION

1. Claimant is a pro se litigant residing abroad in the Republic of Korea.
2. Due to international mailing delays and the time-sensitive nature of filings in this civil forfeiture case, Claimant seeks permission to use the Court's CM/ECF electronic filing system to ensure timely submissions.
3. Claimant has already submitted filings by email to the Pro Se Filing Unit to meet deadlines and seeks to formalize electronic filing access.
4. Granting electronic filing privileges will reduce burdens on both the Court and Claimant, and will allow more efficient service of documents on all parties.
5. Claimant understands that, if granted leave, she must comply with all rules and procedures governing electronic filing and service, including maintaining an active email address.
6. Claimant will continue to serve government counsel electronically as required.

### PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests that this Court grant her leave to file and serve documents electronically in this matter, and grant such other relief as the Court deems just and proper.

Dated: September 14, 2025

Respectfully submitted,

*Hae Young Kwon*

Hae Young Kwon
[173, Seongan-ro, Unit #804, Gangdong-gu, Seoul, 05338, Republic of Korea]
[haes920@gmail.com]
[+82-10-2202-4388]
Pro Se Claimant

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2025, I served a true and correct copy of the foregoing Motion for Leave to File Electronically by email and international courier upon the following:

Clerk's Office
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
Email: ~~prosefiling@dcd.uscourts.gov~~ dcd_intake@dcd.uscourts.gov

Joshua L. Shon, Trial Attorney
U.S. Department of Justice
Criminal Division, MLARS
1400 New York Avenue, N.W.
Washington, D.C. 20005

*Hae Young Kwon*

Hae Young Kwon
Pro Se Claimant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America,
    Plaintiff,
v.

Case No. 1:25-cv-02085 (CJN)

All Virtual Currency Held in the BTC-E
Operating Wallets as of July 25, 2017,
and Other Assets,
    Defendants.

RECEIVED
Mailroom

SEP 18 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

---

Dear Clerk and Counsel:

Enclosed please find Exhibit F – the Memorandum of Deputy Attorney General Todd Blanche (April 7, 2025). This memorandum addresses the Department of Justice's policy guidance on digital asset forfeiture and victim compensation. Claimant respectfully requests that Claimant's claim be reviewed in light of this guidance to ensure that the principles of fairness, volatility considerations, and equitable compensation set forth in the memorandum are applied in this case.

Hard copies with original signatures are being sent by international courier. Copies have also been transmitted via email for timely service.

Thank you for your consideration.

Respectfully submitted,

*Hae Young Kwon*
Hae Young Kwon
Pro Se Claimant



**U.S. Department of Justice**

Office of the Deputy Attorney General

---

The Deputy Attorney General

Washington, D.C. 20530

April 7, 2025

MEMORANDUM FOR ALL DEPARTMENT EMPLOYEES

FROM:  THE DEPUTY ATTORNEY GENERAL

SUBJECT:  Ending Regulation By Prosecution

The digital assets industry is critical to the Nation's economic development and innovation. Thus, as noted in Executive Order 14178, clarity and certainty regarding enforcement policy "are essential to supporting a vibrant and inclusive digital economy and innovation in digital assets." President Trump has also made clear that "[w]e are going to end the regulatory weaponization against digital assets."

The Department of Justice is not a digital assets regulator. However, the prior Administration used the Justice Department to pursue a reckless strategy of regulation by prosecution, which was ill conceived and poorly executed. The Justice Department will no longer pursue litigation or enforcement actions that have the effect of superimposing regulatory frameworks on digital assets while President Trump's actual regulators do this work outside the punitive criminal justice framework. Rather, consistent with President Trump's directives and the Justice Department's priorities, the Department's investigations and prosecutions involving digital assets shall focus on prosecuting individuals who victimize digital asset investors, or those who use digital assets in furtherance of criminal offenses such as terrorism, narcotics and human trafficking, organized crime, hacking, and cartel and gang financing.[1]

### I.  Digital Assets Enforcement Priorities

Executive Order 14178 tasks the Justice Department and others with "protecting and promoting" (1) "the ability of individual citizens and private-sector entities alike to access and use for lawful purposes open public blockchain networks without persecution"; and (2) "fair and open access to banking services for all law-abiding individual citizens and private-sector entities alike." In response to those taskings, the Justice Department will stop participating in regulation by prosecution in this space. Specifically, the Department will no longer target virtual currency exchanges, mixing and tumbling services, and offline wallets for the acts of their end users or unwitting violations of regulations—except to the extent the investigation is consistent with the priorities articulated in the following paragraphs.

---

[1] This guidance is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

Memorandum from the Deputy Attorney General  
Subject: Ending Regulation By Prosecution

Page 2

The policy outlined in Executive Order 14178 requires the Justice Department to prioritize investigations and prosecutions that involve conduct victimizing investors, including embezzlement and misappropriation of customers' funds on exchanges, digital asset investment scams, fake digital asset development projects such as rug pulls, hacking of exchanges and decentralized autonomous organizations resulting in the theft of funds, and exploiting vulnerabilities in smart contracts. Such enforcement actions are important to restoring stolen funds to customers, building investor confidence in the security of digital asset markets, and the growth of the digital asset industry.

Pursuant to the "total elimination" policy set forth in Executive Order 14157, entitled *Designating Cartels and Other Organizations as Foreign Terrorist Organizations and Specially Designated Global Terrorists*, the Justice Department will also prioritize cases involving use of digital assets in furtherance of unlawful conduct by cartels, Transnational Criminal Organizations, Foreign Terrorist Organizations, and Specially Designated Global Terrorists. For example, cartels and human trafficking and smuggling rings have increasingly turned to digital assets to fund their operations and launder the proceeds of their illicit businesses. The same is true of fentanyl production: increasingly dangerous precursors purchased from China and used in the production of fentanyl in Central and South America are often paid for using digital assets. Terrorist groups, such as Hamas and ISIS, and nation states subject to US sanctions, like North Korea, also continue to transact using digital assets in an attempt to conceal their financing from law enforcement. As part of the Justice Department's ongoing work against fentanyl trafficking, terrorism, cartels, and human trafficking and smuggling, the Department will pursue the illicit financing of these enterprises by the individuals and enterprises themselves, including when it involves digital assets, but will not pursue actions against the platforms that these enterprises utilize to conduct their illegal activities.

Ongoing investigations that are inconsistent with the foregoing should be closed. The Office of the Deputy Attorney General will work with the Criminal Division and EOUSA to review ongoing cases for consistency with this policy. All previously issued policies and directives that are inconsistent with any of the foregoing are rescinded, effective today.

### II. Digital Assets Charging Considerations

Based on the foregoing priorities—while charging decisions must be based upon the facts and evidence of each particular case—federal prosecutors are directed to consider the following factors when deciding whether to pursue criminal charges involving digital assets:

Prosecutors shall prioritize cases that hold accountable individuals who (a) cause financial harm to digital asset investors and consumers; and/or (b) use digital assets in furtherance of other criminal conduct, such as fentanyl trafficking, terrorism, cartels, organized crime, and human trafficking and smuggling. Seeking accountability from individuals who perpetrate these types of wrongdoing deters future illegal activity, compensates victims, and promotes the public's confidence in the digital asset markets and broader industry. On the other hand, criminal matters premised on regulatory violations resulting from diffuse decisions made at lower levels of digital asset companies often fail to advance the priorities of the Department.

Prosecutors should not charge regulatory violations in cases involving digital assets—including but not limited to unlicensed money transmitting under 18 U.S.C. § 1960(b)(1)(A) and (B), violations of the Bank Secrecy Act, unregistered securities offering violations, unregistered

Memorandum from the Deputy Attorney General  
Subject: Ending Regulation By Prosecution

Page 3

broker-dealer violations, and other violations of registration requirements under the Commodity Exchange Act—unless there is evidence that the defendant knew of the licensing or registration requirement at issue and violated such a requirement willfully. This priority is not required by law, but is being imposed as a matter of discretion, in recognition of the Justice Department's priorities and the fact that the Biden Administration created a particularly uncertain regulatory environment around digital assets.[2]

Prosecutors should not charge violations of the Securities Act of 1933, the Securities Exchange Act of 1934, the Commodity Exchange Act, or the regulations promulgated pursuant to these Acts, in cases where (a) the charge would require the Justice Department to litigate whether a digital asset is a "security" or "commodity," and (b) there is an adequate alternative criminal charge available, such as mail or wire fraud. The following types of positions are permissible under this policy in connection with proposed prosecutions that would otherwise be consistent with the guidance in this memorandum: (i) taking the position that bitcoin or ether is a "commodity" under the Commodity Exchange Act; and (ii) filing securities fraud charges where the "security" at issue is the equity or stock in a digital asset company. Any exceptions to this policy must be approved by the Deputy Attorney General, or his designee(s). Relevant considerations for such an exception include whether the digital asset is widely accepted to be a "security" or "commodity," whether the parties to the litigation have an interest in defending the position that a digital asset is a "security" or "commodity," and whether there is no alternative criminal charge under Title 18.

### III. Compensating Victims In The Digital Assets Space

Following the prolonged period of price decline in the digital asset market in 2022, multiple companies with custody of investors' digital assets collapsed and entered bankruptcy, including FTX, Voyager Digital, Celsius Network, Genesis Global, BlockFi, and Gemini Trust. In some instances, investor losses have been directly attributable to fraud and theft. In those cases, and others, prosecutors have been able to forfeit proceeds of criminal activity including digital assets that in some instances became worth billions of dollars. However, as a result of regulations, some digital asset investor victims have only been able to recover the value of their digital assets at the time the fraud was perpetrated. *See* 28 C.F.R. § 9.8(c). The effect: digital asset investors' losses may be calculated at a value when the digital asset market was at a lower point, and victims who bore the risk of loss are unable to benefit from corresponding gains that occurred during or after the period in which they were victimized and would otherwise have possessed the asset. Accordingly, the Office of Legal Policy and the Office of Legislative Affairs are directed to evaluate and propose legislative and regulatory changes to address this concern and improve asset-forfeiture efforts in the digital assets space.

---

[2] This guidance does not reflect a view by the Department that the criminal offense set forth in 18 U.S.C. § 1960 requires proof of willfulness in other contexts, and it casts no doubt on existing case law. Moreover, 18 U.S.C. § 1960(b)(1)(C) requires that the transmission of funds "are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity," and is therefore outside the scope of this policy.

Memorandum from the Deputy Attorney General                                                                      Page 4
Subject: Ending Regulation By Prosecution

### IV.   Shifting Resources Relating To Digital Assets

U.S. Attorneys' Offices will use long-recognized criminal justice tools to lead appropriate prosecutions consistent with the foregoing enforcement priorities and charging consideration. Consistent with the narrowing of the enforcement policy relating to digital assets, the Market Integrity and Major Frauds Unit shall cease cryptocurrency enforcement in order to focus on other priorities, such as immigration and procurement frauds. The National Cryptocurrency Enforcement Team (NCET) shall be disbanded effective immediately. The Criminal Division's Computer Crime and Intellectual Property Section (CCIPS) will continue to provide guidance and training to Department personnel and serve as liaisons to the digital asset industry.

### V.   The President's Working Group on Digital Asset Markets

The Justice Department will fully participate in President Trump's Working Group on Digital Asset Markets, which was established in Executive Order 14178, via attorneys designated by the Justice Department's senior leadership. As directed by President Trump, the Department's designees will identify and make recommendations regarding regulations, guidance documents, orders, or other items that affect the digital asset sector. Additionally, the Department will participate in the preparation of a report to President Trump recommending regulatory and legislative proposals that advance the policies and priorities set forth in the President's Executive Order. Following the submission of the report, the Justice Department will take all steps necessary to implement the recommendations in the report that President Trump adopts.

# U.S. DISTRICT COURT
## DISTRICT OF COLUMBIA

### PRO SE CONSENT TO RECEIVE NOTICES OF ELECTRONIC FILING

**CHECK ONLY ONE BOX FOR THE APPLICABLE SECTION BELOW:**

[✓] **INITIAL REQUEST:** (Check this box to begin receiving notices of electronic filing)

I understand that I waive my right to receive service of documents by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E)

I understand that I will be sent notices of electronic filing via e-mail and upon receipt of a notice, I will be permitted **ONE** "free look" at the document by clicking on the hyperlinked document number, at which time I should print or save the document to avoid further charges. The **ONE** "free look" will expire in 15 days from the date the notice was sent. After the **ONE** "free look" is used or expired, the document can be accessed by me through PACER (Public Access to Court Electronic Records) and I may be charged to view the document or for FREE by using the public terminals at the Clerk's Office.

I understand that it is strongly recommended that I establish a PACER account by visiting the PACER website at www.pacer.gov, which will allow me to view, print, and download documents at any time for a nominal fee.

The e-mail address I provided below is valid and I understand I am responsible for checking it on a regular basis. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address.

I understand that electronic service does not allow me to file documents electronically and does not mean that I can serve documents by e-mail. I must continue to file all communications regarding my case in paper copy with the Court and serve the opposing party.

I understand that I must file a consent in each case in which I wish to receive electronic service and that electronic service is not available in Social Security or Immigration cases or for incarcerated litigants.

[ ] **UPDATE TO INFORMATION:** (Check this box to make changes to your email address)

I have a new email address as indicated below.

[ ] **REQUEST TO DEACTIVATE ELECTRONIC NOTICING:** (Check this box to request deactivate electronic noticing)

I request deactivation of electronic noticing. I understand that by deactivating my account, I will begin receiving all filings via U.S. mail instead of email.

I understand that I will continue to receive electronic notices until such time as the Court has deactivated my account.

*I am a pro se party and I have read the applicable section check-marked above and understand and agree to the terms and conditions set forth therein. The U.S. District Court bears no liability for errors resulting from the information I have submitted on this form.*

Signature: **Hae Young Kwon**    Date: 09-14-2025

Printed Name: Hae Young Kwon    Case No: 1:25-cv-02085 (CJN)

Home Address: 173, Seongan-ro, Unit #804, Gangdong-gu, Seoul, 05338, Republic of Korea

My Email Address is: haes920@gmail.com

RETURN THE FORM VIA MAIL OR IN PERSON TO:
The Clerk's Office
U.S. District Court
333 Constitution Ave. NW, Room 1225
Washington, DC 20001

RECEIVED Mailroom SEP 18 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

Legal Documents - No commercial Value.



1588-1300
www.epost.kr