UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br><br>*Defendants in rem*.<br><br>MICHAEL LADERMAN,<br><br>*Claimant*. | Case No. 1:25-CV-02085 |

### MOTION FOR LEAVE TO FILE A LATE VERIFIED CLAIM FOR SEIZED PROPERTY

Michael Laderman ("Claimant"), by and through his attorneys, respectfully moves this Court for an order granting him leave to file a Verified Claim for Seized Property after the September 2, 2025 deadline set forth in Supplemental Rule G of the Federal Rules of Civil Procedure.

### INTRODUCTION

Good cause exists to grant Claimant leave to file an untimely claim for his ownership interest in the seized defendant property. Claimant did not learn that the government had instituted forfeiture proceedings related to the cryptocurrency that he held in a BTC-E wallet until September 19, 2025—17 days after the September 2, 2025 deadline. He only learned about those proceedings

1

when saw a post on the internet site Reddit about the Complaint filed in this Action. Claimant promptly retained counsel and prepared his claim. That claim is attached as Exhibit 1.

Claimant did not receive any actual notice of the forfeiture of his property by the government until September 19, 2025. The government did not provide Claimant with direct notice. Nor was he served with the Complaint. The government instead effected notice via publication on Forfeiture.gov, on July 4, 2025. Claimant was not aware of that publication. Nor was he aware of the existence of an official internal governmental forfeiture website. The government will suffer no prejudice if Claimant is permitted to file a claim 24 days after the deadline. This matter is in its infancy, no discovery has been taken, and no decisions have been made been made as to the merits of the government's forfeiture. Accordingly, Claimant respectfully requests that he be granted leave to file the attached claim.

## **LEGAL STANDARD**

18 U.S.C. § 983(a)(4)(a) establishes that "[i]n any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." Supplemental Rule G, in turn, "governs a forfeiture action in rem arising from a federal statute." Fed. R. Civ. P., Supp. R. G(1). As relevant here, Rule G requires a claimant to file a claim "no later than 60 days after the first day of publication of an official government forfeiture site," unless "the court for good cause sets a different time." Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B).

It is "well-established that forfeiture statutes are strictly construed against the government," *United States v. $493,850.00 in U.S. Currency,* 518 F.3d 1159, 1169 (9th Cir. 2008) (internal quotation marks omitted). Courts in this district have recognized that they "may excuse some

minor procedural failings so long as the underlying goals of the Supplemental Rules are not frustrated." *United States v. Three Sums Totaling $612,168.23 in Seized United States Currency*, 2021 WL 2255310, at *6 (D.D.C. June 3, 2021) (international quotation marks omitted).

Whether good cause exists to extend the deadlines set forth in Rule G depends on the following "discretionary factors": (1) "the time at which the claimant became aware of the seizure;" (2) "whether the government encouraged the delay;" (3) "the reasons proffered for the delay"; (3) "whether the claimant has advised the Court and the government of her interest in the defendant property before the claim deadline"; (4) "whether the government would be prejudiced by allowing the late filing"; and (5) "whether the claimant timely petitioned for an enlargement of time." *United States v. $83,686.00 in U.S. Currency Seized from Suntrust Account No. 1000018120112*, 498 F. Supp. 2d 21, 24 (D.D.C. 2007) (cleaned up).

## ARGUMENT

Good cause exists to grant Claimant leave to make an untimely claim for his seized property because the balance of discretionary factors tips in his favor. First and foremost, Claimant had no knowledge that his cryptocurrency holdings were subject to government forfeiture proceedings until the deadline for filing a claim had already passed. *See* Declaration of Michael Laderman ("Laderman Decl.") ¶¶ 5-7. Claimant's ignorance of the seizure is attributable to the government's decision to publish notice on an official website rather than attempting to contact potential claimants directly. The government's form of notice may have complied with Supplemental Rule G, but it also "encouraged the delay" in the submission of Claimant's claim. *$83,686.00 in U.S. Currency*, 498 F. Supp. 2d at 24. It was only by happenstance that Claimant became aware of these proceedings, when he stumbled upon a post about this case on the internet website Reddit. *Id.* ¶ 6. As soon as he became aware that there was an opportunity to make a claim

to his property, he retained counsel and prepared his claim. *Id.* ¶ 8. Accordingly, the first three factors weigh in favor of granting Claimant's motion. *$83,686.00 in U.S. Currency*, 498 F. Supp. 2d at 24.

Under these circumstances, Claimant had no ability to advise the Court or the government that he had an interest in the seized property. *Id.* Nor could have made a timely petition for an extension of the deadline. *Id.* Permitting Claimant to file 24 days late because he was ignorant of forfeiture proceedings will in no way frustrate "the underlying goals of the Supplemental Rules"— which are the prevention of "frivolous claims by ensuring that putative claimants come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may hear all interested parties and resolve the dispute without delay." *United States v. Funds From Prudential Sec.*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004). To the contrary, granting Claimant's motion is entirely consistent with those goals. And other courts have permitted claimants to file late even when they knew "of the seizure on the date it occurred." *United States v. Approximately $35,860.00 In U.S. Currency*, 2024 WL 4392785, at *2 (M.D. Fla. Oct. 3, 2024) (denying motion to strike claim filed 29 days past the deadline).

The Government will suffer no prejudice if Claimant submits his claim 24 days late. *See $83,686.00 in U.S. Currency*, 498 F. Supp. 2d at 24 ("[T]he government does not contend that it has been substantially prejudiced by the fact that the claimant filed her verified claim one month late, nor could it credibly do so."); *United States v. Contents of Account XXX1506*, 2013 WL 271740, at *3 & n.1 (S.D. Ohio Jan. 24, 2013) (permitting claimant to file 36 days late). Only 24 days have elapsed since the claim deadline. This case has just begun. None of the other verified claims have been adjudicated. None of the key issues to Claimant's claim—namely the forfeitability of the property and the applicability of the "innocent owner" defense—have been

decided. *Cf. United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1119 (9th Cir. 2004) (finding that the government would be prejudiced by claim filed one year into litigation after "several issued had been definitively resolved by the district court").

## CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Court grant him leave to file an untimely claim for the government's seizure of his property.

Dated: September 26, 2025

                                                    Respectfully submitted,

                                                   */s/ Tyler Finn*
                                                   **DYNAMIS LLP**
                                                   Tyler Finn (*Pro Hac Vice*)
                                                   11 Park Place, 4th Floor
                                                   New York, New York 10007
                                                   (212) 204-2757
                                                   tfinn@dynamisllp.com

                                                   *Attorney for Claimant Michael Laderman*