RECEIVED
Mailroom
OCT 15 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America, Plaintiff,

v.

All Virtual Currency Held in the BTC-e Operating Wallets as of July 25, 2017, and Other Assets Further Described Herein, Defendants *in rem*.

Civil Action No. **1:25-cv-02085-CJN**

Hon. Carl J. Nichols

# ANSWER OF RADOMÍR POLÁCH (a/k/a RADOMIR POLACH) TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Radomír Polách (a/k/a Radomir Polach) ("Claimant"), appearing *pro se*, files this Answer to the Government's Verified Complaint for Forfeiture *in rem* and states as follows. **Except as expressly admitted herein, Claimant denies each and every allegation of the Complaint.**

**1. Jurisdiction, Venue, and Statutory Basis (¶¶ 1–9).** Claimant **admits** that this Court has subject-matter jurisdiction over this action. Pursuant to Fed. R. Civ. P. 8(b)(5), Claimant **lacks knowledge or information sufficient to form a belief** as to the remaining jurisdictional and venue allegations and therefore **denies** them to that extent.

**2. Parties and Property Descriptions (¶¶ 10–11).** Claimant admits only that he is a former lawful customer of BTC-e.com and held cryptocurrency balances there prior to the July 25, 2017 seizure. Claimant denies that his specific property constitutes proceeds of crime or was used to facilitate criminal conduct and denies that the Government is entitled to forfeit his balances.

**3. General and Factual Allegations (¶¶ 12–299).** Claimant **denies** the material allegations except as expressly admitted. Claimant specifically denies that the BTC-e exchange, as used by him, constituted or furthered an unlicensed money-transmitting business or money-laundering conspiracy. Claimant had no knowledge of, participation in, or benefit from any alleged criminal activity described in the Complaint. Claimant is and has always been an innocent owner of the following balances that remained unrecovered after BTC-e's shutdown: **0.96850922 BTC, 156.95161535 LTC, and 0.96850923 BCH.**

4. **First and Second Claims for Relief (¶¶ 300–303).** Claimant **denies** that the Defendant Properties, or any portion attributable to him, were involved in or traceable to violations of 18 U.S.C. §§ 1956 or 1960. Claimant affirmatively states that his property was lawfully obtained and used solely for legitimate personal investment and trading.

## AFFIRMATIVE DEFENSES

1. **Innocent Owner – 18 U.S.C. § 983(d).** Claimant was an innocent owner of the cryptocurrency held on BTC-e. He neither knew of nor consented to any alleged illegal conduct giving rise to the forfeiture.

2. **Lack of Notice / Excusable Neglect.** Claimant never received direct or effective notice of the forfeiture proceedings at his BTC-e account email or residence in the Czech Republic. He learned of this case only recently through public information and acted promptly thereafter. Accordingly, any delay in filing his Verified Claim is excusable.

3. **Due Process and Excessive Forfeiture.** Forfeiture of Claimant's legitimately owned funds would violate the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

4. **Failure to Establish Forfeiture Nexus.** The Government bears the burden under 18 U.S.C. § 983(c) to prove by a preponderance of the evidence that the specific property is subject to forfeiture. Claimant asserts that no such nexus exists between his property and the offenses alleged.

5. **No Substantial Connection — 18 U.S.C. § 983(c)(3).** The United States cannot prove by a preponderance of the evidence that Claimant's specific property was used to commit or facilitate any offense, or that there is a "substantial connection" between Claimant's property and any offense.

6. **Disproportionality — 18 U.S.C. § 983(g).** Forfeiture of Claimant's legitimately owned funds would be grossly disproportionate to the gravity of the alleged offense(s). Claimant seeks a proportionality determination under § 983(g) if necessary.

7. **Statute of Limitations.** The claims are barred in whole or in part by the applicable statute(s) of limitations, including 19 U.S.C. § 1621, and any other limitations periods applicable to civil forfeiture under 18 U.S.C. § 981 and related statutes.

8. **Pleading Particularity / Failure to State a Claim (Reserved).** To the extent applicable, Claimant reserves defenses based on failure to state a claim and insufficiency under Supplemental Rule G(2).

9. **Other Defenses Reserved.** Claimant reserves the right to raise any additional defenses available under 18 U.S.C. § 983, Supplemental Rule G, and the Federal Rules of Civil Procedure, including lack of standing as to properties not related to his account.

## JURY DEMAND

Claimant demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests that the Court:

1. Deny forfeiture of Claimant's property;

2. Recognize Claimant as an innocent owner and order **release and return of his specific cryptocurrency**, or, to the extent the property was liquidated or is otherwise unavailable, **return of the traceable proceeds and/or substitute res** attributable to his property; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: 6 October 2025

_____

Radomír Polách (a/k/a Radomir Polach)
Pro Se
Babická 2534/15 C
785 01 Šternberk
Czech Republic
mail@radomirpolach.cz
+420 606 182 741