UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America,
Plaintiff,

v.

All Virtual Currency Held in the BTC-e Operating Wallets as of July 25, 2017, and Other Assets Further Described Herein,
Defendant.

Civil Action No. 1:25-cv-02085

**ANSWER OF CLAIMANT NAZAR FEDORCHUK**

Claimant Nazar Fedorchuk ("Claimant"), appearing pro se, answers the Verified Complaint for Forfeiture In Rem as follows:

1. Pursuant to Fed. R. Civ. P. 8(b)(3), Claimant generally denies the allegations of the Complaint to the extent they allege that the Defendant property is subject to forfeiture, and demands strict proof thereof as required by law. To the extent any allegation is not expressly admitted, it is denied.

2. Claimant asserts a lawful ownership/possessory interest in 1.3609 BTC held for Claimant on the BTC-e exchange (account login "nazarf", email nazar.fedorchuk@gmail.com) that is part of and/or traceable to the Defendant property.

3. Affirmative and other defenses preserved (without limitation and subject to amendment):

  a. Innocent owner / lack of knowledge or consent; lack of involvement in or contribution to any alleged offense.

  b. Lack of nexus between Claimant's 1.3609 BTC and any specified unlawful activity.

  c. Due process and notice defenses as applicable.

  d. Excessive Fines Clause proportionality (U.S. Const. amend. VIII), to the extent applicable.

  e. Statute of limitations and laches to the extent applicable.

  f. Failure to state a claim upon which forfeiture may be granted, to the extent applicable.

g. Reservation of all defenses under Supplemental Rule G and the Federal Rules of Civil Procedure.

4. Relief requested. Claimant requests that the Court deny forfeiture as to Claimant's interest and order the return of 1.3609 BTC in kind to the extent practicable; if the specific property is unavailable, Claimant requests the return of the proceeds or substitute res, together with such further relief as the Court deems just and proper.

5. No waiver / parallel administrative petition. This Answer is filed without prejudice to Claimant's pending Petition for Remission/Mitigation under 28 C.F.R. Part 9 and does not waive any rights, remedies, or valuation arguments in the administrative process.

## JURY DEMAND

Claimant demands a trial by jury on all issues so triable.

Date: October 9, 2025

**Respectfully submitted,**

_____
Nazar Fedorchuk, pro se

Mailing/Service (U.S.): 1207 Delaware Ave., Ste 3773, Wilmington, DE 19806

**Email** (Rule 5(b)(2)(E) consent): **nazar.fedorchuk@gmail.com**

Phone: +1-347-797-6143
       +380 67 77 00 393

## CERTIFICATE OF SERVICE

I certify that on October 9, 2025, I served a true and correct copy of the foregoing Answer of Claimant Nazar Fedorchuk by UPS upon:

Joshua L. Sohn, Trial Attorney, MLARS
U.S. Department of Justice
1400 New York Ave NW, Room 266
Washington, DC 20005
Email (courtesy): joshua.sohn@usdoj.gov

_____
Nazar Fedorchuk

Date: October 9, 2025