UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br><br>*Defendants in rem*.<br><br>PATRICIA MOORE,<br><br>*Claimant*. | Case No. 1:25-CV-02085 |

### MOTION FOR LEAVE TO FILE A LATE VERIFIED CLAIM FOR SEIZED PROPERTY

Patricia Moore ("Claimant"), by and through her attorneys, respectfully moves this Court for an order granting her leave to file a Verified Claim for Seized Property after the September 2, 2025 deadline set forth in Supplemental Rule G of the Federal Rules of Civil Procedure.

### INTRODUCTION

Good cause exists to grant Claimant leave to file an untimely claim for her ownership interest in the seized defendant property. Claimant did not learn that the government had instituted forfeiture proceedings related to the cryptocurrency that she held in a BTC-E wallet until November 7, 2025—well past the September 2, 2025 deadline. She only learned about these proceedings by happenstance. While looking up an old password to access her bank account, she saw reference to an old cryptocurrency exchange account. Out of curiosity, she performed a

1

Google search for "btc-e lawsuit" and came across a post about this lawsuit by Dynamis LLP, the undersigned counsel. Claimant promptly retained counsel and prepared her claim. That claim is attached as Exhibit 1.

Claimant did not receive any actual notice of the forfeiture of her property by the government until November 7, 2025. The government did not provide Claimant with direct notice. Nor was she served with the Complaint. The government instead effected notice via publication on Forfeiture.gov, on July 4, 2025. Claimant was not aware of that publication. Nor was she aware of the existence of an official internal governmental forfeiture website. The government will suffer no prejudice if Claimant is permitted to file a claim 76 days after the deadline. This matter remains in its infancy, no discovery has been taken, and no decisions have been made been made as to the merits of the government's forfeiture. Accordingly, Claimant respectfully requests that she be granted leave to file the attached claim.

## LEGAL STANDARD

18 U.S.C. § 983(a)(4)(a) establishes that "[i]n any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." Supplemental Rule G, in turn, "governs a forfeiture action in rem arising from a federal statute." Fed. R. Civ. P., Supp. R. G(1). As relevant here, Rule G requires a claimant to file a claim "no later than 60 days after the first day of publication of an official government forfeiture site," unless "the court for good cause sets a different time." Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B).

It is "well-established that forfeiture statutes are strictly construed against the government," *United States v. $493,850.00 in U.S. Currency,* 518 F.3d 1159, 1169 (9th Cir. 2008) (internal

quotation marks omitted). Courts in this district have recognized that they "may excuse some minor procedural failings so long as the underlying goals of the Supplemental Rules are not frustrated." *United States v. Three Sums Totaling $612,168.23 in Seized United States Currency*, 2021 WL 2255310, at *6 (D.D.C. June 3, 2021) (international quotation marks omitted).

Whether good cause exists to extend the deadlines set forth in Rule G depends on the following "discretionary factors": (1) "the time at which the claimant became aware of the seizure;" (2) "whether the government encouraged the delay;" (3) "the reasons proffered for the delay"; (3) "whether the claimant has advised the Court and the government of his interest in the defendant property before the claim deadline"; (4) "whether the government would be prejudiced by allowing the late filing"; and (5) "whether the claimant timely petitioned for an enlargement of time." *United States v. $83,686.00 in U.S. Currency Seized from Suntrust Account No. 1000018120112*, 498 F. Supp. 2d 21, 24 (D.D.C. 2007) (cleaned up).

## ARGUMENT

Good cause exists to grant Claimant leave to make an untimely claim for her seized property because the balance of discretionary factors tips in her favor. First and foremost, Claimant had no knowledge that her cryptocurrency holdings were subject to government forfeiture proceedings until the deadline for filing a claim had already passed. *See* Declaration of Patricia Moore ("Moore Decl.") ¶¶ 11-15. Immediately after a Government seizure noticed appeared on the BTC-e website, Claimant engaged in significant efforts to recover her property. In September 2017, Claimant mailed seized asset claim forms and/or petitions for remission or mitigation to seven different government agencies, including the United States Department of Justice. *Id.* ¶ 5. Claimant received no response from those agencies. *Id.* ¶ 6. Undeterred, Claimant wrote to her elected representatives and made FOIA requests to those same government agencies. *Id.* ¶¶ 7, 9.

Claimant received no substantive responsive. *Id.* ¶¶ 8-9. At that point, Claimant reasonably believed that her property was gone. She had no knowledge that formal forfeiture proceedings had begun until her curiosity led her to perform a Google search for "btc-e lawsuit." *Id.* ¶¶ 10-13. Claimant's ignorance of the seizure is attributable to the government's decision to publish notice on an official website rather than attempting to contact potential claimants directly. The government's form of notice may have complied with Supplemental Rule G, but it also "encouraged the delay" in the submission of Claimant's claim. *$83,686.00 in U.S. Currency*, 498 F. Supp. 2d at 24. As soon as she became aware that there was an opportunity to make a claim to her property, she retained counsel and prepared her claim. Moore Decl. ¶ 14. Accordingly, the first three factors weigh in favor of granting Claimant's motion. *$83,686.00 in U.S. Currency*, 498 F. Supp. 2d at 24.

Under these circumstances, Claimant had no ability to advise the Court or the government that she had an interest in the seized property. *Id.* Nor could she have made a timely petition for an extension of the deadline. *Id.* Permitting Claimant to file 76 days late because she was ignorant of forfeiture proceedings will in no way frustrate "the underlying goals of the Supplemental Rules"—which are the prevention of "frivolous claims by ensuring that putative claimants come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may hear all interested parties and resolve the dispute without delay." *United States v. Funds From Prudential Sec.*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004). To the contrary, granting Claimant's motion is entirely consistent with those goals. And other courts have permitted claimants to file late even when they knew "of the seizure on the date it occurred." *United States v. Approximately $35,860.00 In U.S. Currency*, 2024 WL 4392785, at *2 (M.D. Fla. Oct. 3, 2024) (denying motion to strike claim filed 29 days past the deadline).

The Government will suffer no prejudice if Claimant submits her claim 76 days late. *See $83,686.00 in U.S. Currency*, 498 F. Supp. 2d at 24 ("[T]he government does not contend that it has been substantially prejudiced by the fact that the claimant filed his verified claim one month late, nor could it credibly do so."); *United States v. Contents of Account XXX1506*, 2013 WL 271740, at *3 & n.1 (S.D. Ohio Jan. 24, 2013) (permitting claimant to file 36 days late). Only 76 days have elapsed since the claim deadline. For 43 of those days, this case was effectively stalled because of the lapse in federal government appropriations. None of the other verified claims have been adjudicated. None of the key issues to Claimant's claim—namely the forfeitability of the property and the applicability of the "innocent owner" defense—have been decided. *Cf. United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1119 (9th Cir. 2004) (finding that the government would be prejudiced by claim filed one year into litigation after "several issued had been definitively resolved by the district court").

## CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Court grant her leave to file an untimely claim for the government's seizure of her property.

Dated: November 18, 2025

Respectfully submitted,

*/s/ Tyler Finn*
**DYNAMIS LLP**
Eric S. Rosen (Bar No. NY0671)
Tyler Finn (*Pro Hac Vice*)
11 Park Place, 4th Floor
New York, New York 10007
(212) 204-2757
erosen@dynamisllp.com
tfinn@dynamisllp.com

*Attorney for Claimant Patricia Moore*