**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA**,**

        Plaintiff,

v.

ALL VIRTUAL CURRENCY HELD IN THE BTC-e OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS,

        Defendant *in rem*.

Remco Hereijgers

        *Pro se* Claimant

**COMBINED FILING: PRO SE STATEMENT, ANSWER AND MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME OF CLAIMANT REMCO HEREIJGERS TO VERIFIED COMPLAINT FOR FORFEITURE**

        Civil Action No. 1:25-cv-02085-CJN

**PRO SE STATEMENT IN SUPPORT OF ANSWER**

I, Remco Hereijgers, pro se claimant, respectfully submit this statement in support of my Answer to the Verified Complaint for Forfeiture.

1. I am the lawful owner of the virtual currency held in my BTC-e account (username: advancit) as of July 25, 2017. The cryptocurrency was acquired through legitimate trading and lawful transactions.

2. I am filing this Answer without legal representation (pro se) and respectfully request that the Court consider my submissions in light of my unrepresented status.

3. I am committed to cooperating fully with the Court's procedures, including providing any additional information or documentation necessary to establish the lawful origin of the property and to facilitate the return of my virtual currency.

4. I respectfully assert my rights under U.S. law, including the Innocent Owner Defense (18 U.S.C. § 983(d)), and request that the Court dismiss the Verified Complaint as it pertains to my property, and order the return of my assets.

5. I further request that the Court grant any other relief it deems just and proper, including the reimbursement of costs and fees to which I may be entitled.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 13, 2025, at Galder, The Netherlands.

Respectfully submitted,



**RECEIVED**

DEC 13 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**Remco Hereijgers**
Galderseweg 24A
4855 AH GALDER
THE NETHERLANDS
remco.hereijgers@gmail.com
+31 6 1625 1180

**ANSWER**

I, Remco Hereijgers, pro se claimant hereby file this answer to the Verified Complaint for Forfeiture as follows:

I.    **JURISDICTION AND VENUE**
1. Claimant admits that the U.S. District Court of Columbia has jurisdiction over this *in rem* action under 28 U.S.C. §§ 1345 and 1355, and that venue is proper under 28 U.S.C. § 1355(b)(1), based on the allegations regarding the location of the defendant property.

II.   **CLAIMANT AND DEFENDANT PROPERTY**
1. Claimant admits ownership interest in virtual currency held in BTC-e wallets as of July 25, 2017 under Claimant's BTC-e account (username: advancit).

2. Claimant lacks sufficient information to admit or deny the allegations that the virtual currency is the BTC-e operation wallets was derived from or used in illegal activities, such as money laundering under 18 U.S.C. § 981(a)(1). Claimant denies that the virtual currency in Claimant's BTC-e account (username: advancit) was knowingly involved in any illegal activity.

3. Claimant lacks sufficient information to admit or deny the allegations that all virtual currency in the BTC-e wallets is subject to forfeiture under 18 U.S.C. § 981. Claimant denies that the virtual currency in Claimant's BTC-e account (username: advancit) is subject to forfeiture, as it was lawfully acquired and used.

III.  **GENERAL DENIAL**
1. Claimant denies each and every allegation in the Verified Complaint not specifically admitted herein.

IV.   **AFFIRMATIVE DEFENSES**
1. Innocent Owner Defense (18 U.S.C. § 983(d)): Claimant is an innocent owner of the virtual currency held in Claimant's BTC-e account (username: advancit). The currency was acquired legally through lawful transactions, including legitimate trading and transfers, and Claimant has no knowledge or reason to believe it was involved in any illegal activity subject to forfeiture under 18 U.S.C. § 981.

2. Due Process Violation: The government's seizure of Claimant's virtual currency violations due process under the Fifth Amendment to the U.S. Constitution.

3. Proportionality: Forfeiture of Claimant's virtual currency would constitute an excessive and disproportionate fine under the Eighth Amendment to the U.S. Constitution.

4. Statute of Limitations: To the extent applicable, the government's claim may be barred as to Claimant's property under applicable limitations periods.

5. Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)): The Complaint does not state a claim as to Claimant's specific property because it offers no concrete, property-specific facts showing a substantial connection between Claimant's funds and any offense.

Claimant reserves the right to assert additional defenses as appropriate.

## V.    PRAYER FOR RELIEF

WHEREFORE, Claimant respectfully requests that the Court:

1.  Dismiss with prejudice the Verified Complaint for Forfeiture as pertains to Claimant's virtual currency held in the BTC-e account (username: advancit), or otherwise enter judgement in favor of Claimant, denying forfeiture of his assets;

2.  Order the return of Claimant's seized virtual currency in-kind (i.e. the same types and quantities of virtual currency allocable to Claimant's account): or, if in-kind return is not feasible, enter judgement for a sum of money equal to the fair market value of those virtual currency units as of the date of return of property or entry of final judgment, together with any prejudgment and postjudgment interest permitted by law, so as to make Claimant whole;

3.  Grant such other relief as the Court deems just and proper, including any costs and fees to which Claimant may be entitled by law pursuant to 28 U.S.C. § 2465(b).

## VERIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: December 13, 2025, at Galder, The Netherlands.

Respectfully submitted,

**Remco Hereijgers**
Galderseweg 24A
4855 AH GALDER
THE NETHERLANDS
remco.hereijgers@gmail.com
+31 6 1625 1180