UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No. 1:25-CV-02085** |
| ALL VIRTUAL CURRENCY HELD IN THE ) | |
| BTC-E OPERATING WALLETS AS OF JULY ) | |
| 25, 2017, AND OTHER ASSETS FURTHER ) | |
| DESCRIBED HEREIN, ) | |
| ) | |
| Defendants *in rem*. ) | |
| _____/ ) | |

**CLAIMANTS' ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM**
**and**
**DEMAND FOR TRIAL BY JURY**

CLAIMANTS:

1. JOSEPH BARRETT
2. MARC ANDRE GUINDON
3. JUAN MATEO LORENZO
4. ARON OPTHUN
5. KIRK OUIMET
6. MICHAEL BARTH VIK
7. FELIX CORREA
8. RADOSLAV BARKA
9. JOHN BARNES
10. MARIO CASAR
11. ZACHARY GLYNN.
12. DANIEL GROVES
13. OLEKSANDR HARSHYN
14. BRANDON JUREWICZ
15. WEIBIN LAM
16. BRADLEY MARION
17. MAXIMILIAN PARUSEL
18. KEVIN TILLBROOK
19. RYAN UNDERWOOD
20. DAVID WEEKS

21.    LENNART MATTIAS WERNER
22.    ALEKSANDR LINENKO
23.    BRUCE TIEMANN.
24.    KAZJIN YASIN SALIH
25.    BENJAMIN JAMES MORAN
26.    PAUL RHODES
27.    ALDIS RIGERTS
28.    ERIC SANDRI
29.    NIKOS VERSCHORE

COMES NOW the aforementioned Claimants by and through their undersigned counsel and, pursuant to Supplemental Rule G(5)(b), hereby answer allegations in the Verified Complaint for Forfeiture filed by Plaintiff United States of America as follows:

**I.   RESPONSES TO ALLEGATIONS OF THE COMPLAINT**

NATURE OF THE ACTION

1.    In response to the allegations contained in paragraph 1 of the Verified Complaint, Claimants admit that this is a civil action *in rem* to forfeit Defendant properties to the United States, but deny that the properties are subject to forfeiture under 18 U.S.C. § 981(a)(1) and deny that any violations of the listed statutes occurred with regard to the properties.

JURISDICTION AND VENUE

2.    In response to the allegations contained in paragraphs 2 and 3 of the Verified Complaint, Claimants admit that United States district courts have jurisdiction over civil actions, suits or proceedings commenced by the United States and over forfeiture actions, specifically, but deny that any acts or omissions giving rise to forfeiture occurred in this, or any, judicial district. As to venue, Claimants lack sufficient information to form a belief as whether venue lies in this district pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and on those grounds, deny each and every allegation contained therein.

//

## NATURE OF THE ACTION AND STATUTORY BASIS FOR FORFEITURE

3. In response to the allegations contained in paragraphs 4 through 9 of the Verified Complaint, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein.

## PARTIES TO THE CASE

4. In response to the allegations contained in paragraph 10 of the Verified Complaint, Claimants admit that the Plaintiff is the United States of America.

5. In response to the allegations contained in paragraph 11 of the Verified Complaint, Claimants admit the allegations contained therein (identifying the Defendant properties).

## FACTUAL ALLEGATIONS

6. In response to the allegations contained in paragraphs 12 through 17, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein.

7. In response to the allegations contained in paragraphs 18 through 41, Claimants admit the allegations contained therein (pertaining to Bitcoin and Digital Currency).

8. In response to the allegations contained in paragraphs 42 through 56, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to BTC-e generally).

9. In response to the allegations contained in paragraphs 57 through 67, Claimants lack sufficient information to form a belief as to the truth of the allegations contained

therein, and on those grounds, deny each and every allegation contained therein (pertaining to BTC-e's operation).

10. In response to the allegations contained in paragraphs 68 through 98, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to "Criminal Use" of BTC-e).

11. In response to the allegations contained in paragraphs 99 through 105, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to Alexander Vinnik).

12. In response to the allegations contained in paragraphs 106 through 123, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to Defendant Property A).

13. In response to the allegations contained in paragraphs 124 through 171, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to "Shell Companies & Accounts").

14. In response to the allegations contained in paragraphs 172 through 206, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to FXOpen and XP Solutions).

15. In response to the allegations contained in paragraphs 207 through 226, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to Defendant Property B).

16. In response to the allegations contained in paragraphs 227 through 254, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to Defendant Property C).

17. In response to the allegations contained in paragraphs 255 through 268, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to Defendant Property D).

18. In response to the allegations contained in paragraphs 269 through 288, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein (pertaining to Defendant Properties E and F).

19. In response to the allegations contained in paragraphs 289 and 290, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein.

20. In response to the allegations contained in paragraphs 291 through 294, Claimants deny the allegations contained therein, specifically that all of BTC-e's accounts and/or Defendant Properties are criminally tainted and served to further a criminal enterprise or conceal criminal transactions.

21. In response to the allegations contained in paragraphs 295 through 299, Claimants deny the allegations that all currency in Defendant Properties A, B, C, D, E and F is forfeitable as property involved in or traceable to an unlicensed money transmitting business and money laundering conspiracy. As to other allegations contained in said paragraphs, Claimants lack sufficient information to form a belief as to the truth of the allegations contained therein, and on those grounds, deny each and every allegation contained therein.

22. In response to the allegations contained in paragraph 300, Claimants re-allege and incorporate their answers to the preceding paragraphs as fully set forth herein.

23. In response to the allegations contained in paragraph 301, Claimants deny the allegations contained therein.

24. In response to the allegations contained in paragraph 302, Claimants re-allege and incorporate their answers to the preceding paragraphs as fully set forth herein.

25. In response to the allegations contained in paragraph 303, Claimants deny the allegations contained therein.

## II. CLAIMANTS RAISE THE FOLLOWING NUMBERED DEFENSES TO THE GOVERNMENT'S FORFEITURE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Amended Complaint on file herein, Claimants allege that the action against some or all of Defendants is barred by the applicable statute of limitations, including 19 U.S.C. 1621.

SECOND AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimants allege that their interest in some or all of the Defendant property is not subject to forfeiture because said interest constitutes that of an innocent owner as defined by 18 U.S.C. § 983(d).

THIRD AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimants allege that the government's forfeiture action against some or all of the Defendants is void and unenforceable as violative of the United States Constitution, in that the forfeiture of Claimants' interest in some or all of the Defendant properties would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

FOURTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimants allege that their ownership interests are superior to that of the government and/or Claimants are beneficiaries to a constructive trust with regard to the Defendant property, such that the Government merely sits in the same position as the wrongdoer that allegedly subjected said property to forfeiture and that the Court must administer said constructive trust so that each claimant obtains the fair share of Defendant property to which they are entitled. *United States v. $4,224,958.57,* 392 F.3d 1002, 1004 (9th Cir. 2004) ; *Willis Mgmt. (Vt.), Ltd. v. United States,* 652 F.3d 236, 243 (2d Cir. 2011); *United States v. Wilson,* 659 F.3d 947, 956–58 (9th Cir. 2011); *United States v. Shefton,* 548 F.3d 1360, 1364 (11th Cir. 2008); and *United States v. Salti,* 579 F.3d 656, 670–71 (6th Cir. 2009).

7

FIFTH AFFIRMATIVE DEFENSE

As a further separate and affirmative defense to the Complaint on file herein, Claimants allege that 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 983(c)(1) and accompanying forfeiture provisions are unconstitutional and unenforceable, in that they constitute a denial of Claimants' due process and equal protection rights under the United States Constitution - the procedures used to adjudicate the seizure of the property should require the government to carry its burden by either beyond a reasonable doubt or by clear and convincing evidence rather than by a preponderance of the evidence. *See, e.g., Leonard v. Texas*, 580 U.S. 847 (2017), 137 S. Ct. 848 (denying cert., Statement of J. Thomas) (No. 16-122, March 6, 2017); *Santosky v. Kramer*, 455 U.S. 745 (1982); *Culley v. Marshall*, 144 S. Ct.1142, 1153 (2024) (" … this case leaves many larger questions unresolved about whether, and to what extent, contemporary civil forfeiture practices can be squared with the Constitution's promise of due process …") (J. Gorsuch joined by J. Thomas, concurring).

### III.    JURY TRIAL DEMAND

Please take notice that Claimants demand trial <u>by jury</u> of the issues and defenses raised by their claims and answer.

### IV.    PRAYER

WHEREFORE, Claimants pray this Court will:

1. Dismiss Plaintiff's Complaint and enter a judgment on behalf of Claimants.

2. Order that all of Defendant property be released and surrendered to Claimants forthwith.

3.       Deny issuance of a certificate of probable cause pursuant to 28 U.S.C. § 2465 and award costs and attorney fees to Claimants.

4.       Provide such other and further relief as this court deems proper and just.

Respectfully Submitted,

Date: December 19, 2025

By: /s/ *Edward M. Burch*
EDWARD M. BURCH
Law Office of Michael and Burch, LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104
Telephone:    (415) 946-8996
E-mail:    edward@michaelburchlaw.com

/s/Leslie Sammis
LESLIE SAMMIS
Sammis Law Firm, P.A. 1005 N. Marion St.
Tampa, Florida 33602
Telephone: (813) 250-0500
Email: lsammis@sammislawfirm.com

s/David B. Smith
DAVID B. SMITH, D.C. Bar #403068
David B. Smith, PLLC
108 North Alfred St., 1st Floor Alexandria, VA 22314
Telephone: (703) 548-8911
Email: dbs@davidbsmithpllc.com

Attorneys for Certain Claimants

1. JOSEPH BARRETT
2. MARC ANDRE GUINDON
3. JUAN MATEO LORENZO
4. ARON OPTHUN
5. KIRK OUIMET
6. MICHAEL BARTH VIK
7. FELIX CORREA
8. RADOSLAV BARKA
9. JOHN BARNES

Case 1:25-cv-02085-CJN   Document 304   Filed 12/19/25   Page 10 of 10

10. MARIO CASAR
11. ZACHARY GLYNN.
12. DANIEL GROVES
13. OLEKSANDR HARSHYN
14. BRANDON JUREWICZ
15. WEIBIN LAM
16. BRADLEY MARION
17. MAXIMILIAN PARUSEL
18. KEVIN TILLBROOK
19. RYAN UNDERWOOD
20. DAVID WEEKS
21. LENNART MATTIAS WERNER
22. ALEKSANDR LINENKO
23. BRUCE TIEMANN.
24. KAZJIN YASIN SALIH
25. BENJAMIN JAMES MORAN
26. PAUL RHODES
27. ALDIS RIGERTS
28. ERIC SANDRI
29. NIKOS VERSCHORE