UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                             Civil Action No. 1:25-cv-02085-CJN
                                                               Hon. Carl J. Nichols
ALL VIRTUAL CURRENCY HELD IN THE
BTC-E OPERATING WALLETS AS OF JULY 25, 2017,
AND OTHER ASSETS FURTHER DESCRIBED HEREIN


## ANSWER TO COMPLAINT

Claimant is an innocent owner, who wire-transferred his life savings on July 24th 2017 to exchange for Bitcoin and still clicked "Buy BTC", but could not verify the result anymore before the service was halted later, causing fear until law enforcement badges appeared on July 29th. Then the Claimant expected a refund, or a timely process. Once 2 weeks passed, the claimant documented his decision to buy Bitcoin, out of an abundance of caution. (Exhibits of the verified Claim ECF no. 142).  The claimant was only able in 2025 to notice that all Email addresses remained available. He was not yet notified and unaware that some Bitcoins had been seized.

Claimant asserts that due process rights have been violated through the extreme delay of 8 years. Prejudice has compounded over time, when notification or withdrawal did not happen within a reasonable period of time.

Claimant is an innocent owner (18 U.S.C. § 983(d)) and did not have knowledge of any illegal actions by BTC-e. Claimant requests dismissal of the Complaint and preserves the Rule 12(b) defenses. Claimant hereby adopts and incorporates by reference the seven Affirmative Defenses and Jury Demand, as asserted in ECF No. 305 p. 60-62.
Including, but not limited to:
Constructive trust,  innocent ownership, lack of substantial connection, (19 U.S.C. § 1621), failure to state a claim and reservation of the right to assert additional defenses.


**Claimant prays for judgement as follows:**

1. That the Complaint be dismissed.

2. Equitable relief and further relief as the Court may deem just.



**RECEIVED**
DEC 30 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Claimant submits the following Answers to each of the Complaint's paragraphs. Pursuant to Supplemental Rule (G)(5)

**Claimant has no knowledge about criminal activity of BTC-e and on that ground (Rule 8(b)(5)) denies every allegation contained in:**

¶¶ 12-17,
¶¶ 42-67 (BTC-e generally and Illegal Money Transmitting Business),
¶¶ 68-288 (Criminal use of BTC-e)
and  ¶¶ 290-303 (Forfeitability).

**To the extent legal conclusions are asserted, no response is required and they are denied.**

 ¶¶ 1-11:  Out of an abundance of caution, claimant reserves objections related to jurisdiction and venue.

   48:  Claimant admits BTC-e usage, solely to exchange fiat for Bitcoin-
The Claimant used to buy Bitcoin through wire transfers for years  (1:23-cr-00239 ECF no. 263 Ex. D), only using his identity.
As expected for a Bitcoin exchange's, BTC-e's visible purpose was to enable exchange at any time  (¶¶ 42, 46, 54);   It provided lasting Bitcoin deposit addresses per user as expected and did not offer obscuration or mixing.
   49-51:  Claimant first noticed BTC-e  in 2015/2016, as one of the top three Bitcoin Exchanges by reported exchange volume as listed by the widely used aggregator (E.g. on September 23th, 2016:



web.archive.org/web/20160923082217/http://coinmarketcap.com/currencies/volume/24-hour/  )

Respectfully submitted,
Dated December 29, 2025
J. Paasch, Pro Se

Jonas Paasch
jonas-paasch@proton.me
Phone: 0017735414331
Unit 162119, PO Box 7169,
Poole, BH15 9EL, England

**CERTIFICATE OF SERVICE**

 I, Jonas Paasch, hereby certify that a true and correct copy of this document is served upon the following individuals:

 Joshua L. Sohn <joshua.sohn@usdoj.gov>; Sang Rai Kang <sangraikang@yahoo.com>; Catherine Pelker <catherine.pelker@usdoj.gov>; Jonas Blomberg Lerman <jonas.lerman@usdoj.gov>; Edward M. Burch <edward@michaelburchlaw.com>; Leslie Sammis <lsammis@sammislawfirm.com>; David B. Smith <dbs@davidbsmithpllc.com>;  Daniel M. Smith <dsmith@sandiegodefenders.com>; Dan G. Boyle <dboyle@bsfllp.com>; Victoria R. Scordato (D.C. Bar 90006232) <vscordato@bsfllp.com>;  Amanda J. Skillern <amanda@amandaskillernlaw.com>; Betty J. Williams <betty@williamstaxlaw.com>   Charles R. Haskell <charles@charleshaskell.com>; Tyler Finn <tfinn@dynamisllp.com>;  Travis Olsen <sthompson@swlaw.com>; cgianelloni@swlaw.com; awendl@swlaw.com; Bjørn Erik Mol <dothat@duck.com>;Paul Capling  <pcapling@gmail.com>; Timofey Fedotov <tob.kbect@gmail.com>; Andreas migotz <andreas@migotz.de>;
 Nazar fedorchuk <nazar.fedorchuk@gmail.com>; Olga Solodina <executorster@gmail.com>; Anton.Samuelsson <anton.samuelsson@live.se>; Kyle Wesley Herron <wesherron01@yahoo.com>;  ed.gao <ed.gao@hotmail.com>;  Martin Horák <horys@me.com>; Paige N. Hopkins <hopkinsreilly@gmail.com>; Kevin Reilly  <kreilly100@gmail.com>; Oleh Chechetko <btccashpoint@gmail.com>;  Dejan Deak <deranbp@gmail.com>; Hae Young Kwon <haes920@gmail.com>; Timothy O'Brien <tobrien6@gmail.com>; Smion de Dardel <wattimedia@gmail.com>; Marco Stickan <Marco.Stickan@web.de>; Armen Karapetian <armen0954348575@gmail.com>
And via mail: Joshua L. Sohn; Money Laundering and Asset Recovery Section Criminal Division United States Department of Justice; 1400 New York Avenue NW Washington, DC 2000

3