**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e | ) | |
| operating wallets as of July 25, 2017, and | ) | |
| other assets further described herein | ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO CLAIMANT OLGA SOLODINA'S MOTION FOR RETURN OF PROPERTY**

Plaintiff United States of America ("the Government") respectfully opposes *pro se*

claimant Olga Solodina's "motion for return of property" (Dkt. 313), which seeks the return of

cryptocurrency that Solodina allegedly owned on the BTC-e cryptocurrency platform. Solodina's

motion cites no statutes or rules, nor does it provide any factual basis for its request except to say

that Solodina owned funds on BTC-e at the time the Government seized funds from BTC-e. But

even leaving aside the sparseness and inchoate nature of Solodina's motion, the motion fails as a

matter of law. In a civil forfeiture case such as this one, governed procedurally by 18 U.S.C. §

983, "the plain language of § 983 reflects that the only method for returning property before trial

is through a § 983(f) petition." *United States v. Sum of $70,990,605*, 991 F. Supp. 2d 154, 161 fn.

4 (D.D.C. 2013). Solodina does not satisfy the requirements for Section 983(f) relief. For

example, one such requirement is that "the claimant has sufficient ties to the community to

provide assurance that the property will be available at the time of the trial." 18 U.S.C. §

983(f)(1)(B). Yet Solodina's motion makes clear that she is a citizen and resident of Uzbekistan,

and there is no indication that she has *any* ties to this community. Section 983(f) also states that a

1

motion for release/return of property is only proper if "the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless." 18 U.S.C. § 983(f)(1)(C). Solodina makes no attempt to satisfy this criterion either.

To the extent Solodina's motion is construed as a motion for return of property under Fed. R. Cr. P. 41(g) instead of 18 U.S.C. § 983(f), the motion also fails. First, Solodina makes no argument that the Government's seizure of funds from BTC-e was unlawful or improper. But even more fundamentally, the filing of this civil forfeiture case prevents Solodina from invoking Rule 41(g) as a basis for relief. *United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990); *accord In re Return of Seized Prop.*, No. 17-771, 2017 WL 4180149, at *1 (C.D. Cal. Aug. 30, 2017) ("A district court has equitable jurisdiction to entertain a motion brought pursuant to Federal Rule of Criminal Procedure 41(g). But if a related civil forfeiture proceeding is filed—either before or after the Rule 41(g) motion was brought—the court no longer has jurisdiction to entertain the Rule 41(g) motion.").[1]

For the foregoing reasons, the Government respectfully requests that Solodina's motion be denied.

DATED: January 7, 2026              MARGARET A. MOESER
                                    CHIEF
                                    MONEY LAUNDERING, NARCOTICS AND
                                    FORFEITURE SECTION

---

[1] Also, Rule 41(g) motions must be brought in the district where the property was seized, and the cryptocurrency at issue here was seized in New Jersey.

2

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to claimant Olga Solodina at executorster@gmail.com, which is the email address that Solodina provided as her email address of record.

By:    ___*/s/ Joshua L. Sohn*____
          Joshua L. Sohn