IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e operating wallets as of July 25, 2017, and other assets further described herein | ) ) ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO PUTATIVE CLAIMANT MICHAEL WILLIAM CHARLES HAWORTH'S MOTION FOR LEAVE TO FILE LATE CLAIM**

Plaintiff United States of America ("the Government") respectfully opposes putative claimant Michael William Charles Haworth's motion for leave to file a late claim in this case (Dkt. 315). As shown in the Government's Declaration of Publication (Dkt. 292), publication notice of this case was given to the world beginning on July 4, 2025. Thus, under Supplemental Rule G(5)(a)(ii)(B), claims were due by September 2, 2025.

While slightly-late claims might arguably be excused when submitted by individuals who were reasonably ignorant of this case,[1] Haworth's motion admits that he became aware of this case "approximately four months ago." (Dkt. 315 at 1). Yet Haworth waited four months before attempting to file a late claim. Thus, Haworth's motion presents a paradigmatic case of laches and lassitude, and there is no good cause for this Court to allow a late claim by Haworth. *See* Supp.

---

[1] To be clear: given the highly-publicized nature of this case, the Government does not believe any putative claimant could claim to have been *reasonably* ignorant of this case by (say) November or December 2025. But Haworth has known about this case for months, so any question of his reasonable ignorance is moot.

1

Rule G(5)(a)(ii) (the claim deadlines set forth in Rule G control "unless the court for good cause sets a different time").

To try to excuse his lassitude, Haworth says "[u]pon learning of the forfeiture, Claimant promptly sought legal assistance . . . On November 12, 2025, claimant contacted several U.S. attorneys seeking representation but received no responses. Claimant delayed filing only due to a good-faith effort to secure counsel and not due to neglect or bad faith." (Dkt. 315 at 1). But this purported excuse fails on its own terms. After all, Haworth admits that he became aware of this case "approximately four months ago"—*i.e.,* early September 2025. Thus, it appears Haworth waited two months (until November 12) before even seeking out legal counsel. And after his November 12 legal outreaches received no response, he waited nearly another two months before filing his *pro se* motion for leave to file a late claim. Thus, Haworth has not shown the kind of diligence that might constitute "good cause" to permit a late claim. *See generally A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) ("The primary factor in determining whether good cause exists is the diligence of the party").

For the sake of completeness, this Court previously identified "the discretionary factors laid out in *United States v. $83,686.00 in U.S. Currency Seized from Suntrust Acct. No. 1000018120112*, 498 F. Supp. 2d 21, 24 (D.D.C. 2007)" as factors that may be relevant to whether late claims should be allowed in this case. *See* 11.26.25 Minute Order. The *Suntrust* factors include: "the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the Court and the government of her interest in the defendant property before the claim deadline; whether the government would be prejudiced by allowing the late filing; and whether the claimant

timely petitioned for an enlargement of time." *Suntrust*, 498 F. Supp. 2d at 24 (brackets and ellipses deleted).

Here, all of the *Suntrust* factors weigh against allowing Haworth's late claim. First, as discussed above, Haworth became aware of this case four months ago and offers no valid excuse for his lassitude in trying to file a claim. Second, the Government did nothing to encourage delayed claims. Third, Haworth did not advise the Court or the Government of his purported interest in the defendant property before the claim deadline. Fourth, Haworth did not timely petition for an enlargement of time in which to file a claim.

Finally, on prejudice: while the Government would not be *severely* prejudiced by a late claim from Haworth, the Government would suffer *some* prejudice. As the Court knows, this case already includes dozens of claimants. Dealing with this large number of claimants is already straining the Government's litigation resources. Adding another claimant would strain these resources even further.

In short, Haworth's proposed claim is flagrantly tardy, Haworth has known about this case for four months, he offers no reasonable excuse for his delay, and the other *Suntrust* factors also weigh against him. Thus, the Government respectfully requests that the Court deny Haworth's motion for leave to file a late claim. And to the extent the Court deems it procedurally necessary, the Government has no objection to the Court construing this Opposition as also constituting an affirmative motion to strike Haworth's claim, given that Haworth purported to file his claim (Dkt. 316) contemporaneously with his motion for leave (Dkt. 315).

DATED: January 9, 2026    MARGARET A. MOESER
                                              CHIEF
                                              MONEY LAUNDERING, NARCOTICS AND
                                              FORFEITURE SECTION

/s/ *Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

/s/ *Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 9, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to putative claimant Michael William Charles Haworth at his identified email address of tronath@gmail.com.

                                                                        By:      */s/ Joshua L. Sohn*
                                                                                        Joshua L. Sohn