**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**
Defendant.

Civil Action No. **1:25-cv-02085 (CJN)**

**CLAIMANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE VERIFIED CLAIM**

Claimant Michael William Charles Haworth, proceeding pro se, respectfully submits this Reply in support of his Motion for Leave to File Late Verified Claim.

### I. The Government Overstates Delay and Ignores Practical Barriers

The Government characterizes Claimant's conduct as "lassitude," but that characterization overlooks the practical realities reflected on the docket. Claimant is a foreign, pro se claimant residing in the United Kingdom. Upon learning of this forfeiture action, Claimant promptly sought legal representation, including contacting multiple U.S. attorneys. When those efforts were unsuccessful, Claimant moved forward on his own. This is not neglect; it is diligence under difficult circumstances.

Critically, Claimant's ability to file was constrained by court-controlled processes, including the need to obtain permission to file electronically. Claimant's Motion to File Electronically with CM/ECF was not granted until January 7, 2026. The ensuing delay is therefore not attributable to inaction, but to procedural prerequisites outside Claimant's control.

### II. Publication-Only Notice Does Not Defeat Good Cause

The Government relies heavily on publication notice and generalized assertions that the case was "highly publicized." Publication notice is a legal minimum, not a guarantee of actual notice, particularly for foreign BTC-E customers. Courts routinely recognize that publication-only notice, combined with international residency and the absence of direct notice, supports a finding of good cause where a claimant acts promptly once aware of the forfeiture. That is precisely what occurred here.

### III. The Government Concedes Lack of Prejudice

The Government acknowledges that allowing Claimant's late filing would not cause significant prejudice. The case remains at an early stage, and the Court has already permitted late claims where claimants acted diligently and prejudice was minimal. Where, as here, prejudice is minimal and the claimant has acted in good faith, Rule G(5)(a)(ii) favors resolving claims on their merits rather than on rigid procedural timing.

### IV. Equity Favors Allowing the Claim to Be Heard

Claimant does not seek special treatment, only the opportunity to have his ownership claim adjudicated alongside similarly situated BTC-E customers. Denying leave under these circumstances would elevate form over substance and exclude a claimant who acted reasonably and in good faith.

**CONCLUSION**

For the foregoing reasons, Claimant respectfully requests that the Court grant his Motion for Leave to File Late Verified Claim and deem the Verified Claim timely filed.

Respectfully submitted,

_____
**MICHAEL WILLIAM CHARLES HAWORTH**
Pro Se Claimant
Barn Hurst
Barn Street
Haverfordwest
Pembrokeshire
SA61 1TD
United Kingdom
Telephone: +44 7484 286628
Email: tronath@gmail.com
Date: January 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated above, I filed the foregoing Reply electronically through the Court's CM/ECF system, which will serve counsel for the United States of America who are registered CM/ECF users.

_____
**MICHAEL WILLIAM CHARLES HAWORTH**