IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | No. 1:25-cv-02085-CJN |
| ) | |
| v. ) | |
| ) | |
| All virtual currency held in the BTC-e ) | |
| operating wallets as of July 25, 2017, and ) | |
| other assets further described herein ) | |
| ) | |
| Defendants *in rem*. ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO PUTATIVE CLAIMANT LOUIS PAPALOIZOU'S MOTION FOR LEAVE TO FILE LATE CLAIM**

Plaintiff United States of America ("the Government") respectfully opposes putative claimant Louis Papaloizou's motion for leave to file a late claim in this case (Dkt. 320). As shown in the Government's Declaration of Publication (Dkt. 292), publication notice of this case was given to the world beginning on July 4, 2025. Thus, under Supplemental Rule G(5)(a)(ii)(B), claims were due by September 2, 2025.

While slightly-late claims might be excused when submitted by individuals who were reasonably ignorant of this case, Papaloizou brought his motion for leave on January 19, 2026, four-and-a-half months after the claim deadline. There is no good cause for the Court to allow a late claim that is this dilatory. *See* Supp. Rule G(5)(a)(ii) (the claim deadlines set forth in Rule G control "unless the court for good cause sets a different time"). This case has been well-publicized, both on the Government's forfeiture website and on online chatrooms and message boards among the cryptocurrency community. For example, on October 2, 2025, Alexander Anderbeek filed a motion for leave to file a late claim, explaining that he recently learned of this case through a Reddit post. (Dkt. 230). On November 18, 2025, Patricia Moore filed a motion for leave to file a

1

late claim, saying she recently learned of this case through an online post. (Dkt. 282). Numerous other motions for leave were filed by other putative claimants in Sept.-Nov. 2025, which stated vaguely that the putative claimants learned about this case "independently." Thus, had Papaloizou exercised *reasonable* diligence as a purported BTC-e account-holder, he could have learned of this case far earlier through available public sources. *See generally A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) ("The primary factor in determining whether good cause exists is the diligence of the party").

For the sake of completeness, this Court previously identified "the discretionary factors laid out in *United States v. $83,686.00 in U.S. Currency Seized from Suntrust Acct. No. 1000018120112*, 498 F. Supp. 2d 21, 24 (D.D.C. 2007)" as factors that may be relevant to whether late claims should be allowed. *See* 11.26.25 Minute Order. The *Suntrust* factors include: "the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the Court and the government of her interest in the defendant property before the claim deadline; whether the government would be prejudiced by allowing the late filing; and whether the claimant timely petitioned for an enlargement of time." *Suntrust*, 498 F. Supp. 2d at 24 (brackets and ellipses deleted).

Here, most of the *Suntrust* factors weigh against allowing Papaloizou's late claim. Even assuming *arguendo* that Papaloizou only recently learned of this case, the Government did nothing to encourage delayed claims. Papaloizou did not advise the Court or the Government of his purported interest in the defendant property before the claim deadline. Papaloizou did not timely petition for an enlargement of time in which to file a claim. And the Government (as well as other claimants) would be prejudiced by a late claim. There must be finality as to the universe of

claimants if this case is to proceed efficiently to settlement or merits litigation. Late claims like Papaloizou's make this finality impossible to achieve.

Conversely, Papaloizou would suffer little (if any) prejudice if his motion for leave were denied. He would still have the right to file a remission petition within 30 days from a final order of forfeiture, which could give him adequate compensation. And in any event, the amount at stake for Papaloizou is quite small. While his motion does not specify how much cryptocurrency he had on BTC-e, he gives an estimated value of $2,600. Particularly for such a small amount of money, it is eminently reasonable to limit Papaloizou to the remission process. There is no good cause to allow him a late claim.

Finally, Papaloizou complains that the Government did not send him *direct* notice of this case despite purportedly having his email address on file. While the Government's corpus of seized BTC-e documents did include many email addresses of purported account-holders, these email addresses were largely unverified and many years old.[1] Thus, sending direct notice to these unverified email addresses was not a means reasonably calculated to actually reach prospective claimants. The Government instead elected to send direct notice to the 100-odd individuals who had contacted the Government in the intervening years claiming to be interested stakeholders, while relying on publication notice for everyone else. And Papaloizou cannot contest that—like everyone else in the world—he at least constructively received publication notice. Thus, his complaint about not receiving direct notice does not suffice to justify an extremely late claim.

DATED: January 20, 2026        MARGARET A. MOESER
                               CHIEF
                               MONEY LAUNDERING, NARCOTICS AND
                               FORFEITURE SECTION

---

[1] The Government seized the BTC-e servers in 2017, while this civil forfeiture case was not filed until 2025.

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 20, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to putative claimant Lois Papaloizou at his identified email address of louiloui@gmail.com.

By:    */s/ Joshua L. Sohn*
           Joshua L. Sohn