IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e | ) | |
| operating wallets as of July 25, 2017, and | ) | |
| other assets further described herein | ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO PUTATIVE CLAIMANT MICHAEL WILLIAM CHARLES HAWORTH'S MOTION FOR LEAVE TO SUPPLEMENT RECORD**

The Government respectfully opposes putative claimant Michael Haworth's motion to supplement the record regarding Haworth's motion to file a late claim (Dkt. 322). The underlying motion—Haworth's motion to file a late claim—is fully briefed. By filing a Reply Brief on that underlying motion, Haworth obviously had the last word. If he wished to submit documents to rebut the Government's arguments on the underlying motion, he could and should have attached such documents to his Reply Brief. For this reason alone, Haworth's motion to supplement the record is procedurally improper and should be denied.

In any event, Haworth's motion to supplement the record should also be denied because Haworth's proffered documents have little-to-no probative weight. In opposing Haworth's underlying motion, the Government pointed to Haworth's own admissions that he did not seek U.S. representation for this U.S. case until November 12, 2025. Haworth's new proffered documents do not rebut this point—indeed, some of his documents show how his first U.S. reach-out occurred on November 12.

1

Haworth's documents do show a purported email with a UK law firm on October 1, 2025. The email does not identify any specific case; there is nothing beyond Haworth's say-so to suggest that the email even relates to this case. The same is true for the cryptic October 1 call log that Haworth submits—showing two calls to unidentified numbers, lasting 31 and 36 seconds. But more fundamentally: even if the Court accepted Haworth's contention that he reached out to UK counsel on October 1, that does not excuse Haworth's failure to solicit U.S. counsel until November 12, two months after he was aware of this case.

Finally, while Haworth's motion to supplement the record is improper and meritless, it does (ironically) show why an ever-expanding roster of claimants in this case is prejudicial to the Government and the Court. An ever-expanding roster of claimants increases the likely volume of meritless filings that the Government and Court must address. Haworth's latest motion is just the latest example of that.

DATED: January 20, 2026  

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS AND
FORFEITURE SECTION

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Trial Attorney

2

Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to putative claimant Michael William Charles Haworth at his identified email address of tronath@gmail.com.

                                                                                   By:     */s/ Joshua L. Sohn*
                                                                                                   Joshua L. Sohn