**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,** *Plaintiff*,

v.

**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS,** *Defendant In Rem.*

**Case No. 1:25-cv-02085-CJN**

**REPLY IN SUPPORT OF CLAIMANT LOUIS PAPALOIZOU'S MOTION FOR LEAVE TO FILE LATE CLAIM**

Claimant Louis Papaloizou respectfully submits this Reply to the Plaintiff's Opposition (Dkt. 321). The Government opposes this Motion by relying on a timeline that ignores its own extensions and by suggesting that foreign claimants should rely on "Reddit" for legal notice. These arguments fail to account for the substantial financial prejudice to the Claimant and the Government's admitted failure to utilize direct notice methods in its possession. Denying this motion would result in a manifest injustice.

**I. THE GOVERNMENT "ELECTED" TO IGNORE DIRECT NOTICE (Mullane Violation)**
The Government expressly admits that the seized BTC-e database "did include many email addresses" but that it "elected" not to send direct notice because the data was "years old" (Opp. at 3). This "election" violated my Due Process rights under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

1. **"Years Old" Does Not Mean "Inactive":** In the modern digital economy, personal email addresses act as permanent digital identities. The Government's dismissal of my email address as "unverified and many years old" (Opp. at 3) ignores the context of the account. This email address was not merely a contact method; it was the login username for the seized investment. I am, in fact, still using the exact email address (louiloui@gmail.com) found in their records, just as I have since 2004. Had the Government sent a single email, I would have received it immediately. Due Process requires the Government to attempt notice, not to unilaterally assume that contact information is invalid simply because it is not new.
2. **The Administrative Burden Was Negligible:** Sending a mass email to a list of addresses costs effectively $0. Under *Mullane*, if the Government has a feasible way to contact a party, they must try. There is no administrative burden that justifies ignoring the contact information of thousands of property owners.
3. **Constructive Notice and the 8-Year Gap:** The Government argues that I "constructively received" notice via their website (Opp. at 3). This argument ignores the timeline. The seizure occurred in July 2017, yet this forfeiture action was not filed until 2025, a gap of nearly eight years. Even if a claimant were diligent, it is unreasonable to expect an individual to check a foreign government's administrative website fruitlessly and periodically for eight years, especially given the fact that the Government possessed my name and email address throughout this entire period. The likelihood of a foreign national checking at the precise "correct moment" in 2025, after nearly a decade of silence, is statistically negligible. Because the Government



**RECEIVED**
JAN 21 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

*knew* my identity yet failed to alert me when the window finally opened, relying on publication notice is unconstitutional.

**II. THE DELAY IS DE MINIMIS (21 DAYS, NOT 4 MONTHS)** The Government characterizes the Claimant as "dilatory," arguing the claim is "four-and-a-half months" late (Opp. at 1). This is misleading.

1. **The Real Deadline:** The Government admits it stipulated to extensions for other claimants until December 29, 2025 (see Doc. 287).
2. **Actual Delay:** I filed my Motion on January 19, 2026. Measured against the active deadline used for other parties, my claim is only 21 days late.
3. **No Prejudice:** Allowing a claim filed three weeks after the active deadline causes no prejudice to the Government, particularly as the case remains in the discovery phase.

**III. THE "SUNTRUST" FACTORS FAVOR THE CLAIMANT** The Government cites *United States v. $83,686.00* ("Suntrust") and *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.* to argue that I lacked "diligence." However, a proper application of the factors favors the Claimant:

1. **Reasonable Diligence (Distinguishing *Maoz*):** The Government relies on *Maoz* (292 F.R.D. 142) and the existence of "Reddit posts" to argue I was not diligent. This is legally flawed for two reasons:
   ○ **Inapplicable Case Law:** *Maoz* involved parties who were already actively litigating a known dispute and simply neglected to file a document. It does not apply to a forfeiture action where the Claimant was never notified the case existed.
   ○ **Reddit is Not the Standard:** The fact that other claimants found the case via social media does not establish a legal standard for diligence. The U.S. Government cannot outsource its Constitutional notification obligations to third-party message boards. My delay was caused by the Government's failure to email me, not by a lack of care.
2. **Impossibility of Pre-Deadline Action:** The Government argues that I "did not advise the Court... before the claim deadline" and "did not timely petition for an enlargement of time" (Opp. at 2). This argument is circular. It is impossible for a Claimant to petition for an extension in a case he does not know exists. This failure to file early is not a sign of negligence; it is the direct result of the Government's failure to provide direct notice.
3. **Time of Awareness:** I filed this Motion within 24 hours of gaining actual knowledge of the action. This demonstrates maximum diligence relative to when I actually learned of the case.
4. **No Prejudice to the Government (Finality):** The Government argues that my claim makes "finality impossible." This is an exaggeration. The Government admits it stipulated to extensions for other claimants until December 29, 2025. Accepting my claim—filed just 21 days after that active window—does not disrupt the case. There is no prejudice to the Government in adding one valid claimant to the existing pool.
5. **Remission is Inadequate:** The Government's suggestion that I rely on a "remission" petition offers a remedy in name only. Remission is a discretionary administrative act that typically refunds only the nominal cash value at the time of seizure, effectively

liquidating my assets at 2017 prices. It fails to restore the actual property (the cryptocurrency) or account for its exponential appreciation. Forcing me into this administrative process would allow the Government to unjustly enrich itself by retaining the asset's growth, while penalizing me for its own failure to provide notice. Only a Judicial Claim preserves my standing as an Innocent Owner to seek the return of the specific property or its true current market value.

6. **Personal Hardship:** For an individual *pro se* litigant, this represents a life-altering loss of accumulated savings. To dismiss this claim as 'small' unfairly applies the Government's massive institutional scale to the Claimant's personal economic reality.


**CONCLUSION**

The Government asserts that there is "no good cause" to permit this late filing. Respectfully, that assertion is incorrect. Justice itself constitutes good cause. I am a foreign national who has acted in good faith and in full compliance with applicable laws and procedures, and who has approached this Court with full respect for its authority and rules. The Government now asks the Court to elevate administrative convenience over the property rights of an innocent individual whom it chose not to notify. Proceeding *pro se* and without the benefit of counsel, I acted diligently to comply with the Court's rules immediately upon learning of this action. From the moment of discovery, my efforts have been prompt, thorough, and in good faith. Accordingly, I respectfully request that the Court recognize the brief delay as *de minimis*, find that good cause exists, and grant leave to file.

**DATED:** January 21, 2026

**Louis Papaloizou** 42 Rosina St Manchester M11 1HX United Kingdom +44 7505 622 364 louiloui@gmail.com

**CERTIFICATE OF SERVICE** I certify that on January 21, 2026, I served a copy of this Reply via email to counsel for the Plaintiff: Joshua L. Sohn and Catherine Alden Pelker (USDOJ).

**Louis Papaloizou**