IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e operating wallets as of July 25, 2017, and other assets further described herein | ) ) ) | |
| | ) | |
| Defendants *in rem*. | ) | |

## STATUS REPORT

Plaintiff United States of America ("the Government") respectfully submits this Status Report pursuant to the Court's Minute Order of December 22, 2025.

Roughly 100 alleged BTC-e accountholders have filed claims in this action or petitions for remission or mitigation of forfeiture in accordance with the Attorney General's authority to grant remission or mitigation of forfeiture. *See* 28 C.F.R. Part 9. Most of these alleged accountholders filed claims, though a sizable minority filed remission petitions only.

Besides claimants asserting an interest as BTC-e accountholders, the only other claimant in this case is the bankruptcy trustee of the Japanese cryptocurrency exchange Mt. Gox, who bases his claim on allegations that some cryptocurrency stolen from Mt. Gox transited through BTC-e. For convenience, the Government refers to the Mt. Gox bankruptcy trustee as "Mt. Gox" in this status report.

**A. The Government Is Still Evaluating the Claims and Account Balances of the Accountholder Claimants**

In its prior Status Report, the Government advised that it was considering the feasibility of a settlement proposal under which some or all of the seized cryptocurrency might be distributed *pro*

*rata* to *bona fide,* non-criminal accountholder claimants and remission petitioners who had not otherwise received compensation. *See* Dkt. 298 at 5. Since its prior Status Report, the Government has sought to ascertain the account holdings of claimants and remission petitioners at the time of BTC-e's dissolution, as well as the potential for *pro rata* distributions, taking into account the proportion of BTC-e's cryptocurrency in the Government's possession, the quantity and denomination of this cryptocurrency, and the size of the claims/petitions lodged by claimants and remission petitioners. Unfortunately, due to the complexity of validating the claims and remission petitions, the Government is not yet able to propose a framework for resolution and distributions.

Although not the only challenge, the Government notes that the volume and nature of transactions within accounts has been a particular impediment to evaluation of accountholder claims and petitions. Specifically, the claimants in this case did not merely deposit and withdraw cryptocurrency at BTC-e; some of them also conducted staggering amounts of cross-currency trading on the BTC-e platform. For example, one of the claimants in this case conducted more than 1,700 cross-currency trades. This cross-currency trading (the volume of which the Government did not appreciate until recently) makes it much more difficult to calculate the claimants' and remission petitioners' account balances at the time of BTC-e's dissolution and the viability of potential frameworks for resolution of claims and petitions. The Government is diligently trying to perform this calculation and suggests that it provide another status report within 60 days regarding its progress.

**B.  The Government Plans to Meet with Mt. Gox Counsel on February 27**

On February 27, the Government plans to meet with Mt. Gox counsel. At this meeting, Mt. Gox counsel will discuss the basis for its claim. Based on the results of this meeting, the

Government will assess whether to try to fold Mt. Gox into a proposed resolution, or move to strike Mt. Gox for lack of standing, or take other action.

### C.  The Government Asks That Other Litigation Events Be Stayed

Finally, the Government asks that the Court stay other litigation events (discovery, etc.) until 30 days following the Government's next status report regarding its progress on determining accountholder account balances, the Feb. 27 Mt. Gox meeting, and a possible framework for resolution of some or all claims and petitions. The Government should not be burdened with intrusive discovery as it is spending its resources on trying to ascertain whether some or all of this case can be resolved without costly litigation.

Respectfully submitted,

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS
AND FORFEITURE SECTION

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering, Narcotics
And Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW

Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to all *pro se* parties whose email addresses are readily available.

By: ___*/s/ Joshua L. Sohn*___
Joshua L. Sohn