IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>v.<br><br>ALL VIRTUAL CURRENCY HELD IN THE<br>BTC-E OPERATING WALLETS AS OF JULY 25, 2017,<br>AND OTHER ASSETS FURTHER DESCRIBED HEREIN<br><br>　　　　Defendants in Rem. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§　　Case No. 1:25-cv-02085-CJN |

RECEIVED
Mailroom
FEB -9 2026
Angela D. Caesar, Clerk of Court
U.S. District Court District of Columbia

**MOTION FOR LEAVE TO FILE LATE VERIFIED CLAIM**

Claimant **Dominik Buechsel**, by and through the undersigned, respectfully submits this Motion for Leave to File a Late Verified Claim in the above-captioned forfeiture action, and in support thereof states as follows:

**1. INTRODUCTION**

Claimant seeks leave to file a verified claim to contest the civil forfeiture of cryptocurrency held in the BTC-e operating wallets. Although the initial deadline for filing claims has passed, Claimant respectfully requests that this Court grant leave to file this late claim based on good cause, pursuant to Federal Rule of Civil Procedure Supplemental Rule G(5)(a)(ii).

**2. JURISDICTION AND VENUE**

This Court has jurisdiction over this civil forfeiture action pursuant to 28 U.S.C. § 1355(b) and 18 U.S.C. § 981. Venue is proper in the District Court for the District of Columbia, where the forfeiture action is pending.

**3. FACTUAL BACKGROUND**

**3.1 Claimant's BTC-e Account**

Claimant maintained an account at BTC-e exchange with the following details:
- User ID: G-Fire@gmx.de
- Account seized/BTC-e platform shutdown: July 25, 2017

As of July 25, 2017, when the government seized BTC-e's operating wallets, Claimant's account contained several cryptocurrencies.

**3.2 Lack of Actual Notice and Complex Procedural Understanding**

Claimant first learned of the government's seizure and the existence of this forfeiture action on August 29, 2025, when Claimant discovered information about the BTC-e recovery process through Reddit community r/BTCE_Recovery.

Upon learning of government action against the seized BTC-e assets on August 29, 2025, Claimant immediately took action. However, Claimant faced a critical procedural obstacle: the government's published notice and available information emphasized the administrative remedy through the U.S. Department of Justice's Asset Forfeiture and Money Laundering Section (AFMS) under 28 C.F.R. Part 9 for petitions for remission or mitigation. The notice on forfeiture.gov focused on this administrative process. Claimant, acting pro se (without legal counsel) and with limited knowledge of federal civil procedure, reasonably understood this administrative petition to be the primary and most accessible avenue for recovery. Accordingly, Claimant filed a Petition for Remission or Mitigation with the DOJ on August 29, 2025, the same day of learning of the case.

It was not until December 7, 2025—after extensive research and further investigation—that Claimant became aware that a parallel court proceeding under Federal Rule of Civil Procedure G was available and that filing a verified claim directly with this Court was a separate, independent, and potentially superior remedy to the administrative petition. This is a common procedural misunderstanding among pro se claimants, particularly in complex civil forfeiture matters where two simultaneous remedies exist.

### 3.3 Diligent Action Upon Understanding Court Route

Upon realizing on December 7, 2025 that a court claim was necessary, Claimant immediately undertook the following actions demonstrating diligence and good faith:
- Began preparing the necessary court documents for filing with this Court
- Gathered all required supporting documentation
- Proceeded with filing this motion without delay—within one day of understanding the court filing requirement

This demonstrates that Claimant acted with appropriate diligence once the necessity of court filing became clear.

### 3.4 Damages from Seizure

Claimant suffered significant financial damage from the seizure of these assets.

This represents Claimant's significant portion of personal assets.

### 4. LEGAL STANDARD

Under Federal Rule of Civil Procedure Supplemental Rule G(5)(a)(ii), claims must generally be filed within the deadline set in the notice of forfeiture. However, courts have inherent equitable power, and the Supreme Court and appellate courts have consistently held that courts may permit late claims when "good cause" is demonstrated.

Courts consider the following factors in determining whether to allow a late claim:

(1) **Lack of Actual Notice**: Whether the claimant received actual notice of the forfeiture proceeding and had sufficient time to file. United States v. $100,348.00 in United States Currency, 354 F.3d 1110 (9th Cir. 2004).

(2) **Diligent Action Upon Notice**: Whether the claimant acted diligently upon learning of the forfeiture. Id.

(3) **Minimal Prejudice to the Government**: Whether permitting the late claim would cause substantial prejudice to the government. Id.

(4) **Good Faith Effort**: Whether the claimant acted in good faith. Id.

(5) **Reasonable Excuse for Delay**: Whether there was a reasonable excuse for the delay. Id.

## 5. APPLICATION OF LEGAL STANDARD TO THIS CASE

### 5.1 Lack of Actual Notice and Procedural Complexity

Claimant did not learn of the existence of this forfeiture action until August 29, 2025. Upon learning of the case, Claimant was faced with a complex procedural landscape: the government's forfeiture notice published on July 4, 2025 on www.forfeiture.gov described a 60-day deadline for filing claims, but the practical mechanism described emphasized filing a petition for remission/mitigation with the DOJ under 28 C.F.R. Part 9.

For a pro se claimant unfamiliar with federal civil forfeiture procedure, the existence of two separate remedies—an administrative process through the DOJ and a court process through Federal Rule of Civil Procedure G—is not immediately apparent. The administrative petition process is designed to be accessible to pro se claimants and does not require knowledge of federal civil procedure. The court filing process requires understanding of Rule G, pleading requirements, and federal civil litigation—knowledge that is not reasonably expected of a self-represented party who has just discovered the loss of substantial assets.

Claimant's decision to file the administrative petition immediately upon learning of the case on August 29, 2025 demonstrates good faith and diligent action. The subsequent discovery of the court filing requirement, while outside the initial deadline, occurred upon further investigation and research—a process that took approximately 3.5 months for a pro se claimant balancing other obligations.

### 5.2 Diligent Action Upon Discovering Court Filing Requirement

Once Claimant understood the availability of court filing on December 7, 2025, Claimant immediately moved to prepare and file this motion. Claimant is now submitting this motion on December 8, 2025, within one day of understanding the requirement. This represents prompt action and demonstrates commitment to pursuing all available remedies.

### 5.3 Minimal Prejudice to Government

At this stage of the proceedings (December 2025), the forfeiture action is still in its early phases. The government has not yet engaged in significant litigation activity regarding pro se claims. Permitting this claim at this juncture will not delay resolution or prejudice the government's position. Indeed, cases benefit from all legitimate claims being presented early in the litigation, rather than having claims emerge later or being resolved in different forums.

Additionally, the government is not prejudiced by permitting a claim from a pro se individual who filed an administrative petition in good faith immediately upon learning of the case.

### 5.4 Good Faith Effort

Claimant has acted in good faith throughout:
- Claimant legitimately purchased and held cryptocurrency on BTC-e for investment and long-term holding purposes
- Claimant did not attempt to hide or conceal the account
- Claimant had no knowledge of BTC-e's alleged illegal operations
- Upon learning of the seizure, Claimant immediately filed an administrative petition on the same day (August 29, 2025)
- Upon learning of the court filing requirement, Claimant immediately moved to file in this Court

Claimant's actions demonstrate genuine effort to vindicate legitimate rights through proper legal channels, constrained only by reasonable gaps in legal knowledge typical of pro se litigants.

## 6. CONCLUSION

For the foregoing reasons, Claimant respectfully requests that this Court exercise its discretion and grant leave to file a late verified claim. Claimant presented evidence of: (1) lack of actual notice until August 29, 2025; (2) reasonable procedural confusion regarding administrative versus court remedies, common in pro se forfeiture cases; (3) immediate action upon filing an administrative petition on August 29, 2025; (4) prompt action upon discovering the court requirement on December 7, 2025; (5) minimal government prejudice at this early stage; and (6) consistent good faith throughout.

Respectfully submitted,

December 8, 2025

_____

Dominik Buechsel
Eichenstr. 14, D-28879 Grasberg, Germany
(213) 373-5248
g-fire@gmx.de

_____

VERIFICATION

I, **Dominik Buechsel**, under penalty of perjury, certify that I am the claimant in this action and that the foregoing motion is true and correct to the best of my knowledge and belief.

Executed on this 8th day of December, 2025.

_____

*[signature]*

DOMINIK BUECHSEL