IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> v. § <br> § <br> ALL VIRTUAL CURRENCY HELD IN THE § <br> BTC-E OPERATING WALLETS AS OF JULY 25, 2017, § <br> AND OTHER ASSETS FURTHER DESCRIBED HEREIN § <br> § <br> Defendants in Rem. § <br> _____§ | Case No. 1:25-cv-02085-CJN |

**DOMINIK BUECHSEL'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE CLAIM (Opposition, Dkt. 331)**

Dominik Buechsel ("Claimant"), pro se, respectfully replies to the Government's Opposition (Dkt. 331) and requests that the Court grant leave to file a verified claim under Supplemental Rule G(5)(a)(ii)(B).

**I. CLAIMANT'S IMMEDIATE AUGUST 29 ACTION DEMONSTRATES DILIGENCE THE GOVERNMENT DOWNPLAYS**

Claimant learned of this action on August 29, 2025, and **the same day** filed a Petition for Remission or Mitigation with the DOJ. The Government calls this irrelevant, but it is highly relevant: Claimant did not ignore notice; he asserted his interest in 0.47243488 BTC held in his BTC-e account (BTCET ticker) **before the September 2 deadline**. This satisfies Suntrust factor (D): "whether the claimant has advised the Court and the Government of her interest in the defendant property before the claim deadline." United States v. $83,686.00 in U.S. Currency Seized from Suntrust Acct. No. 1000018120112, 498 F. Supp. 2d 21, 24 (D.D.C. 2007).

**II. CLAIMANT'S DELAY STEMMED FROM GOOD-FAITH CONFUSION BETWEEN PARALLEL REMEDIES, NOT NEGLECT**

The Government disputes that the notice "emphasized" remission petitions over claims. Even if true, the notice created unavoidable confusion for a **pro se German claimant** unfamiliar with U.S. civil forfeiture procedure:

**1. Administrative vs. Judicial**: The DOJ petition (28 C.F.R. Part 9) is the **only** process explicitly designed for pro se, international claimants. It requires no ECF registration, no filing fees, no verified claim format, and no Answer deadlines. Supplemental Rule G requires technical civil litigation knowledge.

**2. Claimant's Reasonable Action**: On August 29, Claimant reasonably believed the DOJ petition preserved his rights to recover his 0.47243488 BTC. Only on December 7, 2025—after further research—did Claimant realize a separate court claim was needed. He filed the Motion the next day.


RECEIVED
FEB 12 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**3. Pro Se Leniency Applies**: Courts liberally construe pro se filings, especially procedural errors in complex areas. Haines v. Kerner, 404 U.S. 519 (1972).

### III. SUNTRUST FACTORS STRONGLY FAVOR CLAIMANT

**A. Time claimant became aware**: August 29, 2025 → immediate DOJ petition.

**B. Government encouragement of delay**: Notice structure reasonably directed pro se claimant to administrative track.

**C. Reasons for delay**: Good-faith confusion about parallel remedies, corrected promptly once discovered.

**D. Prior notice to Government**: DOJ petition filed August 29—four days before deadline.

**E. Prejudice to Government**: None identified. "Dozens of claimants" is manageable; Government has ample resources. No evidence lost, no deadlines missed.

**F. Timely enlargement request**: None needed pre-deadline (DOJ petition sufficed); post-discovery, acted within one day.

### IV. NO PREJUDICE; CONDITIONS CAN MITIGATE ANY CONCERN

The Government's "resource strain" claim is generic, not case-specific. The Court can grant leave conditioned on:
- Verified claim filed within 48 hours of order
- Answer filed per Rule G(8)

### V. EQUITY DEMANDS A MERITS REVIEW OF CLAIMANT'S 0.47243488 BTC

Denying leave forfeits Claimant's property without hearing his innocent-owner defense, despite immediate action on notice. Courts avoid this harsh result for diligent pro se claimants.

**CONCLUSION**: Grant leave to file late claim. Alternatively, grant with conditions.

_____
Respectfully submitted,

February 12, 2026

Dominik Buechsel
Eichenstr. 14, D-28879 Grasberg, Germany
(213) 373-5248
g-fire@gmx.de

_____

**CERTIFICATE OF SERVICE**

I certify that on February 12, 2026, I served a copy of this Reply via email to counsel for the Plaintiff: Joshua L. Sohn and Catherine Alden Pelker (USDOJ).

_____

*[signature]*

DOMINIK BUECHSEL