**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e | ) | |
| operating wallets as of July 25, 2017, and | ) | |
| other assets further described herein | ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**STATUS REPORT**

Plaintiff United States of America ("the Government") respectfully submits this Status Report pursuant to the Court's Minute Order of February 20, 2026.

On February 27, 2026, the Government met with counsel for the Mt. Gox bankruptcy trustee ("Mt. Gox"). In this meeting, the Government stated its position that the most important open issue regarding how to treat the Mt. Gox claim was whether there was tracing or other evidence that the stolen Mt. Gox cryptocurrency sent *to* BTC-e circa 2011-14 *remained* in BTC-e when the Government seized BTC-e's assets in 2017. Since the February 27 meeting, Mt. Gox counsel and Government counsel have traded information and evidence in an attempt to come to ground on this issue, and the parties agreed to hold another meeting where Mt. Gox counsel would lay out their tracing case. The parties have agreed to hold this meeting in late April or early May 2026 and are working to nail down a mutually-agreeable day in that timeframe.

Given the very large size of the Mt. Gox claim, the Government's decision on how to treat the Mt. Gox claim could greatly impact the contours and prospects for a global settlement. Indeed, several of the accountholder-claimants have told the Government that they fear an equitable

1

settlement would be impossible if Mt. Gox's claim remained in this case, because the Mt. Gox claim would "swallow up" or "greatly dilute" the accountholder claims. At this time, the Government does not take a firm position on whether the accountholder-claimants are correct, but the Government does agree that the fate of the Mt. Gox claim is very important for either settlement or merits litigation.

Separately, the FBI is continuing to try to ascertain the accountholder-claimants' account balances, including accounting for the high volume of cross-currency trading on the BTC-e platform. The FBI has made progress interpreting and calculating the cryptocurrency trading history for users. The FBI is continuing to work on calculating approximate users' balances that considers the cryptocurrency trading of users. The FBI requests additional time to work through the accounting for cryptocurrency trading.

For the foregoing reasons, the Government requests that the stay remain in place for an additional 60 days, and that the Government file another status report at that juncture.

The Court's February 20 Minute Order also asked for more specificity about "which claims [the Government] might move to strike on timeliness grounds." As a general matter, the Government believes that any claims filed after November 2025 should be struck as untimely, given the Government's publication notice and the high publicity of this case among the cryptocurrency community. The Government has, in fact, opposed several claims filed after that date. *See, e.g.,* Dkts. 317, 321. However, there could be exceptions to a November 2025 cut-off date, in both directions. For example, if a putative claimant had actual knowledge of this case well before November 2025, a claim filed even before the end of November 2025 could be struck as untimely. Conversely, a post-November 2025 claim might be excused if the claimant shows unusual and compelling circumstances, such as protracted illness that prevented an earlier claim

from being filed. One late-filing claimant raised that precise excuse, and the Government took no position of whether his claim should be allowed. *See* Dkt. 329.

Thus, the Government cannot provide a universal bright-line date after which it will seek to strike claims. The decision may depend on the specific facts of the claims.

Respectfully submitted,

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS
AND FORFEITURE SECTION

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
Trial Attorney
Money Laundering, Narcotics
And Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to all *pro se* parties whose email addresses are readily available.

By:     ___*/s/ Joshua L. Sohn*____
        Joshua L. Sohn