**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

United States of America,

     Plaintiff,

v.

All virtual currency held in the BTC-e
operating wallets as of July 25, 2017, and
other assets further described herein,

     Defendants in rem.

_____

**Civil Action No. 1:25-cv-02085-CJN**

**CLAIMANT'S MOTION FOR LIMITED DISCOVERY**
**(Production of Specific Government Communication;**
**Notice of Litigation Hold and Preservation Demand)**

**<u>INTRODUCTION</u>**

Claimant Kevin Reilly, appearing pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 26(d)(1) and the Court's equitable authority over this civil forfeiture proceeding for a limited order directing the Government to produce a single, specific email communication sent by prosecutors to the Northern District of California ("NDCA") Victim Assistance Unit on or about November-December 2024. This narrow discovery is essential for three independent reasons.

First, the email was expressly promised to Claimant by Victim Assistance Specialist Janice Pagsanjan and never delivered. Second, on February 12, 2025 — while the case remained in NDCA — Claimant served a formal written Demand for Retention of

RECEIVED

JUN 01 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Records on Specialist Pagsanjan covering precisely this category of communication, with a copy to the district office of U.S. Representative Brad Schneider. That demand was timely, properly directed, and has never been acknowledged or complied with. Third, the Government's May 20, 2026 Status Report confirms that global settlement negotiations are now actively underway, Mt. Gox counsel has been directed to contact accountholder claimants directly, and Claimant may be approached imminently for negotiations — making complete information about his own claim an immediate necessity, not a future convenience.

## BACKGROUND AND RELEVANT TIMELINE

### A. The Withheld Email and the Broken Promise of Disclosure

1.   Claimant Kevin Reilly is a verified accountholder claimant in this civil forfeiture action, having held an account at the BTC-e cryptocurrency exchange and seeking the return of assets seized by the Government.

2.   On or about November-December 2024, while this matter was still being handled by the U.S. Attorney's Office for the Northern District of California, prosecutors sent an email to Victim Assistance Specialist Janice Pagsanjan containing a substantive response regarding Claimant's matter.

3.   On December 11, 2024, Specialist Pagsanjan sent Claimant the following message: "The attorneys sent a further response but I have not had a chance to review it in order to get back to you given our limited staffing and upcoming trial in an unrelated case. I will plan to share their response before the upcoming holiday." Despite this express representation, the prosecutors' email was never shared with Claimant and its contents remain unknown to him to this day.(See Exhibit A.)

### B. The February 12, 2025 Litigation Hold and Retention Demand

4.   On February 12, 2025 — the same day the prisoner exchange involving Alexander Vinnik, the alleged BTC-e operator, was publicly announced — Claimant sent a formal written Demand for Retention of Records to Specialist Pagsanjan at the NDCA office, 450 Golden Gate Avenue, San Francisco, CA 94102. A copy of this demand was

simultaneously provided to Jake Kaplan, District Director for U.S. Representative Brad Schneider, creating an independent congressional record of the demand. (See Exhibit B.)

5.   The demand expressly required the U.S. Department of Justice, Northern District of California, to retain and preserve all records, documents, communications, and electronic data relevant to Alexander Vinnik and the BTC-e case involving Kevin Reilly, including specifically: (1) emails, correspondence, and internal communications; (2) memoranda, reports, and meeting notes; (3) electronically stored information including databases, logs, and metadata; and (4) any other records pertinent to ongoing or potential legal proceedings. The demand explicitly warned that "failure to retain these records may result in legal consequences, including but not limited to obstruction of justice or spoliation of evidence claims."

6.   Critically, Claimant directed this demand to NDCA because at that time — February 2025 — the case remained in NDCA and Specialist Pagsanjan's office was the proper and only known custodian of the relevant records. Claimant could not have directed the demand to Trial Attorney Joshua Sohn or the Money Laundering, Narcotics and Forfeiture Section ("MLARS") of the Criminal Division because MLARS did not receive the case until approximately May 2025. Claimant therefore directed his demand to exactly the right custodian at exactly the right time.

7.   The Government has never acknowledged receipt of the retention demand, never provided the written assurance of preservation requested therein, and never produced the withheld email.

**C. The Case Transfer and the Government's Continuing Preservation Obligation**

8.   When the case transferred from NDCA to MLARS in approximately May 2025, the Government bore an affirmative obligation to carry all preserved and responsive records — including the withheld email — forward as part of the case file. Any failure to do so reflects an internal government records management failure for which Claimant bears no responsibility and which cannot be used to defeat his right to the document.

**D. The May 20, 2026 Status Report and the Urgency of Immediate Production**

9.  The Government's May 20, 2026 Status Report (Dkt. ___) materially heightens the urgency of this motion. The Government reports that on May 13, 2026, it held its second meeting with Mt. Gox bankruptcy trustee counsel, at which Mt. Gox presented its legal and factual theory that the Defendant Assets are traceable to cryptocurrency stolen from Mt. Gox and routed through BTC-e. The Government is reviewing that presentation and plans a further meeting next month.

10.  Of immediate concern to Claimant, the Government has encouraged Mt. Gox counsel to contact accountholder claimants directly to explore a joint proposal for global resolution. The Government states it "believes (based on the tenor of the May 13 Mt. Gox meeting) that Mt. Gox has done so or will soon do so." Claimant may therefore be contacted imminently by Mt. Gox counsel regarding negotiations that will directly determine the size of any distribution available to accountholder claimants.

11.  Additionally, the Status Report confirms the FBI has made substantial progress assessing BTC-e account balances and that the Government plans to contact claimants whose accounts could not be located to request additional information on a voluntary basis. Claimant must know what the Government has already communicated about his claim before responding to any such outreach.

**ARGUMENT**

**I.  THE COURT HAS AUTHORITY TO ORDER LIMITED DISCOVERY IN THIS PROCEEDING.**

Civil forfeiture proceedings under 18 U.S.C. § 983 are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1) permits discovery of information "relevant to any party's claim or defense and proportional to the needs of the case." Courts in this Circuit have consistently applied this standard to permit targeted claimant discovery in civil forfeiture matters. The request here — one pre-identified email already promised to Claimant — is the narrowest possible exercise of this authority.

**II.  THE WITHHELD EMAIL IS DIRECTLY RELEVANT, PROPORTIONAL, AND WAS INTENDED FOR DISCLOSURE.**

Specialist Pagsanjan's December 11, 2024 email is a written government admission that (a) the document exists, (b) it contains a substantive prosecutorial response regarding Claimant's matter, and (c) it was intended to be disclosed to Claimant. A communication prepared for delivery to a third party is not shielded by attorney-client privilege or the work-product doctrine. See Fed. R. Civ. P. 26(b)(3); In re Sealed Case, 676 F.2d 793, 809-10 (D.C. Cir. 1982). The Government cannot now invoke privilege over a document it promised to produce.

The relevance of this email is acute given the current case posture. Mt. Gox's tracing theory — if credited — would reduce or eliminate the pool of assets available to accountholder claimants like Claimant. To evaluate Mt. Gox's claims, assess any joint proposal, and protect his own interests in the negotiations the Government's process now invites, Claimant must know what the prosecutors have already communicated about his claim. Producing one email is the minimum necessary to enable meaningful participation in the resolution process.

## III. THE FEBRUARY 12, 2025 RETENTION DEMAND TRIGGERED AND CONTINUES THE GOVERNMENT'S PRESERVATION OBLIGATION.

Claimant's February 12, 2025 Demand for Retention of Records constitutes formal written notice of anticipated litigation requiring preservation of all responsive records. This demand was served on the proper custodian — the NDCA Victim Assistance Unit — at the proper time, when the case remained in NDCA and no other custodian was known or accessible to Claimant. The demand expressly covered emails and internal communications related to the BTC-e case involving Kevin Reilly — a description that encompasses the withheld prosecutor email by its plain terms.

The preservation obligation triggered by that demand is continuous and survived the transfer of the case to MLARS. Federal agencies have well-established duties to preserve records subject to litigation holds through case transitions. See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (litigation hold obligations attach upon reasonable anticipation of litigation and require affirmative steps to preserve). The Government's failure to acknowledge the demand, confirm preservation, or produce the email raises serious concerns about whether these obligations have been honored.

Should the Government be unable to produce the email, Claimant respectfully requests that the Court order the Government to provide a sworn accounting of the document's current status, including whether it was preserved, transferred with the case file, and whether it can be located. If the Government cannot account for the document, Claimant reserves the right to seek appropriate relief under Fed. R. Civ. P. 37(e), including adverse inference instructions, for failure to preserve electronically stored information subject to a timely litigation hold.

## IV.  PRODUCTION IS CONSISTENT WITH THE STAY AND ADVANCES THE GOVERNMENT'S OWN RESOLUTION GOALS.

The Government has requested a 45-day stay extension to continue its resolution efforts. Claimant does not oppose the stay of general litigation. However, producing a single pre-identified email imposes no meaningful burden on the Government and is consistent with — indeed necessary for — the resolution process the Government seeks. A pro se claimant who lacks full information about prior Government communications regarding his own claim cannot participate constructively in the negotiations, account balance discussions, and joint proposals that the Government's process now contemplates. The interests of justice, judicial efficiency, and the Government's own stated goals all favor immediate production.

## **RELIEF REQUESTED**

For the foregoing reasons, Claimant respectfully requests that this Court:

1.   Order the Government to produce, within fourteen (14) days of the Court's order, the email(s) sent by prosecutors to Victim Assistance Specialist Janice Pagsanjan, U.S. Attorney's Office, Northern District of California, on or about November-December 2024, as referenced in Specialist Pagsanjan's December 11, 2024 email to Claimant, together with any attachments;

2.   In the alternative, if the Government asserts privilege as to any portion, order the Government to submit the withheld email to the Court for in camera review and produce all non-privileged content to Claimant;

3.   In the further alternative, if the Government asserts it cannot locate the email, order the Government to provide a sworn written accounting of the document's

4.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kevin Reilly

Kevin Reilly

262-893-8902

kreilly100@gmail.com

Pro Se Claimant

Dated: May 25,2026

## EXHIBITS

**Exhibit A** — Email from Victim Assistance Specialist Janice Pagsanjan to Kevin Reilly, dated December 11, 2024

RE: [EXTERNAL] Re: Alexander Vinnick

From: Victim AssistanceNDCA

To: kevin reilly

Date: Wed, 11 Dec 2024 16:21:56 +0000

Hello Mr. Reilly,

My apologies for the delay. The attorneys sent a further response but I have not had a chance to review it in

order to get back to you given our limited staffing and upcoming trial in an unrelated case.

I will plan to share their response before the upcoming holiday.

Regards,

Janice

| Janice Pagsanjan | Victim Witness Specialist | U.S. Attorney's Office | Northern District of CA| San Francisco, CA| 415.436.6993 office | 415.436.7218 fax

NOTICE: E-communications between a victim or witness, and the government are not privileged. Please do not use email to

discuss case-related factual information or details. If you wish to discuss any details of the case, please contact the case

agent directly.

From: kevin reilly <kreilly100@gmail.com>

Sent: Tuesday, December 10, 2024 12:02 PM

To: Victim AssistanceNDCA <Victim.AssistanceNDC@usa.doj.gov>; Pagsanjan, Janice (USACAN)

<JPagsanjan@usa.doj.gov>; Paige Hopkins <hopkinsreilly@gmail.com>

Subject: Re: [EXTERNAL] Re: Alexander Vinnick

Hi Janice -

Following up on this.

Thanks,

Kevin Reilly

Exhibit B — Demand for Retention of Records, Kevin Reilly to Janice Pagsanjan, dated February 12, 2025

Kevin Reilly

355 Kenilworth Ave
Kenilworth, IL 60043
kreilly100@gmail.com
262-893-8902
February 12,2025

Janice Pagsanjan

**janice.pagsanjan@usdoj.gov**

U.S. Department of Justice
Northern District of California
Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Subject: Demand for Retention of Records

Janice,

I am writing to formally demand the retention and preservation of all records, documents, communications, and electronic data relevant to Alexander Vinnik and the BTC-e case involving Kevin Reilly and Paige Hopkins. This demand is made pursuant to applicable federal laws and regulations governing record retention and preservation obligations.

Specifically, I request that the Department of Justice, Northern District of California, retain all records, including but not limited to:

1. Emails, correspondence, and internal communications related to Alexander Vinnik
2. Memoranda, reports, and meeting notes regarding Alexander Vinnik.
3. Electronically stored information (ESI), including databases, logs, and metadata associated with Alexander Vinnik.
4. Any other relevant records or communications, whether physical or digital, that may be pertinent to ongoing or potential legal proceedings.

The obligation to preserve evidence is a fundamental principle of due process and legal compliance. Failure to retain these records may result in legal consequences, including but not limited to obstruction of justice or spoliation of evidence claims.

Please confirm receipt of this letter and provide written assurance that all requested records will be preserved. Should you require any clarification or further details, I am available at your earliest convenience.

 **Kaplan, Jake** <Jake.Kaplan@mail.house.gov>

to me, Paige ▾

Without DOJ. Keep me posted if you don't receive a response from DOJ, please. I'll make an inquiry.

**Jake Kaplan**

Deputy Chief of Staff & District Director

Rep. Brad Schneider (IL-10)

O: 847-383-4870 | C: 847-707-4718 (call or text)

schneider.house.gov



*Sign-up for e-mail updates from Rep. Schneider!*



**CERTIFICATE OF SERVICE**

I hereby certify that on _____, I caused the foregoing Motion for Limited Discovery to be served upon the following counsel of record via CM/ECF and/or email:

      Joshua L. Sohn / Allison Ickovic, Trial Attorneys

      Money Laundering, Narcotics and Forfeiture Section

      Criminal Division, U.S. Department of Justice

      1400 New York Avenue NW, Washington, DC 20005

      joshua.sohn@usdoj.gov

      Catherine Alden Pelker, Trial Attorney

      Computer Crime and Intellectual Property Section

      Criminal Division, U.S. Department of Justice

      1301 New York Avenue NW, Washington, DC 20530

      catherine.pelker@usdoj.gov

_____

Kevin Reilly