**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e | ) | |
| operating wallets as of July 25, 2017, and | ) | |
| other assets further described herein | ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO CLAIMANT KEVIN
REILLY'S DISCOVERY MOTIONS**

In the span of two weeks, Claimant Kevin Reilly has filed three separate discovery motions, all of which he filed without meeting-and-conferring with the Government as required by Local Rule 7(m). First, on June 1, 2026, Reilly filed a conditional discovery motion asking that, "as a condition of any further stay, the Court direct the Government to disclose within seven days the exact dollar amount of assets forfeited by Alexander Vinnik to the United States in connection with the resolution of his criminal case, including any forfeiture commitments associated with his transfer to Russia in February 2025." (Dkt. 352 at 1). The motion does not allege that the Government failed to respond to an RFP or interrogatory seeking this information. Rather, Reilly immediately sought Court-ordered "disclosure" of information without going through the normal discovery process and without meeting-and-conferring. In any event, given that Reilly's motion was a "conditional" motion conditioned on the issuance of a further stay, the Court's lifting of the stay on June 10 mooted Reilly's motion.

Undaunted, Reilly filed a new discovery motion on June 14, 2026, phrased as a "supplement" to his moot conditional motion. (Dkt. 365). Like his prior motion, this motion was

1

not filed to compel responses to discovery requests that the Government failed to answer. Rather, like his prior motion, this motion was a free-standing *ab initio* demand for "disclosure" of information—different information from that sought in his prior motion. And like his prior motion, Reilly did not meet-and-confer with the Government before filing his June 14 motion.

These procedural faults doom Reilly's June 14 motion multiple times over. Nonetheless, if the Court somehow reached the merits of Reilly's June 14 motion, the motion is meritless. First, the motion seeks:

> With respect to the 2017 FinCEN civil money penalties assessed against BTC-e ($110,003,314) and Alexander Vinnik ($12,000,000): (a) the form in which any portion of those penalties was paid or collected (cryptocurrency or fiat currency); and (b) whether any cryptocurrency received in satisfaction of those penalties is still held by the Government in cryptocurrency form, and if so, the current quantity and type of cryptocurrency held.

Dkt. 365 at 1. But as the Complaint in this action shows (Dkt. 1 at ¶ 11), the Defendant Assets do not comprise any FinCEN penalties assessed against Vinnik. Thus, Reilly's request is not tied to the Defendant Assets and is irrelevant.

The June 14 motion next seeks:

> With respect to the forfeiture by Alexander Vinnik in connection with the February 2025 prisoner exchange: (a) the total amount forfeited; and (b) the form in which that forfeiture was satisfied (cryptocurrency or fiat) and the current form in which the Government holds those assets.

Dkt. 365 at 1. This request, on its face, refers to hypothetical *already-forfeited* funds and thus is not tied to the Defendant Assets either.

The June 14 motion next seeks:

> With respect to the assets restrained in New Zealand in connection with Alexander Vinnik and/or Canton Business Corporation (approximately NZ$140 million): (a) the current status and value of those assets; and (b) whether any portion was received or is currently held in cryptocurrency.

Dkt. 365 at 1-2. This request is at least tied to a subset of the Defendant Assets—namely, Defendant Assets (B) and (C) from the Complaint. *See* Dkt. 1 at ¶ 11. But the Complaint already discloses the information Reilly seeks—namely, the denomination and value of these assets.[1]

The dénouement of Reilly's June 14 motion, addressing all the above-referenced discovery requests, says: "This information is necessary for Claimant to understand the true economic recovery obtained by the Government in these related actions and to evaluate his claim accordingly." Dkt. 365 at 2. This shows how Reilly's discovery requests are meritless, as Reilly has claimed on a relatively small, discrete amount of identified currencies. (Dkt. 193 (Reilly claim)). Making broad-brush demands regarding the overall "economic recovery obtained by the Government in these related actions" is not relevant (or at least not proportional) given the limited nature of Reilly's claim.

Finally, apart from the June 14 motion, Reilly filed yet another discovery motion in the same general timeframe (Dkt. 353). The Government separately opposed that motion (Dkt. 362) and incorporates its Opposition thereto.

\* \* \*

For the foregoing reasons, the Government respectfully requests that the Court deny Reilly's motions and admonish Reilly to follow the rules of civil discovery, including the meet-and-confer requirements of Local Rule 7(m).

DATED: June 15, 2026    MARGARET A. MOESER
           CHIEF
           MONEY LAUNDERING, NARCOTICS AND
           FORFEITURE SECTION

---

[1] To be sure, the Complaint is just an allegation, but it is the *Government's* allegation. Asking the Government to "disclose" a fact that the Government has already disclosed in its Complaint is redundant. Reilly already knows the Government's contention as to the value and denomination of the New Zealand assets.

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
ALLISON ICKOVIC
Trial Attorneys
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Assistant Deputy Chief
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to claimant Kevin Reilly at her identified email address of kreilly100@gmail.com.

By:    ___*/s/ Joshua L. Sohn*____
           Joshua L. Sohn