**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e | ) | |
| operating wallets as of July 25, 2017, and | ) | |
| other assets further described herein | ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO PUTATIVE
CLAIMANT PAUL RESCH'S MOTION FOR LEAVE TO FILE LATE CLAIM**

The Government respectfully opposes putative claimant Paul Resch's motion for leave to file a late claim in this case (Dkt. 339). As shown in the Government's Declaration of Publication (Dkt. 292), publication notice of this case was given to the world beginning on July 4, 2025. Thus, under Supplemental Rule G(5)(a)(ii)(B), claims were due by September 2, 2025.

While slightly-late claims might be excused when submitted by individuals who were reasonably ignorant of this case, Resch brought his motion for leave on February 18, 2026, many months after the claim deadline. There is no good cause for the Court to allow a late claim that is this dilatory. *See* Supp. Rule G(5)(a)(ii) (the claim deadlines set forth in Rule G control "unless the court for good cause sets a different time"). This case has been well-publicized, both on the Government's forfeiture website and on online chatrooms and message boards among the cryptocurrency community. For example, on October 2, 2025, Alexander Anderbeek filed a motion for leave to file a late claim, explaining that he recently learned of this case through a Reddit post. (Dkt. 230). On November 18, 2025, Patricia Moore filed a motion for leave to file a late claim, saying she recently learned of this case through an online post. (Dkt. 282). Numerous

1

other motions for leave were filed by other putative claimants in Sept.-Nov. 2025, which stated vaguely that the putative claimants learned about this case "independently." Thus, had Resch exercised *reasonable* diligence as a purported BTC-e account-holder, he could have learned of this case far earlier through available public sources. *See generally A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) ("The primary factor in determining whether good cause exists is the diligence of the party").

But Resch's position is even worse than that of most late-filing claimants, because Resch admits that he had actual notice of this case back in "late December 2025." Dkt. 339 at 1. Yet Resch waited nearly two months (until February 18, 2026) to try to file a claim. This lassitude does not constitute reasonable diligence, and Resch cannot overcome his lack of diligence by saying that he thought remission "was the exclusive remedy." *Id.* If Resch was sophisticated enough to understand the remission process, he should have been sophisticated enough to understand the claims process as well, particularly given the public online discussion of this case among the crypto community.

DATED: June 17, 2026

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS AND
FORFEITURE SECTION

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
ALLISON ICKOVIC
Trial Attorneys
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223

joshua.sohn@usdoj.gov

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Assistant Deputy Chief
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to putative claimant Paul Resch at his identified email address of p.resch@liwest.at.


By:     _/s/ Joshua L. Sohn_____
         Joshua L. Sohn