**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

United States of America,

      Plaintiff,

v.

All virtual currency held in the BTC-e
operating wallets as of July 25, 2017, and
other assets further described herein,

      Defendants in rem.

_____

**Civil Action No. 1:25-cv-02085-CJN**

**Hon. Carl J. Nichols**

### PRO SE CLAIMANT KEVIN REILLY'S REPLY IN SUPPORT OF MOTION FOR LIMITED DISCOVERY (Dkt. 353)

### <u>INTRODUCTION</u>

The Government's opposition to Claimant's Motion for Limited Discovery (Dkt. 362) rests on two arguments: a procedural objection based on Local Rule 7(m)'s meet-and-confer requirement, and a substantive claim that the withheld email chain is protected opinion work product under Fed. R. Civ. P. 26(b)(3)(B). Neither argument warrants denial of the motion. The meet-and-confer requirement has been satisfied through subsequent written exchanges. The work product claim, while facially plausible, is undermined by the Government's own conduct — including a written promise to share the document, an oral disclosure of its substantive conclusion to Claimant, and a sworn declaration that inadvertently confirms the document's direct relevance to Claimant's status in this proceeding. At minimum, the Court should conduct in camera review before accepting the Government's characterization of a document that Claimant has never seen.

### <u>ARGUMENT</u>



RECEIVED

JUN 22 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## I.  THE MEET-AND-CONFER REQUIREMENT HAS BEEN SATISFIED.

The Government argues that Claimant failed to meet and confer before filing his motion as required by Local Rule 7(m). While Claimant acknowledges that the meet-and-confer did not occur before the motion was filed, it has since occurred through written exchanges between the parties — which is precisely what the rule is designed to produce.

On June 11, 2026, Government counsel sent Claimant a detailed email explaining the Government's position on the withheld email chain — its characterization as opinion work product, the Government's account of what Ms. Pagsanjan intended to communicate, and the Government's request that Claimant withdraw the motion. Claimant responded in writing, declining to withdraw and stating his reasons. This exchange constitutes a complete meet-and-confer on the substance of the motion. The purpose of Local Rule 7(m) — to resolve discovery disputes without court intervention where possible — has been served. The procedural objection is moot.

Courts in this Circuit routinely excuse meet-and-confer timing defects where the conference has since occurred and the purpose of the rule has been served. The Government's own detailed opposition — filed on the merits — confirms that no further conferral would narrow the dispute or avoid court intervention. Denying the motion on procedural grounds alone under these circumstances would elevate form over substance in a manner inconsistent with the Federal Rules' preference for resolution on the merits

## II.  THE WORK PRODUCT DOCTRINE DOES NOT SHIELD THIS DOCUMENT FROM REVIEW.

The Government asserts that the withheld email chain is protected opinion work product under Fed. R. Civ. P. 26(b)(3)(B). Claimant does not dispute that attorney mental impressions and legal strategies can qualify for this protection. However, the Government's work product claim is undermined by three independent grounds, each of which independently warrants in camera review.

### A.  The Government's Written Promise to Share the Document Constitutes Waiver.

On December 11, 2024, Victim Witness Specialist Janice Pagsanjan sent Claimant the following: "The attorneys sent a further response but I have not had a chance to review it in order to get back to you given our limited staffing and upcoming trial in an unrelated case. I will plan to share their response before the upcoming holiday." (See Exhibit A.) This is a straightforward written promise to share a document. Work product protection can be waived when a party voluntarily discloses or commits to disclose the protected material to a third party. While opinion work product receives heightened protection requiring 'extraordinary justification' for discovery,

In re Sealed Case, 676 F.2d 793, 809-10 (D.C. Cir. 1982), that standard is met here by three independent grounds: an express written promise of disclosure constituting waiver, an oral disclosure of the document's substantive conclusion, and the document's direct relevance to Claimant's imminent status determination under the Court's June 10 order — each of which is addressed below

Ms. Pagsanjan's declaration now states, under oath, that she was "inartfully phrased" and never intended to share the document. (Pagsanjan Decl. ¶ 4.) This reinterpretation of plain English — "I will plan to share their response" now means "I will incorporate their input before communicating further" — is itself evidence of ambiguity that the Court should resolve by examining the document directly. Claimant respectfully submits that a promise to share a document, made in writing to its intended recipient, is not "inartful phrasing" — it is a commitment. The Government should not be permitted to retroactively assert privilege over a document that its own employee represented in writing would be shared with Claimant.

.The Government's position — that a written promise to share a document can be recharacterized under oath as meaning something else entirely — is precisely the kind of factual dispute that in camera review exists to resolve. The Court need not accept either party's characterization. It can read the document itself.

**B.   The Government Orally Disclosed the Substance of the Document to Claimant.**

On January 7, 2025, an individual identifying herself as Maureen French, Victim Witness Supervisor in the Northern District of California, called Claimant and stated that he does not qualify as a victim in this case. Following the call, Claimant sent a written email to Ms. French demanding written confirmation of what was communicated. (See Exhibit D.) No written confirmation was ever provided.

On March 19, 2025, Claimant sent a follow-up email directly to Ms. French at her official DOJ email address, explicitly referencing the January call and quoting her exact words: that the prosecutor had decided Claimant 'did not qualify as a victim in this case' and should 'go away.' (See Exhibit D.) Ms. French responded to Claimant's March 19 email on the same date — but did not deny making the call, did not deny the substance of what was communicated, and did not respond to Claimant's questions about who made the determination, how it was reached, or why it was communicated by telephone rather than in writing. Her non-response to those specific questions, on the record, is itself significant.

Ms. Pagsanjan's declaration now confirms under oath that the withheld email chain "at most discuss[es] Mr. Reilly's potential status as a victim vel non." (Pagsanjan Decl. ¶ 3.) This sworn statement confirms that the oral disclosure by Ms. French and the contents of the withheld email address the same subject matter: Claimant's status as a victim. The Government cannot maintain work product protection over a written analysis whose conclusion it has already communicated orally to the very person from whom it now seeks to withhold the document. Selective disclosure of the conclusion while protecting the reasoning is inconsistent with the purposes of the work product doctrine and further supports in camera review.

**C.   The Document Is Directly Relevant to Claimant's Status at a Critical Procedural Moment.**

Ms. Pagsanjan's declaration confirms that the withheld email discusses Claimant's "potential status as a victim vel non." This Court's June 10, 2026 Minute Order directs the Government to file, on or before July 10, 2026, a motion to strike any claim it objects to, and to produce a chart listing each claimant and whether the Government objects to the timeliness of their claim. The Government is therefore imminently required to take a formal, written position on Claimant's status in this case.

Claimant is entitled to know whether the Government's internal analysis — discussed in the withheld email and reflected in the oral statement made to Claimant in January 2025 — is informing the position the Government is about to take in its July 10 motion to strike. If the Government intends to challenge Claimant's standing while simultaneously withholding the document that reflects its internal assessment of that standing, Claimant cannot meaningfully prepare his response. The timing could not be more acute: Claimant's ability to participate in this proceeding may depend on the very information the Government seeks to withhold.

**III. IN CAMERA REVIEW IS THE APPROPRIATE REMEDY.**

Even if the Court concludes that the work product doctrine applies to some or all of the withheld email chain, Claimant respectfully requests in camera review before any final ruling on discoverability. Claimant's motion has always requested this as alternative relief. In camera review is particularly appropriate here because: (1) the Government's own conduct — the written promise, the oral disclosure, and the sworn confirmation of relevance — creates factual questions about both waiver and the scope of privilege that cannot be resolved without examining the document; (2) the document's relevance to Claimant's imminent status determination under the Court's June 10 order creates acute need that may overcome even otherwise-applicable privilege; and (3) Ms. Pagsanjan's declaration acknowledges that only some parts of the email chain address Claimant — suggesting that non-privileged portions may be segregable and producible without compromising any legitimate work product interest.

**IV.   THE GOVERNMENT'S REQUEST TO ADMONISH CLAIMANT IS WITHOUT BASIS.**

The Government asks the Court to admonish Claimant for filing this motion without first meeting and conferring. As set forth above, the meet-and-confer has since occurred and the procedural purpose has been served. Claimant respectfully submits that seeking basic information about a document that was promised to him in writing, after eighteen months of documented unsuccessful attempts to obtain it through every available channel, is not conduct warranting admonishment. Courts apply a liberal standard to pro se litigants on procedural

questions precisely because they lack counsel. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Admonishing a pro se innocent victim for a meet-and-confer timing defect — in a case where the Court has already found that claimants are prejudiced by Government delay — is inconsistent with that standard. The Government's request speaks for itself.

## **CONCLUSION**

For the foregoing reasons, Claimant respectfully requests that the Court deny the Government's request to dismiss the motion, conduct in camera review of the withheld email chain, and order production of any non-privileged portions — including, at minimum, any portions addressing Claimant's status as a victim or claimant in this proceeding, given the Government's imminent obligation to take a formal position on that very question under the Court's June 10, 2026 order.

Respectfully submitted,

_____

Kevin Reilly

314 Oxford Rd

Kenilworth, IL 60043

262-893-8902

kreilly100@gmail.com

Pro Se Claimant

Dated: June 22, 2026

### **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth above, I caused the foregoing Reply to be served upon the following counsel of record via CM/ECF and/or email:

Joshua L. Sohn / Allison Ickovic, Trial Attorneys

Money Laundering, Narcotics and Forfeiture Section

Criminal Division, U.S. Department of Justice

1400 New York Avenue NW, Washington, DC 20005

joshua.sohn@usdoj.gov

Catherine Alden Pelker, Assistant Deputy Chief
Computer Crime and Intellectual Property Section
Criminal Division, U.S. Department of Justice
1301 New York Avenue NW, Washington, DC 20530
catherine.pelker@usdoj.gov

_____

Kevin Reilly

## EXHIBITS TO THIS REPLY

Exhibit A — Email from Janice Pagsanjan to Kevin Reilly, December 11, 2024

Exhibit D — Email chain between Kevin Reilly and Maureen French (USACAN), January 7, 2025 and March 19, 2025, including Claimant's written demand for confirmation of January 7 telephone communication and Government's non-response to same

Exhibit E — Carrier call log reflecting incoming call on or about January 7, 2025