**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

United States of America,
*Plaintiff,*
v.
All virtual currency held in the BTC-e operating wallets
as of July 25, 2017, and other assets further described herein,
*Defendants in rem.*

Civil Action No. 1:25-cv-02085-CJN
Hon. Carl J. Nichols

**PRO SE CLAIMANT PAIGE HOPKINS' REPLY IN SUPPORT OF
MOTION FOR PRODUCTION OF ACCOUNT RECORDS**

**INTRODUCTION**

Claimant Paige Hopkins respectfully submits this reply to the Government's Opposition (Dkt. 366). Claimant does not dispute the Government's representation that it is working to produce account records and intends to do so. That assurance is welcome, and Claimant looks forward to receiving her records. She understands production is expected on or about July 10, 2026, and she takes the Government at its word.

This reply is filed for two purposes. First, to clarify why this motion was filed in the first place — not out of procedural obstinance, but out of direct experience. Second, to respond to a footnote in the Government's opposition that this Court should not allow to pass without a measured response.

**ARGUMENT**

**I.  THE MOTION IS NOT MOOT UNTIL RECORDS ARE ACTUALLY PRODUCED.**

The Government argues that this motion is moot because it is already working to produce records. But a representation of intent is not production. The motion sought account records within fourteen days. Those records have not been produced. The motion remains live until they are. Claimant respectfully requests that the Court's order confirm a production date — on or about July 10, 2026, consistent with the Government's representation — so that there is a docket entry reflecting that commitment.

**II.  THE LOCAL RULE 7(m) CONCERN IS UNDERSTANDABLE, BUT THE CIRCUMSTANCES EXPLAIN THE FILING.**

Claimant acknowledges Local Rule 7(m) and the expectation that parties confer before filing. She does not dispute that principle. However, Claimant is a pro se litigant without legal counsel navigating a complex multi-party forfeiture proceeding involving assets seized nearly nine years



RECEIVED

JUN 22 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

ago. She filed this motion not out of disregard for procedure, but out of a specific and well-founded concern rooted in prior experience in this very case.

Earlier in this litigation, the Government facilitated a negotiation process to resolve claims related to Mt. Gox. That process involved discussions between the Government and attorneys representing certain claimants. Pro se claimants — including Claimant — were entirely excluded from those negotiations. The process concluded without any participation by unrepresented claimants who had an equal stake in its outcome.

When Claimant learned that account verification was underway following the Court's June 10, 2026 order lifting the stay, she did not know whether the same pattern would repeat itself. She filed this motion to ensure she was not once again left out of a process affecting her rights, not because she believed the Government was acting in bad faith. Had she known that a simple email would have sufficed, she would have sent one. She is a reasonable person doing her best to protect her interests without the benefit of counsel.

Claimant places the Mt. Gox exclusion on the record not to relitigate past events, but so that the Court is aware of the experience that prompted this filing, and so that the record reflects her concern that pro se claimants not be excluded from future processes in this case.

### III. THE GOVERNMENT'S FOOTNOTE WARRANTS A BRIEF RESPONSE.

The Government's opposition includes a footnote noting that Claimant is married to another claimant in this case, Kevin Reilly, and stating that the filing of discovery motions without prior meet-and-confer "must cease." Claimant responds to this directly, and with respect.

Claimant Paige Hopkins is an independent party in this action. She filed her own verified claim. She filed this motion in her own name, based on her own concern about being excluded from a process affecting her own account. Her filing should be evaluated on its own terms, not filtered through the Government's frustration with another claimant.

The suggestion that a wife's pro se participation in litigation involving her own property is somehow improper because her husband has also filed motions is a troubling framing. Claimant's father served this country as a graduate of the United States Air Force Academy. Her grandfather wore the rank of General in the United States Army. Her son currently serves as an officer in the Air Force. She was raised to believe that access to justice is not contingent on having an attorney, and that the right to be heard does not disappear because the Government finds the exercise of that right inconvenient.

Claimant has not filed serial or frivolous motions. She filed one motion, for one account, seeking one category of records, on a specific date. That is the narrowest possible ask. The Government's characterization of this as behavior that "must cease" is disproportionate and, frankly, discouraging to any unrepresented person trying to participate in good faith in a proceeding that will determine whether their property is returned to them.

### RELIEF REQUESTED

Claimant respectfully requests that the Court:

1.   Note on the record that production of Claimant's BTC-e account balance as of July 25, 2017 and complete transaction history is expected on or about July 10, 2026, consistent with the Government's representation, and that should production not occur by that date, the Court treat this motion as still pending and ripe for decision;

2.   Note on the record that pro se claimants, including Claimant, were excluded from the Mt. Gox negotiation framework conducted earlier in this proceeding, and that this exclusion informed the filing of the instant motion; and

3.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Paige Hopkins
hopkinsreilly@gmail.com
Pro Se Claimant
Dated: June 22, 2026

---

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026, I caused a copy of the foregoing Reply to be served upon counsel of record via the Court's CM/ECF system.

/s/ Paige Hopkins
Paige Hopkins