**RECEIVED**
MAILROOM

JUN 24 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,
Defendant in rem.

**Civil Action No. 1:25-cv-02085 (CJN)**
**Hon. Carl J. Nichols**

**Irwin bin Ahmad,**
**Pro Se Claimant**

**MOTION FOR LEAVE TO FILE A LATE CLAIM AND FOR RELIEF FROM FORFEITURE**

**PRELIMINARY STATEMENT**

Claimant, Irwin bin Ahmad, a citizen of Malaysia and resident of Singapore, respectfully moves this Court for leave to file a late claim of ownership in the Defendant assets (the virtual currency, fiat currency, and other property held in BTC-e operating wallets and associated accounts as of July 25, 2017). Alternatively, Claimant requests relief from any default judgment entered in this matter.

Claimant was unaware of these forfeiture proceedings until on or about 5 June 2026, when Claimant inadvertently discovered the case listing while conducting a general internet search. Claimant had no prior actual notice of this action.

The government has indicated its intent to oppose late claims filed after December 12, 2025. Claimant respectfully submits that his circumstances — as a foreign national with no U.S. ties, no direct notice, and no reason to monitor U.S. legal proceedings against a defunct foreign exchange — constitute excusable neglect warranting relief.

**BACKGROUND**

At the time of his use (primarily 2013–2015), Claimant understood BTC-e to be a legitimate cryptocurrency exchange. It was among the largest exchanges available to non-U.S. residents, processing billions of dollars in transactions for over one million users. Claimant had no knowledge of, nor any reason to suspect, any unlawful activity associated with the platform.

Following the FBI's seizure of BTC-e in July 2017, Claimant considered his investments lost and did not actively monitor news regarding the exchange. It was only by chance, on 5 June 2026, that Claimant discovered the pending forfeiture action.

**ARGUMENT**

**I. Claimant Has a Valid Ownership Interest in the Defendant Assets**

Claimant is the lawful owner of virtual currency deposited into BTC-e under the username: **impboy**.

Claimant used a single, consistent BTC-e internal deposit address for all his transfers into the exchange. That address is:

**BTC-e Deposit Address: 15Y9ECvVdHYe9UUGC2oSXNSRk1AcvMKtUA**

Through that address, Claimant deposited a total of **73.55989048 BTC** into his BTC-e account from his personal holdings.

The majority of these bitcoin were lawfully purchased through **CoinJar**, a regulated and AUSTRAC-registered cryptocurrency exchange based in Australia, for which Claimant possesses complete transaction records.

A smaller portion of these bitcoin were obtained through peer-to-peer trades on LocalBitcoins.com, for which Claimant possesses CSV transaction records showing the same destination BTC-e address. While the associated bank account is no longer accessible, the LocalBitcoins records themselves evidence the legitimate nature of those trades.

## II. Claimant's Failure to Timely File Was Due to Excusable Neglect

Claimant is a foreign national residing in Singapore. He is not a resident of the United States, does not regularly monitor U.S. government websites, and was never directly notified of this forfeiture action by any government agent via mail, email, or other means.

The government published notice on an official forfeiture website. Under the circumstances — specifically, Claimant's foreign residency, lack of any continuing duty to monitor U.S. legal proceedings against a defunct foreign entity, and the unexpected closure of BTC-e in July 2017 leaving users without access to their accounts — Claimant's failure to discover the notice and file a timely claim constitutes excusable neglect.

Upon discovering the case, Claimant acted diligently to locate all available records and prepare this motion.

## III. The Government Will Not Be Prejudiced

The defendant assets remain within the custody of the Court. Allowing Claimant to intervene will simply permit the Court to hear from a true owner of a portion of the seized assets before final disposition. No government resource has been expended in reliance on Claimant's absence, as no default judgment has been executed.

Moreover, the government has access to BTC-e's internal account records. Verifying Claimant's ownership and determining the contents of his account requires only a records check — a minimal burden that does not prejudice the government.

## IV. Claimant's Evidence Summary

Claimant can produce the following documentary evidence:

| Exhibit | Description |
| --- | --- |
| A | BTC-e withdrawal confirmation email showing Claimant's username |
| B | CSV transaction records from LocalBitcoins.com showing deposits to Claimant's BTC-e address |
| C | Transaction records from CoinJar showing bitcoin purchases and transfers |

| D | Documentation of Claimant's BTC-e internal deposit address and total deposited amount (73.55989048 BTC) |
|---|---|

## CONCLUSION

For the foregoing reasons, Claimant respectfully requests that the Court grant him leave to file his late verified claim and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 8 day of June, 2026.


Irwin bin Ahmad
Blk 288, Choa Chu Kang Avenue 3,
#16-282, 680288 Singapore
irwin.ahmad@gmail.com
+65 83011830

**Pro Se Claimant**