RECEIVED
MAILROOM

JUN 24 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,

Defendant in rem.

**Case No. 1:25-cv-02085 (CJN)**

**IRWIN BIN AHMAD'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE CLAIM**

**Claimant, Irwin bin Ahmad, pro se,** respectfully replies to the Government's Opposition (Dkt. 359) and requests that the Court grant leave to file a verified claim under Supplemental Rule G(5)(a)(ii)(B).

## I. CLAIMANT'S FOREIGN RESIDENCE DISTINGUISHES THIS CASE FROM THE ONLINE "PUBLICITY" CITED BY THE GOVERNMENT

The Government argues the case was "well-publicized" because other claimants saw it on Reddit. However, **Mr. Ahmad is a citizen of Malaysia and resident of Singapore**.

Unlike U.S. residents who are expected to monitor domestic court dockets or English-language crypto forums, a foreign national cannot be held to the same standard of "diligence".

1. **Burden of Proof**: The Government has provided zero evidence that any Malaysian or Singaporean news outlet covered this case.
2. **Reasonable Expectation**: After the FBI shut down BTC-e in 2017, Mr. Ahmad reasonably wrote off his investment as a total loss. Revisiting a defunct exchange 9 years later to search for U.S. lawsuits is not "reasonable diligence"—it is a futile effort to find a needle in a haystack.
3. **Reddit Usage**: While Mr. Ahmad has a Reddit account, he strictly monitors topics wholly unrelated to cryptocurrency litigation (e.g., manga, forex trading, sourdough baking). The Government cannot impute knowledge to him based on the unrelated internet habits of others.

## II. THE GOVERNMENT SUFFERS NO PREJUDICE FROM THIS SINGLE, LATE-FILING CLAIMANT

The Government claims it is prejudiced because responding to "voluminous discovery requests" from "dozens of litigation adversaries" is time-consuming.

This argument ignores that **Mr. Ahmad is just one person**. The docket already contains claims from dozens of other accountholders. Adding Mr. Ahmad to the list of existing parties does not materially change the Government's discovery burden in a case of this magnitude.

Furthermore, the Government has access to BTC-e's internal account records. Verifying Mr. Ahmad's ownership requires a simple records check—a minimal task that cannot constitute "prejudice."

## III. THE SUNTRUST FACTORS WEIGH IN FAVOR OF GRANTING LEAVE

The Government cites the *Suntrust* factors but misapplies them to Mr. Ahmad's unique foreign circumstances:

- **Factor A (Time of awareness)**: Mr. Ahmad became aware only recently and filed immediately.
- **Factor C (Reasons for delay)**: As a non-U.S. resident with no ties to America, Mr. Ahmad had no reason to believe his assets were involved in a U.S. legal proceeding.
- **Factor E (Prejudice to Government)**: None. The assets are frozen. Adding Mr. Ahmad changes nothing except ensuring justice is served.

## IV. PRO SE STATUS REQUIRES LIBERAL CONSTRUCTION

Courts are required to liberally construe pro se filings, especially procedural errors in complex areas like civil forfeiture. *Haines v. Kerner*, 404 U.S. 519 (1972).

The Government's request to strike Mr. Ahmad's claim for a 9-month delay—when he had zero actual notice—violates the principle that default judgments are disfavored and cases should be decided on the merits.

**CONCLUSION**

For the foregoing reasons, the Court should grant Mr. Ahmad leave to file his late verified claim. In the alternative, the Court should conditionally grant leave requiring Mr. Ahmad to file his verified claim within 48 hours of the Court's order.

Respectfully submitted this 13th day of June, 2026.

Irwin bin Ahmad, Pro Se Claimant
Block 288 Choa Chu Kang Avenue 3, #16-282 Singapore 680288