UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ALL VIRTUAL CURRENCY HELD IN THE      **Case No. 1:25-CV-02085**
BTC-E OPERATING WALLETS, et al,

      Defendants *in rem*,

1.     JOSEPH BARRETT
2.     MARC ANDRE GUINDON
3.     JUAN MATEO LORENZO
4.     ARON OPTHUN
5.     KIRK OUIMET
6.     MICHAEL BARTH VIK
7.     FELIX CORREA
8.     RADOSLAV BARKA
9.     JOHN BARNES
10.    MARIO CASAR
11.    ZACHARY GLYNN
12.    DANIEL GROVES
13.    OLEKSANDR HARSHYN
14.    BRANDON JUREWICZ
15.    WEIBIN LAM
16.    BRADLEY MARION
17.    MAXIMILIAN PARUSEL
18.    KEVIN TILLBROOK
19.    RYAN UNDERWOOD
20.    DAVID WEEKS
21.    LENNART MATTIAS WERNER
22.    ALEKSANDR LINENKO
23.    BRUCE TIEMANN
24.    KAZJIN YASIN SALIH
25.    BENJAMIN JAMES MORAN
26.    PAUL RHODES
27.    ALDIS RIGERTS
28.    ERIC SANDRI
29.    NIKOS VERSCHORE

      Claimants.

_____/

## CAPTIONED CLAIMANTS' OPPOSITION TO GOVERNMENT'S

## MOTION FOR EXTENSION OF TIME

Claimants respectfully oppose the Government's July 8, 2026 motion seeking a three-week extension [1] of the July 10, 2026 deadlines set by this Court's June 10 Minute Order, namely, the deadline to file a joint status report and proposed scheduling order, and the deadline for the Government to identify claims it seeks to strike on timeliness grounds.

The Government's stated reasons for the extension – summer holidays, preparation for a criminal trial, and official international travel – do not constitute good cause. These are ordinary logistical challenges of Government practice, not unforeseen circumstances, and they do not justify further delay to Claimants, who, as just litigated, have been waiting nearly a decade to simply start the formal process for trying to obtain a return of their seized property.

This case has been pending since June 2025 and the underlying seizure occurred in July 2017, nearly nine years ago; the Government had obtained plea agreements in the underlying criminal case/s by early 2025. As previously briefed, the Government continues to hold Claimants' cryptocurrency, the value of which has already deteriorated significantly since the complaint was filed. *See* ECF No. 356 at 4 (loss of nearly $28 million in value in under a year on with regard to the seized BTC alone). Every additional week of delay compounds that harm.

Claimants therefore submit that the Government has had ample time to assess its position at least at this early pleading stage of the case sufficient to merely draft the Court ordered joint status report and proposed scheduling order. The Court unstayed this case on June 10, 2026

---

[1] Undersigned normally are inclined to consent to short extensions as professional courtesy to accommodate opposing counsel's scheduling, but the particular circumstances of this case at this time require this opposition to fulfill counsel's duty to zealously advocate for their 29 clients.

precisely because further delay was prejudicial to Claimants. Granting an additional extension would undermine that determination.

The Government also argues that further delay is warranted because it is "evaluating additional BTC-e server information." Yet, "additional BTC-e server information" has no bearing on either the timeliness of any claim or the content of the status report and proposed scheduling order. In fact, to the extent that additional server data may affect the Government's assessment of any claims, in any substantive way, it underscores the necessity to move forward with discovery. If "additional" information exists that bears on the claims in this case, it should be disclosed to Claimants promptly through discovery rather than used as a basis to further delay proceedings. Claimants have repeatedly sought access to precisely this information – that which "may affect the Government's position (and the Court's assessment) regarding [claims in this case]." *See* ECF No. 341 at 5; ECF No. 356 at 2.

Insofar as the Government's motion also seeks to delay the deadline for identifying untimely claims, the composition of the claimant pool has been an open and unresolved issue for months. These claims have been on file for months; the Government has already opposed several of the pending motions on timeliness grounds, and is well-positioned to formalize its position as to any other tardy claims without additional time.

For the foregoing reasons, Claimants respectfully request that the Court deny the Government's motion for extension.

Respectfully Submitted,

Date: July 9, 2026

By: /s/ *Edward M. Burch*
EDWARD M. BURCH
Law Office of Michael and Burch, LLP
One Sansome Street, Suite 1400

2

San Francisco, CA 94104
Telephone:    (415) 946-8996
E-mail:        edward@michaelburchlaw.com

/s/*Leslie Sammis*
LESLIE SAMMIS
Sammis Law Firm, P.A. 1005 N. Marion St.
Tampa, Florida 33602
Telephone: (813) 250-0500
Email: lsammis@sammislawfirm.com

s/*David B. Smit*h
DAVID B. SMITH, D.C. Bar #403068
David B. Smith, PLLC
108 North Alfred St., 1st Floor Alexandria, VA
22314
Telephone: (703) 548-8911
Email: dbs@davidbsmithpllc.com

Attorneys for Certain Claimants
1.    JOSEPH BARRETT
2.    MARC ANDRE GUINDON
3.    JUAN MATEO LORENZO
4.    ARON OPTHUN
5.    KIRK OUIMET
6.    MICHAEL BARTH VIK
7.    FELIX CORREA
8.    RADOSLAV BARKA
9.    JOHN BARNES
10.   MARIO CASAR
11.   ZACHARY GLYNN.
12.   DANIEL GROVES
13.   OLEKSANDR HARSHYN
14.   BRANDON JUREWICZ
15.   WEIBIN LAM
16.   BRADLEY MARION
17.   MAXIMILIAN PARUSEL
18.   KEVIN TILLBROOK
19.   RYAN UNDERWOOD
20.   DAVID WEEKS
21.   LENNART MATTIAS WERNER
22.   ALEKSANDR LINENKO
23.   BRUCE TIEMANN.
24.   KAZJIN YASIN SALIH
25.   BENJAMIN JAMES MORAN
26.   PAUL RHODES

3

27. ALDIS RIGERTS
28. ERIC SANDRI
29. NIKOS VERSCHORE