**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-02085-CJN |
| | ) | |
| v. | ) | |
| | ) | |
| All virtual currency held in the BTC-e | ) | |
| operating wallets as of July 25, 2017, and | ) | |
| other assets further described herein | ) | |
| | ) | |
| Defendants *in rem*. | ) | |

**PLAINTIFF UNITED STATES OF AMERICA'S OPPOSITION TO CLAIMANT KEVIN
REILLY'S MOTION FOR DISCLOSURE**

Kevin Reilly's *fourth* discovery motion in six weeks should be denied. First, Reilly never met and conferred with the Government. Second, Reilly is running into Court to compel disclosure of information for which he never served a discovery request. And third, Reilly's motion does not seek information that is relevant under Rule 26(b)(1).

**A. Reilly Never Met and Conferred with the Government**

On Thursday, July 2, 2026, Reilly contacted undersigned counsel (Joshua L. Sohn) stating: "I intend to seek an order requiring the Government to disclose the total customer LTC [Litecoin] balance reflected in the BTC-e server data as of July 25, 2017, and to explain any difference between that figure and the approximately 2,249.25 LTC recovered in the operating wallet seizure between August 7 and August 11, 2017." Sohn immediately wrote back to say that he was on vacation that week but would be happy to meet-and-confer by telephone as soon as Monday, July 6, which was the next Government business day after July 2. Reilly wrote back to say "I am also on vacation next week and need to file by July 9 given the July 10 status conference. Is there someone else at MLARS who can conduct the call on your behalf?" Sohn responded that he was

the only MNF[1] line attorney with knowledge of the issues and re-iterated that he was willing to meet-and-confer as soon as July 6. Reilly spurned this offer and filed his motion on July 3—though the motion was not docketed on CM/ECF until July 8. *See* Sohn Decl., Ex. A.

This is a flagrant violation of the meet-and-confer requirement. As detailed above, Sohn expressed his willingness to meet-and-confer *the very next business day* after Reilly's July 2 reach-out. Yet Reilly spurned this offer and filed his motion without meeting and conferring at all.

Nor can Reilly excuse his behavior by citing any alleged emergency. While Reilly referred to the July 10 Status Report deadline in correspondence, there is no logical reason why Reilly needed to file his motion by July 10. Given the briefing schedule, Reilly's motion could not have been fully briefed or decided by July 10 in any event. Moreover, even if the July 10 date had some talismanic importance (which it does not), Reilly could have met-and-conferred on or about July 6 and still filed his motion before July 10.

In rare circumstances, a true emergency might justify relaxation of the meet-and-confer requirement. But there is no such emergency here—not even close.

### B. Reilly Seeks to Compel Disclosure of Information without Serving a Discovery Request

The second procedural reason why Reilly's motion is meritless is that Reilly has served a free-standing motion to compel information without first serving a discovery request. For example, Reilly did not serve an interrogatory about the volume of seized Litecoin in relation to the overall BTC-e customer deposits, nor did he serve a Request for Production directed to this issue. Instead, he asks this Court to compel "disclosure" of information without first propounding discovery on it. This is not how civil discovery works. And even though Reilly is *pro se*, he should know better.

---

[1] The relevant DOJ section is no longer called MLARS; it is now the Money Laundering, Narcotics and Forfeiture Section (MNF).

After all, Reilly made the same fundamental mis-step in one of his prior discovery motions, and the Government pointed this out in its Opposition. Dkt. 367 at 1-2.

### C.  Reilly's Motion Fails on the Merits

Finally, Reilly's motion fails on the merits. As shown in the first paragraph of Reilly's motion, Reilly seeks information about cryptocurrency balances above and beyond Reilly's own claim. Reilly has no right to compel such broad discovery. For purposes of litigating this case, the relevant issues between Reilly and the Government are whether Reilly's alleged cryptocurrency holdings are forfeitable. The information that Reilly seeks is untethered to the forfeitability of Reilly's own alleged cryptocurrency holdings and thus is not a proper subject of discovery.

### D.  Conclusion

For the foregoing reasons, Reilly's latest motion should be denied.[2]


DATED: July 9, 2026

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS AND
FORFEITURE SECTION

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
ALLISON ICKOVIC
Trial Attorneys
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

---

[2] One final note: Reilly's Certificate of Service states that he emailed Government counsel a copy of his motion on July 3. This is false: Government counsel did not receive a copy of Reilly's motion until it popped up on CM/ECF on July 8, even though Sohn asked Reilly for a copy of the motion back on July 6. *See* Sohn Decl., Ex. A.

3

*/s/ Catherine Alden Pelker*
CATHERINE ALDEN PELKER
Assistant Deputy Chief
Computer Crime and Intellectual Property Section
Criminal Division
United States Department of Justice
1301 New York Avenue NW
Washington, DC 20530
Telephone: (202) 514-1062
catherine.pelker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to claimant Kevin Reilly at his identified email address of kreilly100@gmail.com.


By:     ___/s/ Joshua L. Sohn____
                Joshua L. Sohn