IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States of America, Plaintiff,

v.

All virtual currency held in the BTC-e operating wallets as of July 25, 2017, and other assets further described herein, Defendants in rem.

Civil Action No. 1:25-cv-02085-CJN

Hon. Carl J. Nichols

## JOINT STATEMENT OF POSITION OF PRO SE ACCOUNTHOLDER CLAIMANTS

The undersigned pro se claimants, each of whom has filed a claim in this action [1] , respectfully submit this joint statement supplementing the Joint Status Report (Dkt. 384). The undersigned take no collective position on the Government's proposal to provide additional notice, on which their individual views differ. They submit this statement on the matters set out below, on which they are in agreement, and respectfully urge the Court to direct the parties toward a structure that provides prompt partial relief to verified claimants while final distribution is determined.

**1. This action involves two distinct pools, which can be resolved on different timelines**. The seized cryptocurrency (the defendant res) is one pool, to be returned pro rata among claimants with verified interests once claims are finally determined. Separately, the Defendant Properties include substantial cash-denominated assets held in fungible currency (Compl. ¶11(B)), distinct from the seized cryptocurrency res. Because these assets are held in fungible currency rather than in the specific cryptocurrency denominations claimants seek returned in kind, they are not subject to the same pro rata limitations that apply to the cryptocurrency res. The resolution of the two pools need not proceed on the same schedule.

**2. The Court should direct the parties toward an interim baseline distribution**. Consistent with the approach used in comparable large-scale forfeiture and victim-compensation matters, the undersigned respectfully request that the Court direct the parties to develop a structure for

---

[1] To the extent any undersigned claimant's claim is or becomes subject to a question of timeliness, that claimant does not concede the claim is untimely and reserves all arguments in support of it, including excusable neglect and lack of adequate notice. The Government has represented that it does not intend to move to strike late-filed claims already on the docket. See Dkt. 384 §E. As used in this statement, "verified claimant" refers to any claimant whose account interest is verified against the Government's records for purposes of distribution, without prejudice to any question of timeliness.

RECEIVED

JUL 30 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

an interim baseline distribution to verified accountholder claimants, funded from the cash-denominated Defendant Properties already within this Court's in rem jurisdiction, in advance of and without offset against the final pro rata distribution of the seized cryptocurrency. As set forth in the Complaint, the Defendant Properties include not only the seized cryptocurrency (Compl. ¶11(A)) but also substantial cash-denominated assets held in fungible currency (Compl. ¶11(B)); the distribution of such defendant property to claimants with verified interests is the ordinary function of this proceeding. The baseline would be a fixed amount, uniform across verified claimants, final and non-refundable, and — because it is drawn from the cash-denominated Defendant Properties rather than from the seized cryptocurrency res — it carries no risk to the eventual pro rata allocation of that res among claimants. A uniform baseline reflects the reality that every verified claimant, regardless of account size, has been deprived of access to their property since 2017 and now faces a cryptocurrency res that is diminished and oversubscribed relative to the claims against it; the harm of that deprivation fell on each claimant alike. Sized as a modest fraction of the cash-denominated Defendant Properties, such a distribution can be made promptly to claimants who have waited nearly a decade, while final allocation of the seized cryptocurrency proceeds separately and on its own timeline. Nothing herein waives any claimant's right to a full pro rata share of the seized cryptocurrency res or any other Defendant Property upon final determination of claims.

**3. A structured, two-tier resolution and a neutral administrator.** The undersigned renew their support for a structured two-tier resolution framework of the kind previously filed in this action, see Dkt. 354-2, under which (a) verified claimants receive an interim baseline distribution from cash-denominated Defendant Properties, and (b) the seized cryptocurrency is returned pro rata upon final determination of claims. The undersigned further support referral to mediation or the appointment of a special master to administer claims verification and to develop and oversee such a distribution, consistent with the Court's July 10, 2026 observation that confirming accurate information now would benefit all Parties in facilitating an orderly and efficient resolution.

**4. Existing verified claims should proceed without indefinite deferral.** Resolution of existing verified claims — including production of account records, verification against the server data, and eligibility for any interim or structured distribution — should proceed in parallel with, and not await the conclusion of, other matters pending in this action. The undersigned appreciate the Government's decision not to move to strike claims already filed, which should stand independent of any other pending question.

**5. Aggregate balance information supports prompt resolution.** The undersigned request that the Government disclose the aggregate customer balance figures, by cryptocurrency denomination, reflected in the BTC-e server data as of July 25, 2017. The Government's disclosure that a June 2026 query identified approximately 300,000 accounts with positive balances demonstrates that such aggregate figures are readily available. These figures are necessary to size any distribution and to confirm that an interim baseline distribution can be funded as a modest fraction of the cash-denominated Defendant Properties.

Respectfully submitted,

Kevin Reilly
Pro Se Claimant

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I caused the foregoing Joint Statement to be submitted to the Clerk of Court for filing, with service upon all counsel of record effected through the Court's CM/ECF system upon docketing.

/s/ Kevin Reilly
Kevin Reilly
Pro Se Claimant