## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**

    Defendants in rem.

Civil Action No. 1:25-cv-02085-CJN

Judge Carl J. Nichols

**MOTION FOR LEAVE TO FILE LATE VERIFIED CLAIM**

**PRO SE MOVANT:**

Timothy Renzetti

112 Silverthorne Dr.

Huntsville, Alabama 35806

(256) 759-0161

tim@autovid.com

---

**MOTION FOR LEAVE TO FILE LATE VERIFIED CLAIM**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

---

### <u>MOTION</u>

Movant Timothy Renzetti, a pro se claimant, respectfully moves this Court pursuant to Supplemental Rule G(8)(c)(i)(A) of the Federal Rules of Civil Procedure and this Court's inherent equitable authority for leave to file a late Verified Claim of Interest in the above-captioned civil forfeiture action.

**RECEIVED**

AUG 06 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Movant is a United States citizen and documented BTC-e account holder since November 2013 who wired $4,000.00 from his Bank of America account and purchased seven (7) Bitcoin plus additional cryptocurrencies. Movant received no notice of this forfeiture proceeding at any time prior to June 8, 2026 — not by email, not by physical mail, and not through any publication he could reasonably have been expected to monitor. Upon discovering this case on June 8, 2026, Movant acted immediately and files this motion promptly thereafter.

As set forth in the Memorandum of Law below, the government's notice was constitutionally deficient under the Fifth Amendment Due Process Clause, and equitable principles compel this Court to accept Movant's late claim. The proposed Verified Claim of Interest is filed simultaneously herewith.

WHEREFORE, Movant Timothy Renzetti respectfully requests that this Court grant leave to file the accompanying Verified Claim of Interest.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE CLAIM

## I. INTRODUCTION

This case involves the civil forfeiture of virtual currency seized from the BTC-e cryptocurrency exchange in July 2017 — nearly eight years before the government filed its forfeiture complaint on June 30, 2025. Movant Timothy Renzetti is a documented, innocent U.S. investor who wired $4,000.00 to BTC-e in November 2013 and purchased seven (7) Bitcoin. He lost access to his account when BTC-e was seized. He received no notice of this forfeiture action. He discovered its existence on June 8, 2026 and acted immediately.

The deadline for filing verified claims in this action was September 2, 2025 — sixty days after the government's first publication on forfeiture.gov. Movant did not file by that deadline because he had no notice the case existed. The government's notice was constitutionally deficient: it consisted of an email to an eleven-year-old address associated with a seized exchange and a posting on a government website, while the government possessed Movant's physical mailing address through wire transfer records and chose not to mail him a single notice.

Equitable principles and constitutional due process require this Court to accept Movant's late claim. The government caused the notice failure. The government will not be prejudiced by accepting the claim. Movant has a documented, colorable ownership interest. This Court should grant leave.

## II. LEGAL STANDARD

Courts possess inherent equitable authority to permit late claims in civil forfeiture proceedings. Supplemental Rule G(8)(c)(i)(A) expressly authorizes this Court to strike a claim for failing to comply with the filing deadline, but courts have consistently held that this authority is discretionary and must yield to equitable considerations. United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 665 (3d Cir. 2007); United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 479 (2d Cir. 1992).

The relevant factors courts consider are: (1) whether the claimant has demonstrated a reason for the late filing beyond his control; (2) whether the government would be prejudiced by granting the motion; and (3) whether the claimant has a colorable ownership interest in the defendant property. United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991). Where the government's own notice was constitutionally deficient, courts have uniformly held that a claimant cannot be penalized for failing to meet a deadline of which he had no notice. Robinson v. Hanrahan, 409 U.S. 38, 40 (1972); Dusenbery v. United States, 534 U.S. 161, 167 (2002).

All three factors weigh decisively in Movant's favor.

## III. ARGUMENT

**A. The Government's Notice Was Constitutionally Deficient**

The Fifth Amendment's Due Process Clause requires notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The Supreme Court in Jones v. Flowers, 547 U.S. 220, 234 (2006), held that when the government learns its notice attempt has failed or is likely to fail, it must take additional reasonable steps — and that failure to do so renders notice constitutionally deficient regardless of technical compliance with publication requirements.

The government's notice failed on four independent constitutional grounds:

1. EMAIL TO AN ELEVEN-YEAR-OLD ADDRESS ASSOCIATED WITH A SEIZED EXCHANGE. The government's sole individualized notice attempt was an email to the address Movant used to register his BTC-e account in November 2013 — an address associated with an exchange whose servers were seized and operations terminated in July 2017. By July 2025, this email address had been associated with a defunct platform for eight years. No reasonable person monitors a decade-old email address tied to a seized exchange. The government knew BTC-e had been shut down since 2017. A notice attempt the government knows is likely to fail is constitutionally insufficient without additional reasonable steps. Jones v. Flowers, 547 U.S. at 234.

2. PHYSICAL MAIL WAS AVAILABLE AND NOT USED. The government possessed Movant's U.S. mailing address. Movant's wire transfer of $4,000.00 on November 12, 2013 originated from his Bank of America account and traveled through Mayzus Financial

Services — BTC-e's primary wire processing intermediary identified in the government's own complaint at paragraphs 165-169. International wire transfers are governed by the Bank Secrecy Act, which requires financial institutions to maintain complete sender identification records including name and address. The government seized BTC-e's complete server records in 2017, including all Mayzus wire processing records containing Movant's name and address — the same address at which he resides today, continuously since before November 2013. The government chose not to mail him a single notice. Jones v. Flowers holds that when the government can feasibly mail notice and fails to do so, notice is constitutionally deficient. 547 U.S. at 234-35.

3.  EIGHT-YEAR DELAY IN FILING THE COMPLAINT. BTC-e was seized in July 2017. The government filed this civil forfeiture complaint on June 30, 2025 — nearly eight years later. This extraordinary delay, caused entirely by the government, made meaningful notice to 2013-era account holders virtually impossible. Over eight years, email addresses are abandoned, physical addresses change, and people reasonably assume assets held on a seized exchange are gone. The government cannot hold assets for eight years, file a complaint, and then give sixty days of notice to stale 2013 contact information. The delay itself demonstrates notice was not reasonably calculated to reach early account holders.

4.  PUBLICATION ON FORFEITURE.GOV IS INSUFFICIENT FOR KNOWN CLAIMANTS. Under Mullane, publication notice is adequate only where the identities and whereabouts of interested parties are truly unknown. 339 U.S. at 317-18. For known claimants, individual notice is constitutionally required. The government knew who Movant was — his email address and wire transfer records were in the seized BTC-e database from the moment of the 2017 seizure. Publication on a government forfeiture website does not satisfy the constitutional requirement of individual notice to a known claimant.

**B. Movant Acted Promptly Upon Discovery**

Upon discovering this case on June 8, 2026, Movant acted immediately. He researched the case, reviewed the government's 40-page complaint, identified lead DOJ trial attorney Joshua L. Sohn, and made contact within hours of discovery. He is filing this motion within days of learning the case existed. Courts have consistently granted late claim motions where the claimant demonstrates prompt action upon actual discovery. United States v. One 1987 Jeep Wrangler, 972 F.2d at 479. Movant's failure to file by September 2, 2025 was not the result of neglect or strategic delay. It was the direct and exclusive result of the government's constitutionally deficient notice.

**C. The Government Will Not Be Prejudiced**

Accepting this late claim causes the government no cognizable prejudice. This case was filed less than one year ago. Discovery has not been completed. No forfeiture judgment has been entered. Multiple other claimants are actively litigating. Movant's participation raises no new legal issues not already before the Court. The constitutional arguments Movant asserts — regarding notice deficiency, in-kind Bitcoin return, and the Excessive Fines Clause — are issues this Court must address regardless of Movant's participation. The only consequence of rejecting this late claim is that an innocent American investor loses approximately $700,000 in property due entirely to a government-caused notice failure. That outcome is constitutionally unacceptable.

**D. Movant Has a Colorable and Documented Ownership Interest**

Movant has a fully documented, colorable ownership interest in the Defendant Property. He wired $4,000.00 from his Bank of America account to BTC-e through Mayzus Financial Services on November 12, 2013, transaction reference TRN: 2013111200335451. He purchased seven (7) Bitcoin and additional cryptocurrencies. His holdings are documented in a personal spreadsheet created in February 2014 bearing its original creation date stamp. The government's own seized BTC-e server records will independently corroborate every fact Movant asserts. No colorable ownership interest could be more solidly documented than one the government's own evidence will confirm.

# IV. CONCLUSION

For the foregoing reasons, Movant Timothy Renzetti respectfully requests that this Court grant leave to file the accompanying Verified Claim of Interest. The government's notice was constitutionally deficient. Movant had no notice and no means of obtaining notice. Movant acted immediately upon discovery. The government will suffer no prejudice. Movant has a documented, innocent, colorable ownership interest in property worth approximately $700,000 at current market value. Equity and the Constitution compel this Court to accept his claim.

Respectfully submitted,



_____

Timothy Renzetti

112 Silverthorne Dr.

Huntsville, Alabama 35806

(256) 759-0161

tim@autovid.com

Pro Se Movant

Dated: June 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of June, 2026, I served a true and correct copy of the foregoing Motion for Leave to File Late Verified Claim and Memorandum of Law upon the following counsel of record by first class U.S. mail, postage prepaid, and by electronic mail:


Joshua L. Sohn, Trial Attorney

Money Laundering and Asset Recovery Section

Criminal Division, U.S. Department of Justice

1400 New York Avenue NW, Washington, DC 20005

joshua.sohn@usdoj.gov

Catherine Alden Pelker / Jonas Lerman / Claudia Quiroz

Computer Crime and Intellectual Property Section

1301 New York Avenue NW, Washington, DC 20530

catherine.pelker@usdoj.gov | jonas.lerman@usdoj.gov | claudia.quiroz2@usdoj.gov


_____

Timothy Renzetti, Pro Se Movant