**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 1:25-cv-02085-CJN |
|     Plaintiff, | Judge Carl J. Nichols |
| v. | |
| **ALL VIRTUAL CURRENCY HELD IN** | **VERIFIED CLAIM OF INTEREST** |
| **THE BTC-E OPERATING WALLETS** | **OF TIMOTHY RENZETTI** |
| **AS OF JULY 25, 2017, AND OTHER** | |
| **ASSETS FURTHER DESCRIBED HEREIN,** | **WITH DEMAND FOR RETURN OF** |
|     Defendants in rem. | **ACTUAL BITCOIN IN KIND** |
| | |
| | **PRO SE CLAIMANT:** |
| | Timothy Renzetti |
| | 112 Silverthorne Dr. |
| | Huntsville, Alabama 35806 |
| | (256) 759-0161 |
| | tim@autovid.com |

---

**VERIFIED CLAIM OF INTEREST**
**WITH DEMAND FOR RETURN OF ACTUAL BITCOIN IN KIND**

---

**CLAIMANT'S PRIMARY DEMAND: RETURN OF ACTUAL BITCOIN**

**RECEIVED**

AUG 06 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Claimant Timothy Renzetti states his demand plainly: he demands the return of his actual Bitcoin — seven (7) BTC — and not a cash equivalent calculated at any historical price.

The United States government physically holds Bitcoin in government-controlled wallets right now. It is not lost. It is not destroyed. It sits in a wallet controlled by the U.S. Marshals Service, verified on the public blockchain, identifiable to the satoshi. Claimant's seven Bitcoin were in BTC-e's operating wallets on July 25, 2017. The government seized those wallets. The government has the Bitcoin. The government should return the Bitcoin.

Compensating Claimant in cash at 2017 prices — approximately $17,500 — while the government retains Bitcoin now worth approximately $700,000 is not restitution. It is governmental enrichment at the expense of an innocent American investor who committed no crime. The Mt. Gox civil rehabilitation proceeding returned actual Bitcoin to creditors. The United States government, holding actual Bitcoin in wallets it controls today, should do no less for an innocent American investor.

All alternative relief requested herein is stated solely in the event this Court determines in-kind return is not available, and does not constitute a waiver of Claimant's primary demand.

## I. CLAIMANT INFORMATION

| Full Legal Name | Timothy Renzetti |
| --- | --- |
| Address | 112 Silverthorne Dr., Huntsville, Alabama 35806 |
| Phone | (256) 759-0161 |
| BTC-e Registration Email | tim@autovid.com |
| Citizenship | United States of America |
| BTC-e Account Opened | November 2013 |
| Residence Since | Prior to November 2013 — continuously to present |
| Date This Proceeding Discovered | June 8, 2026 |

| | |
|---|---|
| Prior Notice Received | None — zero notice of any kind at any time |
| Filing Status | Pro Se Claimant |

## II. INTEREST IN DEFENDANT PROPERTY

Claimant asserts a direct, documented ownership interest in Defendant Property A as defined in the government's Verified Complaint — specifically the virtual currency held in BTC-e's operating wallets as of July 25, 2017, including the approximately 925.93922019 Bitcoin seized between August 2 and August 17, 2017 (Complaint paragraph 11(A)(i)) and the associated altcoins seized in the same period (Complaint paragraphs 11(A)(ii)-(vii)).

Claimant's ownership interest arises directly from his BTC-e account, funded by a $4,000.00 wire transfer on November 12, 2013 through Mayzus Financial Services. The government's own complaint at paragraphs 165-169 describes this exact wire pathway: the customer wires funds to Mayzus Financial Services, Mayzus credits BTC-e's Canton Business Corp. account, and BTC-e credits the customer's account. Claimant's wire followed this documented pathway precisely.

## III. WIRE TRANSFER DOCUMENTATION

| Wire Date | November 12, 2013 |
|---|---|
| Amount Wired | $4,000.00 USD |
| Originating Bank | Bank of America |
| Wire Type | INTL OUT (International Outgoing) |
| System Date / Time | 131114 / 11:35 ET |
| Transaction Reference (TRN) | 2013111200335451 |
| Service Reference | 370968 |
| Beneficiary (GNF) | Mayzus Financial Services |
| Beneficiary ID | 40302003188910 |
| Beneficiary Bank | Deutsche Bank Aktiengesellschaft |

| | |
|---|---|
| Beneficiary Bank ID | CZ7910 |
| Internal Detail Reference | N MEXD8E86 |
| Account Reference | acc/fcc/aac.931123440 |
| Complaint Corroboration | Paragraphs 165-169 (Mayzus wire pathway) |

The wire transaction reference TRN 2013111200335451 — routed through Deutsche Bank to Mayzus Financial Services — is directly corroborated by the government's own complaint, which identifies both Mayzus Financial Services and Deutsche Bank as components of BTC-e's wire processing infrastructure. The wire transfer screenshot is attached as Exhibit A. The government's seized BTC-e server records will independently confirm this wire was received and credited to the account registered under tim@autovid.com.

## IV. CRYPTOCURRENCY HOLDINGS

Using the $4,000.00 deposited in November 2013, Claimant purchased the following cryptocurrencies. These holdings are documented in a personal spreadsheet created in February 2014, three months after purchase, bearing its original creation date stamp and unmodified since creation. The spreadsheet is attached as Exhibit B.

| Cryptocurrency | Symbol | Amount Held | Est. 2013 Value |
|---|---|---|---|
| Bitcoin | BTC | 7.000000 | ~$4,200 |
| Terracoin | TRC | 3,507.000000 | minimal |
| Peercoin | PPC | 395.223000 | ~$1,185 |
| Feathercoin | FTC | 1,497.000000 | minimal |
| Primecoin | XPM | 149.000000 | ~$447 |

The decimal precision of these holdings — particularly Peercoin at 395.223 — is wholly consistent with actual exchange records and irreconcilable with fabrication. Bitcoin's price in November 2013 averaged approximately $600. A $4,000.00 investment yields approximately 6.67 Bitcoin, making

Claimant's holding of 7 BTC entirely consistent with publicly verifiable November 2013 market data.

## V. ACCOUNT ACTIVITY AND WITHDRAWAL HISTORY

To the best of Claimant's knowledge and recollection, he made no withdrawals from his BTC-e account at any time. Claimant states with certainty that he made no withdrawals after November 2014, as he ceased active cryptocurrency trading at that time and has no recollection of accessing the BTC-e account thereafter. The account sat dormant from approximately November 2014 until BTC-e's servers were seized on July 25, 2017.

Claimant acknowledges that thirteen years have passed since opening this account and that his recollection of early 2013-2014 activity is not perfect. He does not overstate his certainty regarding that early period. The government's seized BTC-e server records — which contain the complete, objective, unalterable account history — constitute the definitive record on this point. Claimant respectfully requests that the Court order production of those records as set forth in Section VIII below.

## VI. CLAIMANT IS AN INNOCENT OWNER UNDER 18 U.S.C. § 983(d)

Under 18 U.S.C. § 983(d)(2)(A), an innocent owner is one who did not know of the conduct giving rise to forfeiture. Claimant satisfies this standard completely:

1. NO KNOWLEDGE OF CRIMINAL ACTIVITY. Claimant used BTC-e solely as a retail exchange to purchase and hold digital assets — a completely lawful activity. He had no knowledge of BTC-e's failure to register with FinCEN, its lack of KYC controls, or its facilitation of criminal transactions. The government's own complaint acknowledges at paragraphs 49-53 that BTC-e actively concealed its true nature and refused to identify its

operators even when pressed by journalists in December 2013 — the same month Claimant opened his account.

2. NO PARTICIPATION IN CRIMINAL ACTIVITY. Claimant's sole interaction with BTC-e was to wire $4,000.00 from his U.S. bank account and purchase cryptocurrency. He is not alleged to have committed any crime. He is not named in any indictment. He is not accused of any wrongdoing in any proceeding. He is a retail investor whose assets happened to be held on an exchange whose operators committed crimes he had no knowledge of.

3. INABILITY TO TAKE REMEDIAL ACTION. Once BTC-e was seized in July 2017, Claimant lost all access to his account. He had no mechanism to withdraw funds, contact the exchange, or take any protective action. He was a passive victim from the moment of seizure. The government seized the exchange — and thereby Claimant's property — without giving him individualized notice or any opportunity to act.

4. GOVERNMENT'S OWN THEORY CONFIRMS INNOCENCE. The complaint at paragraph 292 states that 'even transactions in non-criminal proceeds on BTC-e's platform facilitated money laundering.' This sweeping theory — that innocent users' lawful transactions are tainted by criminal users' transactions — cannot constitutionally be applied to forfeit innocent users' ownership interests without individualized notice and an opportunity to be heard. Claimant had neither.

## VII. CONSTITUTIONAL GROUNDS FOR IN-KIND BITCOIN RETURN

**A. The Excessive Fines Clause**

The Eighth Amendment's Excessive Fines Clause, applied to civil forfeiture by Austin v. United States, 509 U.S. 602, 621-22 (1993), and extended by Timbs v. Indiana, 586 U.S. 141, 147 (2019),

prohibits the government from imposing grossly disproportionate forfeitures. Claimant committed no offense. Retaining $682,500 in Bitcoin appreciation — the difference between the $17,500 Claimant might receive at 2017 prices and the approximately $700,000 his Bitcoin is worth today — is not proportionate to any offense Claimant committed because Claimant committed no offense. The government is enriching itself at the expense of an innocent American investor.

**B. The Fifth Amendment Takings Clause**

The Fifth Amendment provides that private property shall not be taken for public use without just compensation. The government holds Claimant's specific Bitcoin — not generic value, but actual Bitcoin in a government-controlled wallet. Returning depreciated 2017 dollar value while retaining appreciated 2026 Bitcoin constitutes a taking of the appreciation for which just compensation — the current market value — is owed.

**C. Due Process Requires Return of Actual Property**

Bitcoin is unique, identifiable property with a specific blockchain history. The government does not hold 'value equivalent to seven Bitcoin.' It holds seven Bitcoin. Where the government holds the specific property of an innocent owner and proposes to substitute a depreciated monetary equivalent, due process requires that the substitution be fair and proportionate. Offering 2017 prices for property held continuously since 2017 is neither fair nor proportionate.

**D. The Mt. Gox Precedent**

The Mt. Gox civil rehabilitation proceeding — a private Japanese bankruptcy — returned actual Bitcoin to creditors rather than historical dollar equivalents. The United States government, holding actual Bitcoin in wallets it controls today, should meet at minimum the standard a Japanese bankruptcy court applied to international creditors. This Court should require in-kind return of actual Bitcoin to Claimant.

## VIII. REQUEST FOR PRODUCTION OF SEIZED SERVER RECORDS

Claimant respectfully requests that this Court order the government to produce, from the BTC-e server records seized on July 25, 2017, all data associated with the account registered under tim@autovid.com, including:

5. Account registration date and all identifying information;

6. Complete deposit history including all wire transfers received and credited;

7. Complete transaction history including all cryptocurrency purchases and transfers;

8. Account balance as of July 25, 2017, itemized by cryptocurrency; and

9. Complete withdrawal history from account opening through July 25, 2017.

These records will independently corroborate every factual assertion in this claim. Claimant cannot access them without Court assistance. Production serves justice, judicial economy, and accurate resolution of this claim. Claimant invites this verification and would not do so if his account did not exist exactly as described.

## IX. RELIEF REQUESTED

10. RECOGNITION OF OWNERSHIP INTEREST. Recognition of Claimant's verified, documented ownership interest in Defendant Property A based on his wire transfer documentation, contemporaneous holdings records, and the government's own seized server data;

11. RETURN OF ACTUAL BITCOIN IN KIND (PRIMARY DEMAND). An order directing the government to return to Claimant seven (7) Bitcoin in actual Bitcoin — not cash, not a

dollar equivalent at any historical price — transferred to a wallet address designated by Claimant, together with a proportional share of the other cryptocurrencies identified in Section IV, consistent with the Mt. Gox civil rehabilitation precedent;

12. CURRENT FAIR MARKET VALUE (FIRST ALTERNATIVE). In the event in-kind return is not available, monetary relief equal to the current fair market value of Claimant's holdings as of the date of distribution — not the 2017 seizure date — on grounds that compensation at an eight-year-old price while the government retains appreciation constitutes an Excessive Fine and an uncompensated taking;

13. PRODUCTION ORDER. An order directing the government to produce from its seized BTC-e server records all data associated with tim@autovid.com within thirty (30) days; and

14. COSTS AND OTHER RELIEF. An award of costs and such other relief as this Court deems just and proper.

## X. VERIFICATION

I, Timothy Renzetti, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Claim is true and correct to the best of my knowledge and belief. I specifically declare:

15. I opened a BTC-e account in November 2013 using the email address tim@autovid.com;

16. On November 12, 2013, I wired $4,000.00 from my Bank of America account to BTC-e through Mayzus Financial Services, Transaction Reference TRN: 2013111200335451, as documented in Exhibit A;

17. I purchased and held the cryptocurrencies identified in Section IV, including seven (7) Bitcoin, as documented in the February 2014 spreadsheet attached as Exhibit B;

18. To the best of my knowledge and recollection, I made no withdrawals from my BTC-e account at any time. I state with certainty I made no withdrawals after November 2014, as I ceased active cryptocurrency trading at that time and have no recollection of accessing the account thereafter. I acknowledge my recollection of November 2013 through November 2014 is not perfect after thirteen years, and I request the government's seized server records serve as the definitive record of my complete withdrawal history;

19. I received no notice of this forfeiture proceeding at any time prior to June 8, 2026;

20. I reviewed the email account tim@autovid.com and confirmed that no government notice related to this proceeding was ever received there;

21. I have resided at 112 Silverthorne Dr., Huntsville, Alabama 35806 continuously since prior to November 2013 and received no physical mail notice regarding this proceeding;

22. I had no knowledge of or participation in any criminal activity associated with BTC-e; and

23. I have not received any compensation from any source for the loss of my BTC-e account assets.

Executed on this 8 day of June, 2026, in Huntsville, Alabama.



_____

Timothy Renzetti

112 Silverthorne Dr.

Huntsville, Alabama 35806

(256) 759-0161

tim@autovid.com

Claimant, Pro Se

## EXHIBIT LIST

**Exhibit A:**  Wire transfer screenshot — $4,000.00 international wire from Bank of America to Mayzus Financial Services, November 12, 2013, TRN: 2013111200335451, corroborating the wire pathway described in Complaint paragraphs 165-169.

**Exhibit B:**  Personal cryptocurrency holdings spreadsheet, date-stamped February 2014, unmodified since creation — 7 BTC, 3,507 TRC, 395.223 PPC, 1,497 FTC, 149 XPM.

**Exhibit C:**  Email from Claimant to Joshua L. Sohn, Trial Attorney, MLARS, DOJ, dated June 8, 2026 — establishing Claimant acted immediately upon discovering this case.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of June, 2026, I served a true and correct copy of this Verified Claim upon the following counsel of record by first class U.S. mail and electronic mail:

Joshua L. Sohn — joshua.sohn@usdoj.gov

Money Laundering and Asset Recovery Section

1400 New York Avenue NW, Washington, DC 20005

Catherine Alden Pelker — catherine.pelker@usdoj.gov

Jonas Lerman — jonas.lerman@usdoj.gov

Claudia Quiroz — claudia.quiroz2@usdoj.gov

Computer Crime and Intellectual Property Section

1301 New York Avenue NW, Washington, DC 20530

_____

Timothy Renzetti, Claimant Pro Se