**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

**ALL VIRTUAL CURRENCY HELD IN THE BTC-e OPERATING WALLETS AS OF JULY 25, 2017,**
**AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**
Defendant in rem.

**Case No. 1:25-cv-02085 (CJN)**

# ANSWER OF CLAIMANT ARMEN KARAPETIAN TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

Claimant Armen Karapetian, proceeding pro se, hereby answers the Verified Complaint for Forfeiture In Rem as follows:

## I. JURISDICTION AND VENUE

1. Claimant admits that the Court has jurisdiction and that venue is proper for this in rem action.

## II. CLAIMANT AND DEFENDANT PROPERTY

1. Claimant admits that he maintained a BTC-e account and claims the cryptocurrency and any other assets associated with that account.

2. Claimant specifically states that the funds in his BTC-e account represented his personal savings and the results of legitimate cryptocurrency trading activity. These assets were lawfully acquired and maintained through legitimate trading and investment in Bitcoin, Ethereum, and other digital currencies.

3. Except as admitted, Claimant lacks sufficient knowledge to admit or deny the remaining allegations regarding the properties described in the Complaint and therefore denies them. Claimant specifically denies that his funds were involved in, derived from, or used to facilitate any unlawful conduct, and denies that his claimed property is subject to forfeiture.

## III. GENERAL DENIAL

Except as expressly admitted above, Claimant denies each and every remaining allegation in the Verified Complaint. Claimant also denies the First and Second Claims for Relief in the Complaint.

## IV. AFFIRMATIVE DEFENSES

**1. Innocent Owner** – Claimant is an innocent owner. As the Government's own Complaint alleges, BTC-e served over one million users and processed billions in transactions. Claimant used the platform solely as an individual trader to exchange lawfully owned cryptocurrency. He had no knowledge of, or involvement in, any illegal use of the platform by others. His interest cannot be forfeited under 18 U.S.C. § 983(d).

**2. Personal Trading and Savings** – The digital assets in Claimant's account were his lawful personal savings and trading proceeds, not tied to any criminal activity. Claimant never used BTC-e for money

RECEIVED
AUG 17 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

laundering, sanctions evasion, or any other illicit conduct. His funds are the result of legitimate individual trading and investment activity and should not be treated as tainted.

**3. Due Process / CAFRA Timeliness** – In light of the Government's timeline and the filing of this civil action in 2025, Claimant asserts his rights under 18 U.S.C. § 983(a) and the Fifth Amendment to a timely proceeding. Claimant reserves the right to show prejudice in discovery.

**4. Lack of Substantial Connection** – The defendant property was not used to facilitate, nor derived from, any criminal offense. There is no substantial connection between Claimant's funds and the alleged illegal conduct. Any transfers or holdings through BTC-e were for legitimate personal trading purposes.

**5. Statute of Limitations** – This action is untimely, in whole or in part, under 19 U.S.C. § 1621. Any tolling must be proven by the United States as to Claimant's specific property.

**6. Failure to State a Claim** – The Complaint does not state a claim as to Claimant's specific property because it lacks concrete, property-specific facts showing a substantial connection to any offense. Broad, platform-level allegations about BTC-e are insufficient under Supplemental Rule G(2)(f).

**7. Excessive Fines** – Forfeiture of Claimant's property would violate the Excessive Fines Clause of the Eighth Amendment. Forfeiting lawfully owned assets earned through legitimate trading would be grossly disproportionate to the nature of any proven offense and would amount to an excessive penalty.

Claimant reserves the right to assert additional defenses as appropriate.

## V. PRAYER FOR RELIEF

WHEREFORE, Claimant Armen Karapetian respectfully requests that the Court:

1. Dismiss with prejudice the Verified Complaint as it pertains to Claimant's property interest, or otherwise deny forfeiture of his assets;

2. Order the return of Claimant's cryptocurrency and any other assets attributable to his BTC-e account in kind; or, if in-kind return is not feasible, enter judgment for a sum of money equal to their fair market value as of the date of judgment, with interest;

3. Award such other relief as the Court deems just and proper, including costs and fees under 28 U.S.C. § 2465(b)(1) if applicable.

## VI. JURY DEMAND

Claimant demands a trial by jury on all triable issues.

Respectfully submitted,

______________________________

**Armen Karapetian**
Claimant, Pro Se
14 Yuriya Popravky St., Apt. 68
Kyiv, Ukraine 02094
Email: armen0954348575@gmail.com
Telephone: +380954348575
Date: August 17, 2026