**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

Plaintiff,

vs.

ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN

Defendants *in rem*.

Civil Case No. 1:25-cv-02085-CJN
Hon. Carl J. Nichols

**NOBUAKI KOBAYASHI, AS FOREIGN REPRESENTATIVE AND TRUSTEE TO THE MTGOX ESTATE'S SUPPLEMENTAL RESPONSE REGARDING THE JOINT STATUS REPORT**

As explained in MtGox's "Response" (ECF No. 385), efficiency and judicial economy would be best served if the standing of the accountholder claimants is resolved before (or while) any additional notice procedures are undertaken. MtGox files this Supplemental Response to provide the Court with additional evidence bearing on this issue.

A proceeding in the High Court of New Zealand, Auckland Registry concerning the disposition of the assets of BTC-e (Canton Business Corporation) and Aleksandr Vinnik is related to the instant matter. *See* CIV-2020-404-60. The Complaint in the instant matter alleges that Defendant Properties B and C are funds held in New Zealand in BTC-e's and Mr. Vinnik's accounts with a New Zealand company called FXOpen. *See* Compl. ¶¶ 187, 207, 227, 296-297. The New Zealand matter relates to those funds as well.

As relevant for the issue at bar, in the New Zealand matter Auckland's Commissioner of Police, represented by Auckland's Crown Solicitor, filed the Affidavit of Catherine Pelker in opposition to an interlocutory application for severance of restrained property (the "Affidavit") on or around June 24, 2026.[1] A true and correct copy is attached as Exhibit 1. The Affidavit discusses the instant matter, including how the United States Government may proceed if it cannot be consensually resolved. As to the BTC-e accountholder claimants the Affidavit states the Government "may move to strike the accountholder-claimants[' claims]" and that the "lead argument for striking" those claims is that, "under U.S. law, a depositor to a financial institution loses title to 'his' assets, becomes a general unsecured creditor of the institution, and lacks standing to file a claim in a forfeiture case over the institution's assets." Ex. 1 at p. 7-8, paragraph 5.2. This statement is consistent with, but more explicit than, the Government's statement that during the

---

[1] Ms. Pelker served as counsel of record for the Government in the instant matter until last month. *See* ECF No. 383 (notice of withdrawal of counsel).

proposed re-notice period it will "seek to bring any other motions to strike" or motions for summary judgment, if appropriate. *See* Joint Status Report (ECF No. 384) at 6.[2]

The Government's recognition that many accountholder claimants likely lack standing is further reason that this issue should be resolved before (or while) additional notice procedures occur. The Court has already recognized that prejudice would likely result from further delay. *See* July 10, 2026 Minute Order. The most efficient way to proceed is for the Government to bring its contemplated motions to strike as to the accountholder claimants that lack standing *before* the Court's and the parties' further expenditure of resources on discovery and other issues that would be obviated by successful motions to strike.

Further, the lack of standing is clear on the face of many accountholder claims. For example, claimant Sang Kang's claim alleges a legal or equitable interest in the Defendant Property based on only his deposit of digital assets into a BTC-e account that subsequently became unrecoverable. *See* ECF No. 7 (Exhibit C). Similarly, claimant Marc-André Guindon's claim asserts merely that he is the "lawful owner" of the virtual currency "associated" with his BTC-e account. *See* ECF No. 26 (Exhibit D).[3] For the reasons explained above and in the Response, general unsecured claims such as these would be subject to a motion to strike for lack of standing.

For these reasons, the MtGox Trustee respectfully submits that judicial economy would be best served by the setting of a deadline for the Government's filing motions to strike BTC-e accountholder claims that lack standing before or while any additional notice procedures are undertaken.

---

[2] *But see id.* at 7 (Government proposes to update the Court within 30 days of the close of the claims periods "whether further pre-discovery determinations are necessary").

[3] Many other claimants filed claims nearly identical to Mr. Guindon's claim.

DATED: August 3, 2026

Respectfully submitted,

**BROWN RUDNICK LLP**

By: */s/ Daniel Sachs*

David J. Molton
Gerard T. Cicero
Daniel F. Kerns
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: gcicero@brownrudnick.com
Email: dkerns@brownrudnick.com

*-and-*

Daniel L. Sachs (DC Bar 1045490)
1900 N St. NW Suite 400
Washington, DC 20036
Tel: 202-536-1796
Email: dsachs@brownrudnick.com

*Counsel for Nobuaki Kobayashi, In His Capacities as the Bankruptcy Trustee and Foreign Representative and Trustee of the Second Civil Rehabilitation Proceeding and Foreign Representative of MtGox Co., Ltd., a/k/a MtGox KK*