**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>All virtual currency held in the BTC-e operating wallets as of July 25, 2017, and other assets further described herein<br><br>Defendants *in rem*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>No. 1:25-cv-02085-CJN |

**PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO STRIKE CLAIM OF MICHAEL WILLIAM CHARLES HAWORTH**

Pursuant to Supplemental Rule G(8)(c)(i)(B), the Government respectfully moves to strike the claim of *pro se* claimant Michael William Charles Haworth (Dkt. 316) for lack of standing. The reason is simple: by his own admission, Haworth's cryptocurrency was stolen from his BTC-e customer account in 2014, years before the Government seized BTC-e's assets in 2017. Thus, Haworth's alleged assets are not included within the Defendant Assets, Haworth has no interest in the Defendant Assets, and his claim should be struck.

## I. Background

The Government filed this case on June 30, 2025, seeking forfeiture of "all virtual currency held in the BTC-e operating wallets as of July 25, 2017," as well as fiat currency in certain bank accounts. Complaint [Dkt. 1] at ¶ 11. On January 9, 2026, Haworth filed a claim on "the Bitcoin seized from BTC-E operating wallets to the extent of my customer holdings." Dkt. 316 at 1.

As part of discovery, the Government produced account records to the accountholder-claimants, including Haworth. These records showed that Haworth's BTC-e customer account had a Bitcoin balance of zero at the time of seizure. Sohn Decl. ¶ 2 and Ex. A.

Shortly after the Government produced these records to Haworth, Haworth emailed the Government an "Evidentiary Addendum" explaining that the zero balance was because his BTC-e account was hacked—and its Bitcoin stolen—back in 2014. Specifically, Haworth's Evidentiary Addendum states that, on February 26, 2014, there was a "[s]uccessful breach from suspicious IP" and "5.53231859 BTC withdrawn from account to unrecognized hacker address . . ." Two days after the hack, Haworth "[f]iled [a] formal complaint reporting that my Bitcoin had been unauthorizedly traded and stolen." Sohn Decl., Ex. B (Evidentiary Addendum) at 2.

On August 26, 2026, Haworth emailed the Government a copy of his Answer in this case. The Answer confirmed the above-recited facts, stating: "Claimant's holdings were stolen via an unauthorized, documented backend security breach on February 26, 2014—years before the 2017 seizure of BTC-e's operating wallets. Accordingly, Claimant's property was not part of the 'operating wallet' asset pool seized in 2017 . . ." Sohn Decl., Ex. C (Haworth Answer) at 2.

## II. Argument

To show Article III standing, civil forfeiture claimants must show that they would be injured by forfeiture of the Defendant Assets. *United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 6 (D.D.C. 2009). Under the civil forfeiture statute and rules, claimants must also show an "interest" in the Defendant Assets to have standing. 18 U.S.C. § 983(a)(2)(C)(ii); Supp. Rule G(5)(a)(i); *see also United States v. M/Y Galactica Star*, 13 F.4th 448 (5th Cir. 2021) (striking claimant for lack of statutory standing because the claimant lacked the requisite "interest").

Whether viewed as a matter of Article III standing, statutory standing, or both, Haworth lacks standing because his alleged Bitcoin holdings were stolen from his BTC-e account years before the Government seized BTC-e's assets in 2017. Thus, his alleged Bitcoin holdings are not included within the Defendant Assets, which comprise "[a]ll virtual currency held in the BTC-e

operating wallets as of July 25, 2017." Complaint ¶ 11. It follows that Haworth has no interest in the Defendant Assets, would not be injured by forfeiture, and lacks standing.

Seemingly sensitive to this fact, Haworth's Evidentiary Addendum stated:

> Claimant's unauthorized loss occurred and was formally documented years prior to the July 2017 seizure of the BTC-e operating wallets. Because Claimant was a verified victim of theft actively seeking recovery and restriction of his compromised property, his standing is based on a prior possessory and ownership interest that existed prior to the conduct giving rise to forfeiture.

Evidentiary Addendum at 4. Yet there is no caselaw holding that a *prior* interest in the Defendant Assets confers standing in a civil forfeiture case, nor is there any logic for such proposition. After all, standing is assessed at the time a case is filed. *Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012). At the time this case was filed and the time Haworth filed his claim, Haworth's alleged Bitcoin holdings had long-since been stolen by persons unknown. Thus, Haworth's alleged Bitcoin holdings are not part of the Defendant Assets. Indeed, Haworth's Answer admits as much. It follows that Haworth has no interest in the Defendant Assets and would not be injured by their forfeiture.

Finally, Haworth's claim asserts "a legal and equitable ownership interest in the Bitcoin seized from BTC-E operating wallets to the extent of my customer holdings." Dkt. 316 at 1. To the extent Haworth's reference to "equitable ownership interest" attempts to plead the equitable remedy of constructive trust, the Government notes that a constructive trust is not a valid basis for standing in civil forfeiture cases. *United States v. All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d 191, 199-201 (D.D.C. 2011).

## III. Conclusion

For the foregoing reasons, Haworth lacks standing in this case and his claim should be struck.

DATED: August 26, 2026

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS AND
FORFEITURE SECTION

*/s/ Joshua L. Sohn*
JOSHUA L. SOHN
ALLISON ICKOVIC
Trial Attorneys
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I caused the foregoing document to be served, via CM/ECF, to all counsel of record in this action. I also emailed a copy of this document to claimant Michael William Charles Haworth at tronath@gmail.com.

By: ___*/s/ Joshua L. Sohn*____
Joshua L. Sohn