# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**<br>Defendant in rem. | **CASE NO. 1:25-CV-02085-CJN**<br><br>**Civil Action No. 1:25-cv-02085-CJN**<br>**Hon. Carl J. Nichols**<br><br>**REDACTED VERSION FOR PUBLIC FILING** |

## CLAIMANT MICHAEL WILLIAM CHARLES HAWORTH'S ANSWER TO THE VERIFIED COMPLAINT FOR FORFEITURE IN REM

## I. INTRODUCTION

Claimant Michael William Charles Haworth, appearing pro se, respectfully submits this Answer to the Government's Verified Complaint for Forfeiture In Rem (Dkt. 1) to protect, defend, and assert his lawful ownership and possessory interest in 6.99791434 BTC associated with his account at the now-defunct cryptocurrency exchange BTC-e. Claimant's right to participate in this proceeding was formally established on August 13, 2026, when this Court granted his Motion for Leave to File a Late Claim (Dkt. 392). By filing this Answer within the procedurally mandated 21-day window under Supplemental Rule G(5)(b), Claimant strictly complies with all standing requirements and respectfully requests that the Court reject the Government's forfeiture allegations against his property.

## II. RESPONSE TO ALLEGATIONS OF THE FORFEITURE COMPLAINT

Claimant responds to the allegations set forth in the Government's Complaint. Because Claimant is an unrepresented individual who was a legitimate, non-criminal customer of the platform and had no access to the inner administration of the BTC-e servers or the criminal operations of its administrators, Claimant provides his answers in good faith based on his personal contemporaneous records and the discovery packet produced by the Government on August 25, 2026:

### 1. Jurisdiction and Venue (Paragraphs 1–10)

**Admitted in part, denied in part.** Claimant admits that this Court has in rem jurisdiction and venue over this forfeiture action in a general sense. However, Claimant specifically denies that the Defendant Assets corresponding to his legitimate, personal account balances are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A) or any other statutory authority.

### 2. General Allegations Regarding BTC-e Operations (Paragraphs 11–93)

**Denial of Knowledge.** Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the global criminal operations of BTC-e, its administrative structures, or the illicit acts of third-party users. To the extent any allegations in these paragraphs assert or imply that Claimant's specific account (User ID: 13423, Username: [REDACTED]) was involved in, derived from, or traceable to any unlicensed money transmitting business or money laundering conspiracy, those allegations are denied. Claimant was a bona fide, non-criminal customer who used the platform solely for legitimate personal digital asset trading and storage.

### 3. Specific Tracing & Hack Allegations (Paragraphs 94–103)

**Denied.** Claimant specifically denies that the digital assets deposited and held in his personal account are traceable to any stolen cryptocurrency or criminal hacks. Claimant's account logs confirm that on December 16, 2013, he deposited 6.99791434 BTC directly from his personal external wallet ([REDACTED PERSONAL WALLET]) to his assigned BTC-e deposit address ([REDACTED DEPOSIT ADDRESS]). This deposit represented clean capital and was entirely independent of any criminal movements. Furthermore, as detailed below, Claimant's holdings were stolen via an unauthorized, documented backend security breach on February 26, 2014—years before the 2017 seizure of BTC-e's operating wallets. Accordingly, Claimant's property was not part of the 'operating wallet' asset pool seized in 2017, and any tracing theories advanced by the Government or the Mt. Gox Trustee are completely inapplicable to his interest.

### 4. General Denial of Forfeiture

**General Denial.** Claimant denies each and every remaining allegation of the Forfeiture Complaint that is not explicitly admitted herein. Claimant denies that the United States is entitled to forfeit his cryptocurrency, or that his property was involved in any violations of federal law.

## III. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: THE INNOCENT OWNER DEFENSE (18 U.S.C. § 983(d))

Claimant is an 'innocent owner' within the meaning of 18 U.S.C. § 983(d). Claimant did not know of, participate in, or consent to any of the illegal conduct or money laundering conspiracies alleged to have occurred on the BTC-e platform. Claimant's digital assets were deposited in good faith as a customer, and Claimant at all times acted with reasonable diligence to protect and secure his assets:

**A. Clean Acquisition:** Claimant acquired his cryptocurrency lawfully through **independent protocol-level mining operations and direct conversion of mined digital assets**. His deposit of 6.99791434 BTC on December 16, 2013 (Transaction Hash: [REDACTED TX HASH]) represented clean capital completely independent of any criminal origin, darknet market, or third-party exchanges. This completely breaks any chain of tracing back to stolen Mt. Gox coins or other illicit assets.

**B. Documented Hack and Theft:** On February 26, 2014, at 22:48:18 UTC, an automated exploit on the BTC-e server bypassed security holds and permitted an unauthorized backend intrusion from IP [REDACTED IP]. Within five minutes, the intruder executed a fraudulent cashout of 5.53231859 BTC (Transaction ID: [REDACTED TX HASH]) to hacker address [REDACTED HACKER WALLET].

**C. Diligent Re-Securing & Notice:** Upon discovering the breach, Claimant configured OTP Key #93342 within 20 minutes to lock out the intruder. Claimant immediately submitted formal complaints (Tickets #SEY-323-20058 and #CVC-475-24757) actively seeking restriction of his stolen assets. Claimant was an active victim of theft years prior to the Government's 2017 seizure of the operating wallets.

### SECOND AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS AND PREJUDICIAL DELAY (19 U.S.C. § 1621)

The Government's forfeiture action is barred by the five-year statute of limitations set forth in 19 U.S.C. § 1621. The Government seized BTC-e's servers and operating wallets in July 2017, simultaneously assessing a civil monetary penalty of $110 million against the platform. Yet, the Government waited nearly eight years to file its civil forfeiture complaint on June 30, 2025. This extreme delay has caused Claimant severe, compounding financial prejudice during multiple complete digital asset market cycles, in direct violation of due process.

### THIRD AFFIRMATIVE DEFENSE: PRIOR POSSESSORY INTEREST PRE-DATING SEIZURE

Because Claimant's assets were deposited in 2013 and stolen via a documented backend exploit in 2014, Claimant's possessory and ownership interest in the seized assets existed years before the conduct giving rise to the 2017 forfeiture. Accordingly, Claimant's interest cannot be struck under general 'unsecured creditor' standing arguments, as his standing is rooted in his status as a victim of theft actively seeking restriction and recovery of his specific property.

## IV. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution, Claimant Michael William Charles Haworth hereby demands a trial by jury on all issues and defenses so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Claimant Michael William Charles Haworth respectfully prays that this Court enter judgment in his favor and grant the following relief:

1. Dismiss the Forfeiture Complaint with prejudice as to the specific cryptocurrency balances associated with Claimant's account;
2. Order the immediate return of Claimant's 6.99791434 BTC or its equivalent cash value at current market prices;
3. Award Claimant reasonable costs and fees incurred in defending his interest; and
4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michael William Charles Haworth
**Michael William Charles Haworth**
Pro Se Claimant
Email: [REDACTED EMAIL]
Address: [REDACTED PHYSICAL ADDRESS]
Date: August 26, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I served a true and correct copy of the foregoing Claimant's Answer to the Verified Complaint for Forfeiture In Rem upon Plaintiff's counsel of record via electronic service (ECF) and email to Trial Attorneys Allison Ickovic (allison.ickovic@usdoj.gov) and Joshua Sohn (joshua.sohn@usdoj.gov).