**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS,**<br><br>*Defendant in rem.* | **CASE NO. 1:25-CV-02085-CJN**<br><br>**Civil Action No. 1:25-cv-02085-CJN**<br><br>**Hon. Carl J. Nichols**<br><br>**REDACTED VERSION FOR PUBLIC FILING** |

# CLAIMANT MICHAEL WILLIAM CHARLES HAWORTH'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE HIS CLAIM

## I. INTRODUCTION

Claimant Michael William Charles Haworth, appearing pro se, respectfully submits this Opposition to the Plaintiff United States of America's Motion to Strike his Claim (filed August 26, 2026). The Government's motion relies on a procedurally aggressive and factually flawed premise that, because Claimant's cryptocurrency was stolen from his customer account during a database-level breach in 2014, Claimant lacks an 'interest' in the seized assets and therefore lacks standing under Supplemental Rule G(8)(c)(i)(B). As demonstrated below, the Government's argument fails on multiple grounds. First, the Government's own server records explicitly confirm that Claimant's account holds an active, non-zero balance of 1.46580912 USD in the seized operating wallets, providing undisputed ownership and statutory standing. Second, the Government is judicially and equitably estopped from challenging Claimant's standing as a pre-seizure victim of theft while simultaneously recognizing and litigating the multi-million dollar pre-seizure hack recovery claim of the Mt. Gox Trustee. Third, Claimant possesses a valid prior possessory and equitable interest in the seized commingled exchange res that arose long prior to the conduct giving rise to forfeiture. Accordingly, the Government's Motion to Strike must be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Claimant registered customer account User ID [REDACTED] under username '[REDACTED]' in October 2012 from his legitimate home IP address [REDACTED IP]. On December 16, 2013, Claimant deposited 6.99791434 BTC from his personal external wallet ([REDACTED PERSONAL WALLET]) to his assigned deposit address ([REDACTED DEPOSIT ADDRESS]). This deposit represented clean capital generated entirely from Claimant's independent protocol-level altcoin mining operations and subsequent direct conversion, completely free from any criminal origin.

On February 26, 2014, at 22:48:18 UTC, Claimant's account was breached via a sophisticated, automated backend exploit on the BTC-e servers. An intruder using IP [REDACTED IP] performed a sub-second successful login at the exact same Unix second (1393454898) that the server's automated 14-day hold expired and unlinked Claimant's security key. Within five minutes, the intruder executed a fraudulent cashout of 5.53231859 BTC to unrecognized hacker address [REDACTED HACKER WALLET]. Upon discovering the theft, Claimant acted with utmost diligence, re-securing the account with OTP Key #93342 within 20 minutes and filing formal complaints (Tickets #SEY-323-20058 and #CVC-475-24757) within hours to restrict his stolen assets.

In July 2017, the United States Government shut down BTC-e and seized its operating wallets. At the time of this seizure, the exchange database snapshot (produced to Claimant in discovery on August 25, 2026, and attached to the Sohn Declaration as Exhibit A) records that Claimant's customer account retained an active, non-zero cash balance of 1.46580912 USD, while the cryptocurrency balance had been reduced to zero as a direct consequence of the unresolved 2014 hack.

On August 13, 2026, this Court entered an Omnibus Order (Dkt. 392) formally granting Claimant's Motion for Leave to File a Late Claim, making him an active party to this litigation. On August 26, 2026, Claimant filed his formal Answer to the Forfeiture Complaint. On the same day, the Government filed the instant Motion to Strike Claimant's Claim, asserting that because Claimant's Bitcoin was stolen in 2014, Claimant lacks standing.

## III. LEGAL ARGUMENT

### A. Claimant Has an Undisputed Ownership Interest in the Seized USD Res, Providing Both Statutory and Article III Standing

The Government's motion relies entirely on the factually erroneous premise that Claimant holds an absolute zero balance in the Defendant Assets. However, the Government's own evidence (Sohn Decl., Ex. A, Row 13423) proves that Claimant's account holds an active, non-zero balance of 1.46580912 USD. Under the terms of the Forfeiture Complaint, the 'Defendant Assets' in this in rem proceeding consist not only of virtual currency, but also 'other assets further described herein,' which include approximately 89.6 million USD in fiat currency consolidated and seized from BTC-e's bank accounts (Defendant Property B). Complaint ¶ 11, ECF 1.

It is a foundational principle of U.S. civil forfeiture and Article III standing that the size or quantum of a claimant's property interest does not affect standing. Even a nominal economic or financial stake (such as 1.46 USD) represents a concrete, legally protected interest that would be injured and extinguished by a final decree of forfeiture. Because the Government has seized the entire exchange res, and Claimant retains a valid, undisputed cash balance in that res, Claimant possesses clear standing to remain in this courtroom and contest the forfeiture of his account's assets. The Government cannot strike Claimant for an absolute lack of standing.

### B. The Government Is Judicially and Equitably Estopped from Challenging Claimant's Standing as a Pre-Seizure Victim of Theft While Recognizing the Standing of the Mt. Gox Trustee

The Government's lead argument—that Claimant lacks standing because his Bitcoin was stolen in 2014, years prior to the 2017 seizure of the operating wallets—is directly contradicted by the Government's own procedural posture in this case. The largest active claim in this entire litigation is that of Nobuaki Kobayashi, Bankruptcy Trustee for Mt. Gox (Dkt. 40), which asserts an interest in all Defendant Assets based on the theory that Mt. Gox's Bitcoin was stolen during criminal hacks between 2011 and 2014 and sent to BTC-e.

Like Claimant, the Mt. Gox Trustee is a pre-seizure victim of theft whose assets left its possession years before the 2017 operating wallet seizure. Yet, the Government has formally recognized Mt. Gox's standing, filed a joint status report coordinating a global resolution, and entered extensive negotiations with its counsel. Under the doctrine of judicial estoppel, the Government cannot maintain contradictory positions in the same proceeding to the prejudice of a pro se litigant. The Government cannot treat a pre-seizure hack victim (Mt. Gox) as possessing standing while moving to strike another pre-seizure hack victim (Michael Haworth) on the exact same grounds. Basic equity requires that both victims be treated equally.

### C. Claimant Retains a Valid Equitable and Prior Possessory Interest in the Seized Commingled Res

BTC-e did not operate as a traditional depository with segregated client vaults. It functioned as a commingled pool where all user cryptocurrency deposits were blended into common operating wallets. When Claimant deposited 6.99791434 BTC in December 2013, those coins were immediately commingled with the general exchange assets. When the exchange suffered a backend breach in 2014, the exchange's operators became legally liable to Claimant as a bailee for the unauthorized loss of his property. Because the seized 2017 operating wallets represent the surviving, commingled remnants of the exchange's customer deposits, Claimant retains a valid equitable property interest in that commingled pool. Under established D.C. civil forfeiture precedent, an equitable lien or constructive trust is a valid basis for standing when a claimant is a victim of theft seeking recovery against a commingled res. Furthermore, under the Cohan doctrine and United States v. BCCI Holdings precedent, precision is not required where the Government's own delay and seizure of the platform's records created the evidentiary gap. Claimant is entitled to have his prior possessory interest protected and adjudicated on the merits.

## IV. CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Claimant Michael William Charles Haworth respectfully requests that this Court DENY the Plaintiff's Motion to Strike, allow his claim to proceed on the merits, and grant him such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michael William Charles Haworth

Michael William Charles Haworth

*Pro Se Claimant*

Email: [REDACTED EMAIL]

Address: [REDACTED PHYSICAL ADDRESS]

Date: August 26, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I served a true and correct copy of the foregoing Claimant's Opposition to Plaintiff's Motion to Strike upon Plaintiff's counsel of record via electronic service (ECF) and email to Trial Attorneys Allison Ickovic (allison.ickovic@usdoj.gov) and Joshua Sohn (joshua.sohn@usdoj.gov).