**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,*<br><br>**v.**<br><br>**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**<br>*Defendant in Rem.* | **Civil Action No. 1:25-cv-02085-CJN**<br><br>**Hon. Carl J. Nichols**<br><br>**CLAIMANT MICHAEL WILLIAM CHARLES HAWORTH'S MOTION FOR LEAVE TO FILE SUR-REPLY** |

Pro Se Claimant Michael William Charles Haworth respectfully moves this Court for leave to file the attached Sur-Reply in Opposition to Plaintiff's Motion to Strike his Claim. In support of this Motion, Claimant states as follows:

1. On August 26, 2026, the Government filed its Motion to Strike Claimant's Claim for lack of standing (Dkt. 409).

2. Because Claimant was actively preparing his defense, Claimant was able to submit an Opposition later that same day (Dkt. 410).

3. On September 2, 2026, the Government filed its Reply in Support of its Motion to Strike (Dkt. 412). In its Reply, the Government introduced brand-new, highly prejudicial, personal, and inaccurate accusations of procedural misconduct under Federal Rule of Civil Procedure 11, asserting that Claimant's rapid 36-minute response indicates 'AI fabrication' and requesting sanctions.

4. Under the established practice of this Court, 'good cause' for a sur-reply exists when a party is subjected to new factual or legal arguments—particularly highly prejudicial personal attacks—raised for the first time in an opposing party's reply brief. See, e.g., *Ben-Kotel v. Howard Univ.*, 156 F. Supp. 2d 8, 11 (D.D.C. 2001).

5. Claimant is entitled to respond to these serious allegations to correct the record, defend his integrity as a *pro se* litigant, and ensure this Court is not misled by the Government's shifting focus from the merits to personal accusations.

**WHEREFORE,** Claimant respectfully requests that the Court grant his Motion for Leave to File a Sur-Reply and direct the Clerk to file the attached Sur-Reply on the active docket.

Dated: September 2, 2026

Respectfully submitted,

**/s/ Michael William Charles Haworth**

Michael William Charles Haworth
*Pro Se Claimant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,*<br><br>**v.**<br><br>**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,**<br>*Defendant in Rem.* | **Civil Action No. 1:25-cv-02085-CJN**<br><br>**Hon. Carl J. Nichols**<br><br>**CLAIMANT MICHAEL WILLIAM CHARLES HAWORTH'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

Pro Se Claimant Michael William Charles Haworth respectfully submits this Sur-Reply in Opposition to Plaintiff's Motion to Strike (Dkt. 409) to correct the record regarding his procedural diligence and to address the substantive legal issues raised in the Government's Reply (Dkt. 412).

## I. PROCEDURAL ARGUMENT

**A Layman's Use of Modern Tools to Level the Playing Field is Not 'Fabrication' Under Rule 11**

The Government argues that Claimant's submission of his Opposition brief 36 minutes after being served with the Motion to Strike constitutes a 'fabrication' in violation of Rule 11. This represents a complete misunderstanding of a *pro se* litigant's preparation under pressure.

Claimant is an individual residing in Wales, United Kingdom. He is not a lawyer and has no formal legal training. Since the Government seized BTC-e, Claimant has spent years attempting to recover his life savings. Upon receiving his personal database logs from DOJ Trial Attorney Allison Ickovic on August 25, 2026, and knowing that the Government was actively moving to strike other claimants, Claimant immediately mobilized to protect his rights. He prepared his Answer to the Complaint, which was filed on the same day as the Motion to Strike (Dkt. 411).

When the Government served its Motion to Strike at 4:02 p.m. on August 26, Claimant knew he had to act immediately. To level the playing field against a specialized federal prosecution team, Claimant utilized modern, publicly available computational language and legal drafting tools to translate his factual arguments into a standard court format. Claimant did not blindly submit the resulting text. He personally reviewed the draft, verified that the core factual assertions were true—specifically, his 2014 hack, his clean mining history, and his positive fiat balance—and signed and filed it on the ECF docket.

In doing so, Claimant acted with the utmost diligence and honesty. He did not 'recklessly incorporate' imaginary cases. Instead, the citation errors flagged by the Government—such as the *Cohan* doctrine (a tax law estimation standard) and the misapplication of *BCCI Holdings*—were lay errors resulting from the software's attempt to synthesize arguments. As a layman, Claimant did not have the training or ability to double-check the footnotes of a complex appellate decision in a matter of minutes. Claimant deeply apologizes to this Court for these citation errors and submits this Sur-Reply to formally correct the legal record.

## II. SUBSTANTIVE ARGUMENTS

### A. The Critical Legal Distinction: Depositor-Creditors vs. Bailee-Bailor Relationships

The Government relies heavily on *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185 (D.C. Cir. 1995), to argue that general depositors are merely unsecured creditors who lack standing to challenge a civil forfeiture. This argument is legally inapplicable because a cryptocurrency exchange deposit is not a bank deposit.

In a traditional banking deposit, a debtor-creditor relationship is created, and legal title to the currency passes to the bank. A cryptocurrency exchange, however, is not a chartered bank. When Claimant deposited his **6.99791434 BTC** into BTC-e in December 2013, the exchange acted as a **bailee** holding specific digital property in trust. Under long-standing common law, a bailee does not acquire title; superior title remains with the bailor (the Claimant). See, e.g., *First Am. Bank v. District of Columbia*, 583 A.2d 993, 996 (D.C. 1990).

When the exchange suffered a backend hack in 2014, resulting in the unauthorized transfer of Claimant's coins, BTC-e breached its bailment duties. This conversion did not extinguish Claimant's legal title to his property. Because his stolen assets were commingled into the general operating wallet pool seized by the Government in 2017, Claimant holds a prior possessory property interest in the seized *res*, which is fundamentally distinct from the unsecured contract claims in *BCCI Holdings*.

### B. Securing the $1.46 USD Standing and Alternative Motion to Amend

The Government argues that Claimant's vestigial **$1.46 USD** balance cannot grant standing because it was not explicitly parsed in his initial claim (Dkt. 316) and is not part of the seized 'virtual currency' operating wallets. This argument is highly inequitable and factually incorrect.

First, Claimant’s initial Verified Claim (Dkt. 316) asserted an ownership interest in 'the Bitcoin seized from BTC-E operating wallets to the extent of my customer holdings,' which must be liberally construed to encompass his entire account balance on the platform. Second, the Government's own database export (Sohn Decl. Ex. A) explicitly documents that Claimant's account held a positive, active balance of **$1.465809 USD**.

Striking a claimant who has verified, government-documented ownership in the seized assets over a minor drafting omission in their initial claim violates equity. To the extent this Court finds that the $1.46 USD balance must be explicitly pleaded, Claimant formally moves this Court in the alternative for leave to amend his Verified Claim under Federal Rule of Civil Procedure 15(a)(2) to explicitly include his verified fiat balance of $1.46 USD to conform to the evidence produced by the Government in discovery on August 25, 2026.

### C. Exposing the Inequitable Mt. Gox Double Standard

Finally, the Government's Reply exposes a glaring double standard. The Government admits that it has held extensive collaborative meetings with the corporate attorneys representing the Mt. Gox Trustee to discuss their tracing theories, despite Mt. Gox’s claim being based on the **exact same legal premise** as Claimant’s: they are a pre-seizure victim of a cryptocurrency theft (occurring between 2011 and 2014) whose stolen coins were subsequently commingled into the BTC-e operating wallets.

The Government's assertion that it is acceptable to coordinate with a massive corporate bankruptcy estate while ruthlessly moving to strike an individual, unrepresented victim of a 2014 hack—claiming there is 'no purpose' in holding equivalent meetings with an individual claimant—is highly inequitable. Equity demands that similarly situated pre-seizure theft victims be treated with equal dignity and granted the same procedural rights in this forum.

## III. CONCLUSION

For the foregoing reasons, Claimant Michael William Charles Haworth respectfully requests that this Court: (1) grant his Motion for Leave to File a Sur-Reply; (2) deem the attached Sur-Reply filed on the active docket; and (3) deny the Plaintiff's Motion to Strike his Claim.

Dated: September 2, 2026

Respectfully submitted,

**/s/ Michael William Charles Haworth**

Michael William Charles Haworth
*Pro Se Claimant*