**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br>Defendants in rem. | Civil Action No.<br>1:25-cv-02085 (CJN)<br><br>Aydin Aygun<br>Prospective claimant<br>Pro se |

## OPPOSED MOTION TO SET A CLAIM-FILING DATE ON HEALTH-RELATED GROUNDS AND FOR CONDITIONAL LIMITED RECORD REVIEW

Aydin Aygun requests a claim-filing date of December 7, 2026, or another reasonable date, under Supplemental Rule G(5)(a)(ii). He offers health-related circumstances and loss of access to historical account information as reasons for a finite period to obtain records, assistance and advice. The requested date has not been granted.

Separately, and only upon the necessary threshold showing and procedural eligibility, he requests permission for a confined comparison of the eight Exhibit A outpoints and genuine personal identifiers with retained BTC-e account records. If premature, that request should be considered separately from the request for time.

**This motion is not a verified claim, an answer, or a demand for immediate payment. A personal BTC-e account, balance and exact BTC-e receiving outpoint remain unverified.**

RECEIVED
SEP 08 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## I. NOTICE, CORRESPONDENCE AND EVIDENTIARY LIMITS

1. On September 6, 2026, movant asked Government counsel about account identification and filing procedures. The inquiry supplied the ed2efa transaction and 1Dky address as research references, not established personal deposits. On September 7, counsel supplied the direct notice reproduced as Exhibit B and declined the other questions.

2. The notice states that a verified claim must be filed within 35 days of the Government sending the notice and that an answer or Rule 12 motion follows within 21 days after a claim. Movant does not assume that September 7 supersedes any earlier applicable notice or deadline. This motion does not itself extend time.

3. Exhibit A preserves the previously proposed eight-output scope. These are assisted public-blockchain research compilations, not original BTC-e ledgers or a sworn expert report. The 400 BTC root, the Mt. Gox-attributed 40,000 BTC sequence and the ed2efa branch are distinct research references. No continuous spend path from the 40,000 BTC output to ed2efa is established.

4. The academic rounded 250 BTC attribution lacks a verified recipient outpoint and personal-account link. Current emails, telephone candidates and disputed historical references are not confirmed BTC-e registration details. These limits are expressly retained; medical evidence does not cure them.

## II. HEALTH CIRCUMSTANCES AND REQUESTED OPPORTUNITY

5. Movant reports past health difficulties and the loss of access to many historical account details. He asks that these circumstances be considered when assessing his ability to identify old accounts and prepare a truthful filing. He does not claim that all missing information resulted from a clinically established memory-loss condition.

6. A two-sided report image in his retained materials bears the name Aydin Aygun, identifies Uludag University Hospital, and is dated December 27, 2016. The image records an 80% disability assessment, a severe-disability designation and permanent status. Its clinical narrative records no improvement in functioning. A restricted medical-review supplement identifies the source and relevant passages; the complete medical image is not placed in this proposed public filing.

7. The 2016 document is not evidence of a BTC-e account or of any specific missing credential. It does not, by itself, establish continuous incapacity through 2026, the dates of information loss, or the cause of each loss. A detailed current clinical assessment and a dated record-loss chronology have not yet been supplied. No unverified diagnosis, date or period of incapacity is added.

8. Movant seeks the requested period to obtain relevant records and an accurate English translation, prepare that chronology, seek legal assistance and determine whether a supportable claim exists. His September 6-8 correspondence shows efforts after identifying the present procedure; it does not establish that the requested duration must be granted.

## III. AUTHORITY AND NARROW, SEPARATE REQUESTS

9. Supplemental Rule G(5)(a)(ii) allows a different claim-filing time for good cause. Rule 6(b)(1) is invoked only consistently with Rule G: good cause before an applicable deadline, and excusable neglect if an expired deadline is found controlling. Movant requests a reasoned determination on the actual chronology, not automatic tolling based on illness or this motion.

10. Set December 7, 2026, or a shorter reasonable date, for any verified claim movant can factually and legally support. Only his own time is at issue. No case-wide stay, restraint on distributions, or extension of other parties' deadlines is sought. The work proposed includes source-record review, medical/translation support and assessment of the actual property interest.

11. Only if the required threshold and procedural conditions are met, permit one protected comparison of the eight Exhibit A outpoints with existing, reasonably searchable BTC-e address-assignment, deposit/withdrawal and customer-ledger records, and comparison of any relevant account with movant's authentic information. Rules 26(b)(1), 26(d)(1), and any applicable case schedule remain controlling. Rule 34 is not an unconditional pre-claim entitlement.

12. The August 13, 2026 Order, ECF 392, at 2 and 4, denied earlier discovery motions without prejudice to appropriate renewal and noted conferral failures. It does not grant movant standing, a right to discovery, or an extension. If record review is premature or unsupported, determine the time request separately and leave a properly supported later request to the proper stage.

## IV. PRIVACY, ACCOUNT VERIFICATION AND LATER RECOVERY

13. The proposed comparison is confined to retained records relevant to Exhibit A and genuine personal identifiers. No all-customer export, unrestricted tracing, reconstruction of deleted data or privileged investigative analysis is demanded. The Government may identify burdens, objections, missing record categories or a narrower method.

14. Any candidate account relationship should remain confidential until authentic account-specific corroboration and identity comparison establish ownership. An operational wallet output must not be equated with a single customer credit. No account access or information about an unrelated customer is requested.

15. Only after independent account ownership is established should the July 25, 2017 balance and subsequent credits, debits and distributions be reviewed. Movant seeks an opportunity to pursue eventual return or an authorized distribution if an enforceable right is established in the applicable process. Historical ledger totals are not necessarily payable sums. This motion asks for no present transfer, release of funds or account-contact change.

16. The health evidence is offered for the time and access-to-process questions, not to prove asset ownership. Before submitting underlying medical images, movant seeks instructions for a limited protected submission consistent with Rule 5.2(d)-(e), LCvR 5.1(h) and the Clerk's authorized procedure. No sealed status is assumed. Only necessary health material should be submitted; authentic English translation and any required foundation remain to be completed.

## V. STATEMENT CONCERNING CONFERRAL AND CONCLUSION

17. On September 8, 2026, at 01:14 UTC, movant emailed Joshua Sohn, copying Ramona Claiborne, with the proposed December 7 date and conditional eight-output comparison. He asked for separate positions and narrower alternatives. At 01:22 UTC, counsel replied: "We oppose your requested relief." Exhibit C transcribes that brief reply. This motion is opposed; the reply supplied no separate rationale or express consent to email service.

18. The medical circumstances are additional support for the previously discussed requests. They were not stated in the earlier email. No Government agreement to the health grounds or protective procedure is represented. Movant remains available for further good-faith discussion, including narrower relief, and requests an opportunity to complete any further conferral the Court requires.

For these reasons, movant requests the separate, limited relief above. He asks that the health circumstances be considered without excusing the need for a truthful personal interest or the applicable claim, service and discovery requirements.

Respectfully submitted,
Signature in ink: ______________________________________
Aydın Aygün / Aydin Aygun
Date: _____________________
Current postal address: ____________________________________________
_________________________________________________________________
Telephone: _____________________ Email: aydinaygun209@gmail.com

## DECLARATION OF AYDIN AYGUN

I, Aydin Aygun, state the following. I distinguish my own recollection from what the retained documents show:

1. My name is Aydın Aygün (ASCII: Aydin Aygun). I am a citizen and resident of Türkiye. My current correspondence email is aydinaygun209@gmail.com.

2. I have experienced health difficulties in the past and have lost access to many historical account details. I cannot presently confirm a historical BTC-e username, registered email or customer number. I request consideration of these difficulties while I collect reliable records and determine the proper scope of any claim.

3. A retained image of a health-board report in my materials bears my name and the date December 27, 2016. The relevant visible entries are described in the motion. I offer the underlying report for an appropriate protected submission and independent verification. I do not represent the preparer's working English extract as a certified translation or a new medical opinion.

4. I do not ask the Court to infer from that 2016 report alone that I was continuously unable to act through 2026. I have not yet supplied a detailed dated chronology connecting each missing account item and each relevant procedural period with medical evidence. I do not supply invented dates or a diagnosis of memory loss.

**DECLARATION (continued)**

5. An inquiry was sent from my current email on September 6, 2026. Counsel replied and sent the notice on September 7. On September 8, a motion-specific conferral proposal was sent, and counsel replied that the Government opposed the requested relief. No claim-filing extension or agreement to search has been confirmed.

6. Exhibit A is a research-reference compilation, not my BTC-e account statement. The material has not established a specific BTC-e account or positive balance as mine. I do not claim its nominal amounts as my assets, loss or entitlement, or certify the research as an independent forensic expert.

7. I seek a finite opportunity to obtain help, recover and verify original records, and supply authentic personal and account-specific corroboration through a protected process. Any eventual claim must reflect the facts and rights actually supported. I understand that this declaration and motion are not substitutes for a verified ownership claim or a required answer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______________________ at ______________________, Türkiye.
Signature in ink: ________________________________________
Aydın Aygün / Aydin Aygun

## EXHIBIT A - LIMITED RESEARCH LOCATORS

Bitcoin mainnet. Output indexes are zero-based. These are derived research references for independent checking, not verified personal BTC-e deposits. The proposed initial review remains limited to eight outpoints.

**A1 - BTC-e research anchor**

`ed2efa807c4d33a0ca6d15aab5e608ac624a30039965b508063c8baf9d9e8ecc:0`

Address: 1491KpNqoY1vGE2Rzdd76BCsuXK7QepNGU

Nominal amount: 158,336.30131091 BTC

Prior record: block 198100, September 10, 2012, 05:28:43 UTC. Not a confirmed BTC-e receiving outpoint.

**A2 - Third-branch research reference**

`6e6849495dfa51fdee7788f729718ef0eeb0f2564f07ad16d26573646a3ba4a1:0`

Address: 1FDKQB5aN6w7y8WTfVwqFN4Yj3DyL8BCpu

Nominal amount: 58,336.30131091 BTC

Retained branch reference, not a confirmed BTC-e deposit.

**A3 - Last retained third-branch reference**

`7ce81b59ceade8b13ece13637f0c885f800e1dd325fd103886598c86c3e0966b:0`

Address: 1K6xtaY8VqfEYQqnWHpFJnhdcbAj4Tw4uu

Nominal amount: 58,309.59251091 BTC

End of the retained branch, not a current balance. Later spending is not in the reviewed archive.

## EXHIBIT A (continued)

**A4 - Separate 400 BTC research root**

`0c1b7a7dcc5cbd0b7e58f4ebed9721e15e9b910c00aac837ceaa009e9b6c6f2a:0`

Address: 14t9wWayqbtULWCBsijSvK7BYbHUzvyzKH

Nominal amount: 400.00000000 BTC

Personal ownership is not established by the research graph.

**A5 - Specific input to the 40,000 BTC sequence**

`97759b1d733526343779941627 0f3bf8b79cbbbef99be01dff32adcf381d4496:0`

Address: 1HR8d8siy91cQiGsbCkpKQ1EWHceQW3Mm5

Nominal amount: 168.60469049 BTC

Recorded as one of 141 inputs creating A6, not the source of all its value.

**A6 - Historically Mt. Gox-attributed funding**

`0530900c2ffdfa498d540d81bb7dfdd06fad36344c344c5c9de61c59a24c9198:0`

Address: 1LNWw6yCxkUmkhArb2Nf2MPw6vG7u5WG7q

Nominal amount: 40,006.43188598 BTC

Recorded structure: 141 inputs, one output. Historical institutional attribution needs independent validation.

Provenance: the retained assisted schedules, including BTCe_400_40000_Rota_Denetimi_2026-09-08.txt. These are not original BTC-e ledgers, a sworn expert report or independently verified raw blockchain serialization. A path from the 400 BTC root to two outputs does not establish a path between those outputs.

## EXHIBIT A (continued)

**A7 - Main output of the separate 40,000 BTC event**

`24f7c6836156e9d23cabde0db5dcbca3d95fde34f31673f2bce26c8c8e05ed5a:0`

Address: 1Cc7nc5Rgwnh5qfWc5jKymyn5d6Y1PcXjj

Nominal amount: 40,000.00000000 BTC

Recorded as spending A6 as its sole input and creating A7 and A8. No direct BTC-e deposit is asserted.

**A8 - Other output of the same transaction**

`24f7c6836156e9d23cabde0db5dcbca3d95fde34f31673f2bce26c8c8e05ed5a:1`

Address: 1Kbt42eyLG7DSiHTFAMB94YiUV2B7BGNAw

Nominal amount: 6.43188598 BTC

Recorded fee: zero. Output role and customer ownership remain unverified.

**Personal comparison fields and limits**

Aydın Aygün / Aydin Aygun; birth year 1985; Türkiye. Correspondence: aydinaygun209@gmail.com; aydinaygun209@yahoo.com; aydinaygun1@icloud.com. Prior telephone candidates: +90 533 148 02 29; +90 553 148 02 29. None is a confirmed historical BTC-e registration identifier.

Disputed historical reference: stevejobs807@gmail.com. Movant recalls using it, while public statements also attribute it to another person. Reported forwarding references ryan@xwaylab.com and bitcoinicasucks@hotmail.com are not asserted to be movant's accounts. verify@bitcoinica.com is an institutional recipient. No third-party disclosure is requested.

The approximate 250 BTC academic entry lacks a verified receiving TXID:vout. Neither medical circumstances nor public blockchain ancestry establishes ownership. No full date of birth, government ID number, identity image, password or private key is included.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:25-cv-02085** |
| **ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN** | ) | |
| **Defendants *in rem*.** | | |

**NOTICE OF CIVIL FORFEITURE ACTION**

On June 30, 2025, the United States Department of Justice filed a Verified Complaint for Forfeiture in the United States District Court for the District of Columbia against:

**ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN**

The Complaint in this action is attached.

This action is brought under the provisions of 18 U.S.C. § 981(a)(1)(A). Pursuant to 18 U.S.C. § 983 and Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, direct notice of this action is being sent to you.

Any party who intends to assert an interest in any defendant property and contest the forfeiture in court must file a verified Claim in the United States District Court, District of Columbia, 333 Constitution Ave. NW, Washington, DC 2001, under case: *United States v. All Virtual Currency Held in the BTC-e Operating Wallets as of July 25, 2017, and Other Assets Further Described Herein,* 1:25-cv-02085, within 35 days of the Government sending this Notice, in accordance with Supplemental Rule G(5). A corporate entity must be represented by a

lawyer in order to file a proper verified Claim. Additionally, claimants must serve and file Answers to the Complaint, or motions under Rule 12 of the Federal Rules of Civil Procedure, within 21 days after filing their verified Claims. Claims must comply with Supplemental Rule G(5)(a), and Claims and Answers are to be filed with the Clerk, United States District Court for the District of Columbia at the above address.

Any party who intends to seek the return of property may also file a petition for remission or mitigation. The filing of a petition does not serve as a substitute for filing a claim, nor does the filing of a claim serve as a substitute for filing a petition. A petition for remission or mitigation does not contest the forfeiture of the property to the government and is considered by the Department of Justice after the Court enters a final order of forfeiture. The petition process is further detailed in 28 C.F.R. Part 9.

A petition for remission or mitigation may be submitted electronically on https://www.forfeiture.gov/FilingPetition.htm. All petitions should be submitted within 60 days of a final order of forfeiture in this case.

Finally, please take note that the Department of Justice is considering a settlement in this action, which may result in a significant portion of the Defendant property being distributed to *claimants*. If you wish to participate in this settlement, you may need to file a *claim*, not just a remission petition.

DATED: September 7, 2026

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING, NARCOTICS AND
FORFEITURE SECTION

*/s/ Joshua L. Sohn*_____

JOSHUA L. SOHN
ALLISON ICKOVIC
Trial Attorneys
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 353-2223
joshua.sohn@usdoj.gov

## EXHIBIT C - GOVERNMENT RESPONSE TO CONFERRAL

Transcription of the new reply, not a certified original email.

Date: September 8, 2026, 01:22:26 UTC

From: Joshua.Sohn@usdoj.gov

To: Aydın Aygün, aydinaygun209@gmail.com

Cc: Ramona.Claiborne@usdoj.gov

Subject: Re: [EXTERNAL] BTC-e 1:25-cv-02085 (CJN) - LCvR 7(m) conferral: proposed filing deadline and confined record procedure

**New reply:**

**“We oppose your requested relief.”**

Joshua L. Sohn
Trial Attorney
Money Laundering and Asset Recovery Section
U.S. Department of Justice

The quoted text above is the complete new substantive sentence. The original email then quotes the earlier proposal. That quoted proposal is not a Government finding. The earlier proposal sought a December 7, 2026 filing date or another reasonable date and a conditional, limited eight-outpoint comparison; it did not claim established account ownership.

Source mailbox reference: message 1a07e9c55fda57db; parent proposal 1a07e9448aceaaac. Original correspondence is retained in the mailbox. The reply contains no separate reasons, express agreement to electronic service or judicial ruling. No later response is represented here.

U.S. District Court for the District of Columbia

Case No. 1:25-cv-02085 (CJN)

I, Aydin Aygun, have read and adopt the health-grounds motion dated 8 September 2026 (pages 1-6) and my declaration (pages 7-8) in the 15-page PFD.

I declare under penalty of perjury under the laws of the United States of America that the facts stated in that declaration are true and correct.

Date: 8 September 2026

Place: Balikesir – Türkiye

Current postal address: Kuvvai milliye maha 20302 sok No 1-7 Koresi / Balikesir

Telephone: +90553 148 02 29

Signature: [signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br>Defendants in rem. | Civil Action No.<br>1:25-cv-02085 (CJN)<br><br>Aydin Aygun<br>Prospective claimant<br>Pro se |

## [PROPOSED] ORDER

Upon consideration of Aydin Aygun's motion, the supporting materials and any opposition, it is ORDERED that:

1. Solely for Aydin Aygun, the deadline for a factually and legally supportable verified claim is set at December 7, 2026, or ____________________ as selected by the Court. This order does not determine ownership, standing, claim sufficiency or any right to payment.

2. No present disclosure of another customer's information or release of funds is authorized. A limited account-record procedure may be sought only after the applicable threshold requirements are satisfied and consistently with the governing discovery schedule. The request is otherwise without prejudice to an appropriate later application.

3. Any necessary medical exhibit shall be submitted only by a protected procedure authorized by the Court and Clerk, with appropriate redactions and English translation. Medical material is not ordered onto the public docket by this proposed order.

4. All other deadlines and obligations remain unchanged unless expressly ordered otherwise.

Date: ____________________

____________________________________
United States District Judge

## NOTICE RECIPIENTS IDENTIFIED IN THE AVAILABLE RECORD

Government counsel named in the September 7, 2026 notice:
Joshua L. Sohn and Allison Ickovic, Trial Attorneys
U.S. Department of Justice, Criminal Division
1400 New York Avenue NW, Washington, DC 20005
Published case contact: Joshua.Sohn@usdoj.gov

Prospective claimant, unrepresented:
Aydin Aygun
Kuvai Milliye Mah., 20302 Sok., No:1-7
Karesi / Balikesir, Turkiye
Telephone: +90 553 148 02 29
Email: aydinaygun209@gmail.com

The applicant contact details above transcribe the latest handwritten adoption.
No unconfirmed floor, apartment or postal code has been added.

Copy correspondence: Ramona.Claiborne@usdoj.gov (Victim-Witness Liaison).

This list identifies contacts in the supplied notice and correspondence.
It does not certify the complete current docket service list or completed service.
Any additional required notice or service remains subject to the Court's rules and the current case service list.