**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL VIRTUAL CURRENCY HELD IN THE BTC-e OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br><br>Defendants in rem. | Civil Action No. 1:25-cv-02085 (CJN)<br><br>Judge Carl J. Nichols |

**ANSWER OF CLAIMANT TIMOTHY RENZETTI TO VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Claimant Timothy Renzetti, proceeding pro se, whose Motion for Leave to File Late Claim (ECF 391) was granted by the Court's Order dated August 13, 2026 (ECF 392), answers the Verified Complaint for Forfeiture In Rem as follows:

## I. JURISDICTION AND VENUE

1. Claimant admits that the Court has jurisdiction over this action and that venue is proper.

## II. CLAIMANT'S INTEREST

2. Claimant admits that he maintained an account on the BTC-e exchange beginning in November 2013.

3. Claimant states that in November 2013 he wired $4,000.00 from his personal Bank of America account to BTC-e and purchased seven (7) Bitcoin and additional cryptocurrencies, which were held in his BTC-e account at the time of the government's seizure in July 2017.

RECEIVED
SEP 24 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. Claimant claims all cryptocurrency and other assets associated with his BTC-e account, and any proceeds thereof, as set forth in his Verified Claim.

## III. GENERAL DENIAL

5. Except as expressly admitted above, Claimant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of the Verified Complaint and therefore denies them. Claimant denies the First and Second Claims for Relief. Claimant specifically denies that his property was involved in, derived from, or used to facilitate any unlawful conduct, and denies that his property is subject to forfeiture.

## IV. AFFIRMATIVE DEFENSES

1. **Innocent Owner.** Claimant is an innocent owner under 18 U.S.C. § 983(d). He used BTC-e solely as an individual investor, purchased his assets with lawful personal funds, and had no knowledge of or involvement in any unlawful activity by BTC-e or its operators.

2. **Lack of Substantial Connection.** There is no substantial connection between Claimant's property and any offense alleged in the Complaint.

3. **Statute of Limitations.** This action, filed June 30, 2025, nearly eight years after the July 2017 seizure, is untimely in whole or in part under 19 U.S.C. § 1621 and any other applicable limitations period.

4. **Due Process.** Claimant received no notice of this action until he discovered it himself on June 8, 2026. The government's delay in bringing this action and its failure to provide Claimant timely notice violated his rights under the Due Process Clause of the Fifth Amendment.

5. **Failure to State a Claim.** The Complaint fails to state a claim for forfeiture as to Claimant's specific property.

6. **Reservation.** Claimant reserves the right to amend this Answer and assert additional defenses as information becomes available through discovery.

**V. JURY DEMAND**

Claimant demands a trial by jury on all issues so triable.

WHEREFORE, Claimant respectfully requests that the Court dismiss the Complaint as to his property, deny forfeiture of his property, order its return to him, and grant such other relief as the Court deems just.

Dated: September 24, 2026

Respectfully submitted,

Timothy Renzetti, pro se
112 Silverthorne Dr.
Huntsville, Alabama 35806
(256) 759-0161
tim@autovid.com

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2026, I served a copy of this Answer by email and U.S. Mail on counsel for the United States:

Joshua L. Sohn, Trial Attorney
Money Laundering, Narcotics and Forfeiture Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue NW
Washington, DC 20005
joshua.sohn@usdoj.gov

Timothy Renzetti