**EXHIBIT A**

"Successful login" email from BTC-e (no_reply@btc-e.com), dated June 12, 2017, for login "Coldfats" (recipient email address and IP address redacted)

RECEIVED
MAILROOM
NOV - 2 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

Outlook

## Successful login

From BTC-E <no_reply@btc-e.com>
Date Mon 6/12/2017 10:32 PM
To [redacted]

Successful authorization.

Login: Coldfats
IP: [redacted]
Date and time: 13.06.17 05:32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br><br>Defendants in rem. | Civil Action No. 1:25-cv-02085-CJN<br><br>Judge Carl J. Nichols<br><br>PRO SE CLAIMANT:<br>Marc Seah<br>marcseahzc@gmail.com<br>(residence address and telephone filed under seal, LCvR 5.1(c)(1)) |

**CLAIMANT MARC SEAH'S ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM AND DEMAND FOR JURY TRIAL**

Claimant Marc Seah, proceeding pro se, who has filed a Verified Claim in this action, answers the Verified Complaint for Forfeiture In Rem (ECF 1) under Supplemental Rule G(5)(b) as follows. The numbered responses below correspond to the numbered paragraphs of the Complaint.

## I. RESPONSES TO THE COMPLAINT

**Paragraphs 1 and 4.** These paragraphs state the government's characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Claimant denies that Claimant's property is subject to forfeiture.

**Paragraph 2.** Claimant admits that the Court has subject-matter jurisdiction over this action.

**Paragraph 3.** This paragraph states a legal conclusion to which no response is required. Claimant does not contest venue in this Court for purposes of this action.

**Paragraphs 5 through 9.** These paragraphs state legal conclusions and quote statutes, to which no response is required. To the extent a response is required, Claimant refers to the cited statutes and rules for their contents and denies any characterization inconsistent with them.

**Paragraph 10.** Admitted.

**Paragraph 11.** Claimant lacks knowledge or information sufficient to form a belief about the description, amounts, and location of the Defendant Properties and therefore denies the allegations of this paragraph, except that Claimant states that Defendant Property A and Defendant Property B include virtual currency and funds held for Claimant's BTC-e account, as set out in Claimant's Verified Claim.

**Paragraph 44.** Claimant admits that BTC-e served a large number of users, including customers in the United States, and states that Claimant was one of those ordinary users. Claimant lacks knowledge or information sufficient to form a belief about the remaining allegations of this paragraph and therefore denies them.

**Paragraphs 290 through 294.** Denied, and specifically denied as applied to Claimant and Claimant's property. Claimant specifically denies the allegation of Paragraph 292 that ordinary users' transactions in non-criminal funds "facilitated money laundering," and denies that Claimant's lawfully acquired property is "criminally tainted."

**Paragraphs 295 and 296.** Claimant states that Defendant Properties A and B include property held for Claimant's account. Claimant denies that Claimant's property is forfeitable and lacks knowledge or information sufficient to form a belief about the remaining allegations of these paragraphs, and therefore denies them.

**Paragraphs 12 through 43, 45 through 289, and 297 through 299.** These paragraphs concern the alleged conduct of BTC-e, its operators, and third parties, and property other than

Claimant's. Claimant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies them. Claimant specifically denies that Claimant knew of, participated in, or benefited from any unlawful conduct alleged in the Complaint.

**Paragraphs 300 through 303 (First and Second Claims for Relief).** Paragraphs 300 and 302 incorporate prior paragraphs, and Claimant incorporates the responses above. Claimant denies Paragraphs 301 and 303 as to Claimant's property.

**Prayer for Relief.** Claimant denies that the United States is entitled to the relief requested as to Claimant's property.

**General denial.** Except as expressly admitted above, Claimant denies every allegation of the Complaint, including any allegation in headings or footnotes.

## II. CLAIMANT'S INTEREST

Claimant was the holder of BTC-e account "Coldfats." To the best of Claimant's knowledge, the account held approximately 0.89221202 BTC, 122.6094658 LTC, and $46.42 USD when BTC-e was shut down on July 25, 2017, as set out in Claimant's Verified Claim, which claims all property associated with that account. That virtual currency and those funds were credited to and held for Claimant's account. Claimant has an ownership and possessory interest in that property and is an "owner" of it within the meaning of 18 U.S.C. § 983(d)(6)(A), not a general unsecured creditor of BTC-e.

## III. AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that the law places on the United States, Claimant asserts the following defenses:

1. **Innocent owner.** Claimant is an innocent owner under 18 U.S.C. § 983(d)(2)(A). Claimant used BTC-e solely to buy, sell, and hold cryptocurrency for personal investment, and did not know of the conduct giving rise to forfeiture. Claimant's interest may not be forfeited.

2. **No substantial connection; government's burden.** The United States cannot establish by a preponderance of the evidence that Claimant's property is subject to forfeiture, or that there is a substantial connection between Claimant's property and any offense alleged. 18 U.S.C. § 983(c). A user's account balance held on an exchange does not become forfeitable merely because the exchange's operators are alleged to have committed offenses.

3. **Failure to state a claim.** As to Claimant's property, the Complaint does not state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supp. R. G(2)(f).

4. **Statute of limitations.** This action, filed June 30, 2025, nearly eight years after the July 2017 seizure of BTC-e's servers and assets, is barred in whole or in part by the applicable statute of limitations, including 19 U.S.C. § 1621 as applied by 18 U.S.C. § 981(d).

5. **Due process: unreasonable delay.** The government's delay of nearly eight years between seizing the Defendant Properties and filing this action prejudiced Claimant, including through the loss of records and recollection, and violates the Due Process Clause of the Fifth Amendment. See *United States

   v. $8,850*, 461 U.S. 555 (1983).

6. **Excessive fines.** Forfeiture of the property of an innocent user who committed no offense would be grossly disproportionate and would violate the Excessive Fines Clause of the Eighth Amendment. 18 U.S.C. § 983(g).

7. **Reservation.** Claimant reserves the right to amend this Answer and to assert additional defenses as information becomes available, including through the production of the government's records of Claimant's account.

## IV. DEMAND FOR JURY TRIAL

Claimant demands a trial by jury on all issues so triable.

## V. PRAYER FOR RELIEF

Claimant respectfully requests that the Court:

1. dismiss the Complaint, or deny forfeiture, as to Claimant's property;
2. order the return of Claimant's property to Claimant in kind, including the virtual currency attributable to Claimant's account; or, if return in kind is not possible, enter judgment for its fair market value as of the date of judgment;
3. award Claimant costs and interest as permitted by 28 U.S.C. § 2465(b); and
4. grant such other relief as the Court deems just.

Dated: October 30, 2026

Respectfully submitted,

Marc Seah, Claimant, Pro Se
New York, New York
(residence address and telephone filed under seal,
LCvR 5.1(c)(1))
marcseahzc@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALL VIRTUAL CURRENCY HELD IN THE BTC-E OPERATING WALLETS AS OF JULY 25, 2017, AND OTHER ASSETS FURTHER DESCRIBED HEREIN,<br><br>Defendants in rem. | Civil Action No. 1:25-cv-02085-CJN<br><br>Judge Carl J. Nichols<br><br>PRO SE CLAIMANT:<br>Marc Seah<br>marcseahzc@gmail.com<br>(residence address and telephone filed under seal, LCvR 5.1(c)(1)) |

## CERTIFICATE OF SERVICE

I certify that on October 30, 2026, I served a copy of Claimant Marc Seah's Verified Claim (with Exhibit A), Answer to Verified Complaint and Demand for Jury Trial, and Notice of Full Residence Address and Telephone Number (filed under seal) on counsel for the United States by electronic mail and first-class U.S. mail, postage prepaid, addressed to:

Joshua L. Sohn, Trial Attorney
Money Laundering, Narcotics and Forfeiture Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue NW, Washington, DC 20005
joshua.sohn@usdoj.gov

Marc Seah, Claimant, Pro Se
marcseahzc@gmail.com